UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

| | |
|---|---|
| APRIL MILLER, KAREN ANN ROBERTS, SHANTEL BURKE, STEPHEN NAPIER, JODY FERNANDEZ, KEVIN HOLLOWAY, L. AARON SKAGGS, and BARRY W. SPARTMAN, <br><br> AND <br><br> ALL OTHERS SIMILARLY SITUATED, <br><br>                          Plaintiffs, <br><br> v. <br><br> KIM DAVIS, both individually and in her official capacity as Rowan County Clerk, and ROWAN COUNTY, KENTUCKY, <br><br>                          Defendants. | Case No. _____ <br><br> **Electronically Filed** <br><br><br> **PROPOSED CLASS ACTION** |

**COMPLAINT**

**Preliminary Statement**

1.      In this 42 U.S.C. § 1983 class action suit, Plaintiffs assert claims on their own behalves as well as on behalf of the putative class for the constitutional violations resulting from the Rowan County Clerk's policy of refusing to issue marriage licenses to applicants who are otherwise legally permitted to marry. Specifically, because Rowan County Clerk Kim Davis objects on religious grounds to the Supreme Court's decision recognizing that states cannot deny the privileges of marriage to same-sex couples, Defendant Davis has adopted a policy and/or practice of refusing to issue marry licenses to any couple, same-sex or different-sex, even though they are otherwise legally entitled to marry.

Plaintiffs are two same-sex couples and two different-sex couples who are in committed relationships. They assert individual and official capacity as-applied claims against Defendant Davis. They seek compensatory and punitive damages for Defendant Davis' refusal to issue them marriage licenses in violation of their rights under the Fourteenth Amendment's Due Process Clause, and they request preliminary and permanent injunctive relief compelling Defendant Davis to receive and process their applications and issue them marriage licenses. Plaintiffs also assert a claim pursuant to *Monell v. Dept. of Social Services,* 436 U.S. 658 (1978), against Defendant Rowan County, Kentucky for damages due the unconstitutional policy or practice adopted by Defendant Davis, a county official with final policymaking authority.

Plaintiffs also assert claims on behalf of the putative class of individuals who are qualified to marry and who intend to seek a marriage license from the Rowan County Clerk. The Class seeks a declaration that the challenged policy or practice of denying marriage licenses entirely violates the Fourteenth Amendment's Due Process Clause as well as the First Amendment's Establishment Clause. They seek preliminary and permanent injunctive relief barring Defendants' unconstitutional actions.

**Jurisdiction and Venue**

2.  The Court has jurisdiction over this case under 28 U.S.C. § 1331 and § 1343.

3.  Venue is proper pursuant to 28 U.S.C. § 1391(b), because all parties reside in Rowan County, Kentucky. Defendant Rowan County, Kentucky is a governmental entity organized under Kentucky law, and Defendant Kim Davis (in both her individual

and official capacities) resides in Rowan County. Also, a substantial part of the events or omissions giving rise to the claims occurred in the Eastern District of Kentucky.

**Parties**

4. Plaintiff April Miller, Ph.D., is an adult citizen of Kentucky residing in Rowan County, Kentucky.

5. Plaintiff Karen Ann Roberts is an adult citizen of Kentucky residing in Rowan County, Kentucky.

6. Plaintiff Shantel Burke is an adult citizen of Kentucky residing in Rowan County, Kentucky.

7. Plaintiff Stephen Napier is an adult citizen of Kentucky residing in Rowan County, Kentucky.

8. Plaintiff Jody Fernandez is an adult citizen of Kentucky residing in Rowan County, Kentucky.

9. Plaintiff Kevin Holloway is an adult citizen of Kentucky residing in Rowan County, Kentucky.

10. Plaintiff L. Aaron Skaggs is an adult citizen of Kentucky residing in Rowan County, Kentucky.

11. Plaintiff Barry W. Spartman is an adult citizen of Kentucky residing in Rowan County, Kentucky.

12. Defendant Kim Davis is the duly elected Rowan County Clerk who, in her official capacity, is responsible for receiving applications for, and the issuance of, marriage licenses. Defendant in her official capacity is located in Rowan County,

Kentucky. Defendant Davis, in her individual capacity, is an adult citizen of Kentucky residing in Rowan County, Kentucky.

13. Defendant Rowan County, Kentucky is a local governmental entity organized under Kentucky law.

## Factual Allegations

14. At all relevant times, Defendant Davis, both in her individual and official capacities, acted under color of state law.

15. On June 26, 2015, the U.S. Supreme Court issued its decision in *Obergefell, et al. v. Hodges, et al.*, 2015 U.S. LEXIS 4250 (U.S. June 26, 2015), declaring, among other things, that same-sex couples have a fundamental right to marry under the Fourteenth Amendment to the United States Constitution.

16. On Monday, June 29, 2015, Defendant Davis adopted an official policy of refusing to issue any marriage licenses. [Plaintiffs' Exhibit 1: J. CHEVES, *Several Kentucky county clerks defy same-sex marriage ruling, refuse to issue marriage licenses* ("Pl. Exh. 1"), at 2.] Defendant Davis declared that the policy was adopted because of "deep religious convictions" which would not "allow" her to issue same-sex marriage licenses. [Plaintiffs' Exhibit 2: ANDREW WOLFSON, *Gay marriage ruling defied by some Ky clerks* ("Pl. Exh. 2"), at 2.]

17. Plaintiffs April Miller and Karen Ann Roberts are loving partners in a committed same-sex relationship, and they are loving parents to a wonderful daughter. Plaintiffs Miller and Roberts have been in a committed relationship for eleven (11) years.

18. Following the Supreme Court's decision in *Obergefell*, Plaintiffs Miller and Robert decided to marry in order to formally solemnize their relationship and gain

access to the myriad benefits conferred by doing so. On June 30, 2015, Plaintiffs Miller and Roberts went to the Rowan County Clerk's office to apply for a marriage license. Because of Defendant Davis' policy of refusing to issue marriage licenses, Plaintiffs Miller and Roberts were not permitted to submit a marriage license application.

19. Plaintiffs Miller and Roberts wish to obtain a marriage license in Rowan County because that has been their home for nine years: they live, work, play, volunteer, vote, and pay taxes in Rowan County.

20. When Plaintiffs Miller and Roberts sought to apply for a marriage license in the Rowan County Clerk's office, they were both over the age of eighteen, unrelated by blood, not married to another person, and not otherwise disqualified from marrying one another under the law. Plaintiffs Miller and Robert intend to again request a marriage license from the Rowan County Clerk.

21. Plaintiffs Shantel Burke and Stephen Napier are loving partners in a committed different-sex relationship, and they are parents to a minor child. Plaintiffs Burke and Napier have been in a committed relationship for three years.

22. Plaintiffs Burke and Napier had been planning to marry during 2015. Following the *Obergefell* decision, however, they decided to accelerate their plans and seek a marriage license. On June 30, 2015, Plaintiff Burke went to the Rowan County Clerk's office to apply for a marriage license. Because of Defendant Davis' policy of refusing to issue marriage licenses, however, Plaintiffs Burke and Napier were not permitted to obtain a marriage license.

23. When Plaintiffs Burke and Napier sought to apply for a marriage license in the Rowan County Clerk's office, they were both over the age of eighteen, unrelated

by blood, not married to another person, and not otherwise disqualified from marrying under the law. Plaintiffs Burke and Napier intend to again request a marriage license from the Rowan County Clerk.

24. Plaintiffs Jody Fernandez and Kevin Holloway are loving partners in a committed different-sex relationship. Plaintiffs Burke and Napier have lived together in Rowan County since 2008.

25. Plaintiffs Fernandez and Holloway decided to marry after the Supreme Court's decision in *Obergefell*. On July 1, 2015, Plaintiffs Fernandez and Holloway went to the Rowan County Clerk's office to apply for a marriage license. Because of Defendant Davis' policy of refusing to issue marriage licenses, however, Plaintiffs Fernandez and Holloway were not permitted to submit a marriage license application or obtain a marriage license.

26. When Plaintiffs Fernandez and Holloway sought to apply for a marriage license in the Rowan County Clerk's office, they were both over the age of eighteen, unrelated by blood, not married to another person, and not otherwise disqualified from marrying one another under the law. Plaintiffs Fernandez and Holloway intend to again request a marriage license from the Rowan County Clerk.

27. Plaintiffs L. Aaron Skaggs and Barry W. Spartman are loving partners in a committed same-sex relationship. Plaintiffs Skaggs and Spartman have been in a committed relationship for twenty-one (21) years, during which time they have been residents of Rowan County.

28. Plaintiffs Skaggs and Spartman love Rowan County and feel that it is essential for them to obtain a marriage license in the county they have made their home.

29. Following the Supreme Court's decision in *Obergefell*, Plaintiffs Skaggs and Spartman decided to marry in order to formally solemnize their relationship. On June 30, 2015, Plaintiff Skaggs called the Rowan County Clerk's office to apply for a marriage license. Because of Defendant Davis' policy of refusing to issue marriage licenses, however, Plaintiffs Skaggs and Spartman were not permitted to submit a marriage license application. In fact, an employee of the Rowan County Clerk's office told Plaintiff Skaggs, "Don't bother coming down here." Further, Plaintiff Skaggs was advised by the Rowan County Clerk's office to seek a marriage license in another county because that office was not issuing *any* marriage licenses.

30. When Plaintiffs Skaggs and Spartman sought to apply for a marriage license with the Rowan County Clerk's office, they were both over the age of eighteen, unrelated by blood, not married to another person, and not otherwise disqualified from marrying one another under the law. Plaintiffs Skaggs and Spartman intend to again request a marriage license from the Rowan County Clerk.

31. Kentucky Revised Statute (KRS) 402.080 provides that "No marriage shall be solemnized without a license therefor."

32. On June 26, 2015, Governor Steve Beshear — the sole remaining Defendant in *Bourke, et al. v. Beshear,* the Kentucky marriage equality cases consolidated with *Obergefell* — sent a letter to all of Kentucky's County Clerks following the Supreme Court's decision in *Obergefell*. [Plaintiffs' Exhibit 3: Gov. Beshear Letter.] In that letter, Governor Beshear stated that "[e]ffective today, Kentucky will recognize as valid all same sex marriages performed in other states and in

Kentucky." [*Id.*] And he further instructed all "executive branch agencies ... to make operational changes that will be necessary to implement the Supreme Court decision."

33. In spite of this directive from the Chief Executive and the clear pronouncement of the United States Supreme Court, Defendant Davis and Rowan County persist in their deprivation of Fourteenth Amendment rights to residents of Rowan County, including those residents who could have obtained marriage licenses prior to the *Obergefell* decision.

34. Each and every Plaintiff is a resident of Rowan County, Kentucky. They live, work, vote, and pay taxes in Rowan County. Each and every Plaintiff also wishes to obtain a marriage license from their home county without having to suffer the indignity of securing a marriage license from another county due to Defendants' unlawful and unconstitutional policy.

35. Each and every Plaintiff has suffered a harm, in that they have been denied a marriage license in their county of residence, along with the associated liberty and property interests enjoyed by married couples, *not* because they did not qualify for a marriage license, but rather because of an unlawful and unconstitutional policy adopted for the primary purpose of promoting a particular religious belief with which they sincerely and adamantly object.

36. Defendants' policy of refusing to issue marriage licenses to all qualified applicants constitutes a substantial, direct and continuous infringement upon Plaintiffs' fundamental right to marry, and on the rights of current and future individuals who are similarly situated, because it precludes them from obtaining a marriage license in Rowan County even though they are otherwise eligible to marry. Moreover, the challenged

policy is not rationally related to any legitimate state interest, in that Defendant Davis adopted the policy primarily due to her religious objections to same-sex marriage as opposed to any actual state interest.

37. Plaintiffs are suffering and will continue to suffer irreparable harm to their individual dignity, autonomy and familial security, among other harms, because of Defendants' infringements upon their fundamental right to marriage for which there is no adequate remedy at law.

## CLASS ACTION ALLEGATIONS

38. The named Plaintiffs bring this action on behalf of themselves and the Plaintiff class pursuant to Fed. R. Civ. P. 23(a) and (b)(2). The class consists of all present and future individuals who, though legally eligible to marry in Kentucky, will be denied a marriage license pursuant to the Defendants' policy.

39. The size of the class is indefinite, in that it includes an indefinite number of future marriage license applicants who will seek a marriage license in Rowan County, Kentucky.

40. The named Plaintiffs will represent fairly and adequately the interests of the class defined above. Plaintiffs' attorneys are experienced civil rights counsel who have litigated federal class action cases, and whose collective experience includes successfully litigating marriage-related civil rights issues at all levels of the federal court system.

41. The Plaintiff class is only a party to the named Plaintiffs' claims for declaratory judgment and injunctive relief. All claims for damages against the County

Defendant and Defendant Davis, in her individual capacity, are made by the named Plaintiffs on their own behalf.

42. The case involves common questions of law and fact affecting the class, in that the Defendants' policy of refusing to issue marriage licenses has been applied, or will apply, to deny marriage licenses to all class members.

43. The named Plaintiffs' claims are typical of the class claims as a whole. The named Plaintiffs are Rowan County residents who are eligible to marry in Kentucky, and have been subjected to and affected by, and will continue to be subjected to and affected by, Defendants' policy of refusing to issue marriage licenses to all eligible applicants. The named Plaintiffs allege that they and other class members they seek to represent are and will be subject to unlawful violations of their fundamental right to marry and of the Establishment Clause of the First Amendment as a result of the policy or practice complained of in this action.

44. Plaintiffs' interest in obtaining injunctive relief for the violations of their constitutional rights and privileges are consistent with and not antagonistic to those of any other person within the class.

45. Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate preliminary and permanent injunctive relief and corresponding declaratory relief with respect to the class as a whole.

## CLAIMS FOR RELIEF
### (PLAINTIFFS ON THEIR OWN BEHALF)

### COUNT I
**Fourteenth Amendment — Marriage**
(*Davis in her individual and official capacities and Rowan County*)

46. Defendant Davis is the Rowan County official with final policymaking authority over the issuance of marriage licenses. Her actions challenged here were taken in both her individual and official capacities while acting under color of state law.

47. Defendant Davis exercised her final policymaking authority by adopting the challenged policy of refusing to issue any marriage licenses to individuals who are otherwise qualified to marry.

48. The challenged policy of refusing to issue Plaintiffs marriage licenses substantially burdens and directly infringes upon Plaintiffs' right to marry by barring them from securing a valid marriage license in Rowan County, Kentucky.

49. The official statement of purpose for adopting the challenged policy — Defendant Davis' "deep religious convictions" opposing same-sex marriage — is not a compelling, important, or legitimate governmental interest.

50. In her individual capacity, Defendant Davis violated Plaintiffs' rights to marry by refusing to issue marriage licenses to them pursuant to the challenged policy even though they were otherwise qualified to marry.

51. By adopting a policy to withhold issuing marriage licenses to all individuals otherwise eligible to marry, Defendant Davis, in her individual capacity, acted intentionally, willfully and in disregard of the clearly established rights of the named Plaintiffs, and with deliberate indifference to the clearly rights of the named Plaintiffs.

52. By adopting a policy to withhold issuing marriage licenses to all individuals otherwise eligible to marry, Defendant Davis acted maliciously, with callous

disregard for, or with reckless indifference to the clearly established rights of the named Plaintiffs.

53. Defendant Rowan County acted under color of state law when Defendant Davis, Rowan County's official with final policymaking authority over the issuance of marriage licenses, exercised that final policymaking authority to adopt a policy that resulted in the denial of marriage licenses to Plaintiffs even though they are otherwise qualified to marry.

54. As a result of Defendants' infringement, Plaintiffs have suffered and continue to suffer irreparable harms, including harms to their dignity and autonomy, family security, and access to the full spectrum of benefits conferred by the state upon others.

## CLAIMS FOR RELIEF
### (PLAINTIFFS ON BEHALF OF THE CLASS)

### COUNT II
### Fourteenth Amendment — Marriage
### (Davis in her official capacity)

55. The challenged policy constitutes a present and ongoing denial or burden upon the rights of Plaintiffs and Plaintiff Class to marry which subjects them to serious, immediate and ongoing harms warranting the issuance of declaratory and injunctive relief.

56. By denying Plaintiffs and Plaintiff Class access to legal marriage, the policy deprives them of numerous legal protections, dignity, and autonomy.

57. Plaintiffs have no adequate remedy at law to redress the wrongs alleged herein, which are of a continuing nature and will cause them irreparable harm.

58.     The challenged policy of refusing to issue marriage licenses substantially burdens and directly infringes upon the rights of Plaintiffs and the Plaintiff Class by barring them from securing a valid marriage license in Rowan County, Kentucky.

## COUNT III

### First Amendment — Establishment Clause
### (Davis in her official capacity)

59.     The First Amendment to the United States Constitution states, "Congress shall make no law respecting an establishment of religion . . ."

60.     This prohibition is extended to the states through the Fourteenth Amendment.

61.     The official statements of purpose given by Defendant Davis for adopting the challenged policy were her "deep religious convictions" opposing same-sex marriage and her religiously-motivated unwillingness to issue marriage licenses to same-sex couples.

62.     The primary or principal purpose for the adoption of Defendants' policy was to promote one particular religious viewpoint about marriage.

63.     An objective observer would conclude, based upon the available information regarding official statements of purpose, that the Defendants' policy was adopted primarily for religious reasons.

64.     By adopting a policy to withhold issuing marriage licenses to all individuals otherwise eligible to marry primarily for religious reasons, Davis acted intentionally, willfully and in disregard of the rights of the named Plaintiffs and the Plaintiff Class, and with deliberate indifference to their rights.

65. As a result of Defendants' infringement, Plaintiffs and Plaintiff Class have suffered and continue to suffer irreparable harms, including harms to their dignity and autonomy, family security, and access to the full spectrum of benefits conferred by the state upon others.

## REQUEST FOR RELIEF

**WHEREFORE**, the Plaintiffs request that this Court grant the following relief:

1) Certify this case as a class action under Fed. R. Civ. P. 23(a) and (b)(2);

2) Preliminarily and permanently enjoin Defendants from refusing to issue marriage licenses to applicants who are otherwise eligible to marry in Kentucky;

3) Issue a declaratory judgment finding that Defendants' policy is facially unconstitutional under the First and Fourteenth Amendments;

4) Judgment finding the Defendants violated Plaintiffs' rights under the United States Constitution;

5) Judgment for damages, including punitive damages, in an amount to be proven by the evidence against Defendant Davis for violating the named Plaintiffs' rights under the United States Constitution;

6) Costs, including reasonable attorneys' fees, under 42 U.S.C. § 1988;

7) A trial by jury on all issues so triable; and

8) Grant any additional relief to which Plaintiffs may be entitled.

Respectfully submitted,

/s William E. Sharp
William E. Sharp
Legal Director
ACLU OF KENTUCKY
315 Guthrie Street, Suite 300
Louisville, Kentucky 40202
(502) 581-9746
sharp@aclu-ky.org

- and -

Daniel J. Canon
Laura E. Landenwich
L. Joe Dunman
CLAY DANIEL WALTON ADAMS, PLC
462 South Fourth Street
Suite 101
Louisville, Kentucky 40202
(502) 561-2005
dan@justiceky.com
laura@justiceky.com
joe@justiceky.com
ACLU OF KENTUCKY Coop. Attorneys

*Attorney for Plaintiffs; on behalf of themselves and all others similarly situated*