**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**AT ASHLAND**
**CASE NO. 0:15-CV-00044-DLB**

**APRIL MILLER,** *et al.*                                                   **PLAINTIFFS**

**v.**

**ROWAN COUNTY, KENTUCKY,** *et al.*                                 **DEFENDANTS**

**ANSWER OF DEFENDANT, ROWAN COUNTY**

The Defendant, Rowan County, Kentucky ("the County"), by and through counsel, for its Answer to the Complaint, states as follows:

1. The preliminary statement in paragraph 1 of the Complaint does not allege any specific acts or omissions on the part of the County and accordingly, no response is required. Alternatively, the County admits that the preliminary statement accurately describes Plaintiffs' claims, but specifically denies any unlawful actions on the part of the County and that any acts or omissions of the County caused Plaintiffs any harm or injury.

2. The averments in paragraph 2 of the Complaint call for a conclusion of law which the County is not required to make and accordingly, no response is required.

3. The averments in paragraph 3 of the Complaint call for a conclusion of law which the County is not required to make and accordingly, no response is required.

4. The County denies the averments in paragraph 4 of the Complaint for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

5. The County denies the averments in paragraph 5 of the Complaint for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

6. The County denies the averments in paragraph 6 of the Complaint for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

7. The County denies the averments in paragraph 7 of the Complaint for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

8. The County denies the averments in paragraph 8 of the Complaint for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

9. The County denies the averments in paragraph 9 of the Complaint for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

10. The County denies the averments in paragraph 10 of the Complaint for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

11. The County denies the averments in paragraph 11 of the Complaint for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

12. The County admits the averments in paragraph 12 of the Complaint.

13. The County denies the averments in paragraph 13 of the Complaint.

14. The averments in paragraph 14 of the Complaint call for a conclusion of law which the County is not required to make and therefore, no response is required.

15. The County admits so much of paragraph 15 of the Complaint that avers that the Supreme Court decided *Obergefell, et al. v. Hodges, et al.*, 2015 U.S. LEXIS 4250 on June 26, 2015, affirmatively states that the Supreme Court's decision speaks for itself and requires no further response from the County, and denies all remaining averments therein.

16. The County admits so much of paragraph 16 of the Complaint that avers that the Defendant, Kim Davis, decided not to issue any marriage licenses after the Supreme Court's decision in *Obergefell, et al. v. Hodges, et al.*, but denies all remaining averments

therein for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

    17. The County denies the averments in paragraph 17 of the Complaint for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

    18. The County denies the averments in paragraph 18 of the Complaint for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

    19. The County denies the averments in paragraph 19 of the Complaint for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

    20. The County denies the averments in paragraph 20 of the Complaint for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

    21. The County denies the averments in paragraph 21 of the Complaint for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

    22. The County denies the averments in paragraph 22 of the Complaint for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

    23. The County denies the averments in paragraph 23 of the Complaint for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

    24. The County denies the averments in paragraph 24 of the Complaint for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

    25. The County denies the averments in paragraph 25 of the Complaint for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

    26. The County denies the averments in paragraph 26 of the Complaint for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

27. The County denies the averments in paragraph 27 of the Complaint for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

28. The County denies the averments in paragraph 28 of the Complaint for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

29. The County denies the averments in paragraph 29 of the Complaint for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

30. The County denies the averments in paragraph 30 of the Complaint for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

31. KRS 402.080, as referenced in paragraph 31 of the Complaint, speaks for itself and requires no further response from the County.

32. Upon information and belief, the County admits so much of paragraph 32 of the Complaint that avers that Governor Steve Beshear sent a letter to Kentucky's County Clerks on June 26, 2015, affirmatively states that the Governor's letter speaks for itself and requires no further response from the County, and denies all remaining averments therein.

33. The County denies the averments in paragraph 33 of the Complaint.

34. The County denies the averments in paragraph 34 of the Complaint for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

35. The County denies the averments in paragraph 35 of the Complaint.

36. The County denies the averments in paragraph 36 of the Complaint.

37. The County denies the averments in paragraph 37 of the Complaint.

38. The County denies the averments in paragraph 38 of the Complaint.

39. The County denies the averments in paragraph 39 of the Complaint.

40. The County denies the averments in paragraph 40 of the Complaint.

41. The County denies the averments in paragraph 41 of the Complaint.

42. The County denies the averments in paragraph 42 of the Complaint.

43. The County denies the averments in paragraph 43 of the Complaint.

44. The County denies the averments in paragraph 44 of the Complaint.

45. The County denies the averments in paragraph 45 of the Complaint.

46. The County admits so much of paragraph 46 of the Complaint that avers that the Defendant, Kim Davis, has the authority to issue marriage licenses, but denies all remaining averments therein.

47. The County admits so much of paragraph 47 of the Complaint that avers that the Defendant, Kim Davis, has refused to issue marriage licenses, but denies all remaining averments therein.

48. The County denies the averments in paragraph 48 of the Complaint.

49. The County denies the averments in paragraph 49 of the Complaint for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

50. The County denies the averments in paragraph 50 of the Complaint for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

51. The County denies the averments in paragraph 51 of the Complaint for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

52. The County denies the averments in paragraph 52 of the Complaint for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

53. The County denies the averments in paragraph 53 of the Complaint.

54. The County denies the averments in paragraph 54 of the Complaint.

55. The County denies the averments in paragraph 55 of the Complaint.

56. The County denies the averments in paragraph 56 of the Complaint.

57. The County denies the averments in paragraph 57 of the Complaint.

58. The County denies the averments in paragraph 58 of the Complaint.

59. The First Amendment of the United States Constitution, as referenced in paragraph 59 of the Complaint, speaks for itself and requires no further response by the County.

60. The averments in paragraph 60 of the Complaint call for a conclusion of law which the County is not required to make and accordingly, no response is required.

61. The County denies the averments in paragraph 61 of the Complaint for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

62. The County denies the averments in paragraph 62 of the Complaint.

63. The County denies the averments in paragraph 63 of the Complaint.

64. The County denies the averments in paragraph 64 of the Complaint.

65. The County denies the averments in paragraph 65 of the Complaint.

**FIRST DEFENSE**

1. The Complaint fails to allege facts against the County sufficient to state a claim upon which relief may be granted.

**SECOND DEFENSE**

2. With respect to the issuance of marriage licenses, the Defendant, Kim Davis, performs a state function and does not act on behalf of, or set policy for, the County.

**THIRD DEFENSE**

3. The County is immune from suit, from the claims asserted therein, and from the liability sought to be imposed by the Plaintiffs in their Complaint.

**FOURTH DEFENSE**

4. Any losses, injuries or damages claimed or alleged by the Plaintiffs in their Complaint were directly and proximately caused by the actions, conduct or failure to act of persons other than the County.

**FIFTH DEFENSE**

5. Alternatively, any losses, injuries or damages claimed or alleged by the Plaintiffs in their Complaint were sustained as a direct and proximate result of unforeseeable, superseding and/or intervening causes for which the County bears no liability nor responsibility.

**SIXTH DEFENSE**

6. Alternatively, Plaintiffs had a duty to mitigate their damages and have failed to do so.

**SEVENTH DEFENSE**

7. The actions of the County, in any dealings with the Plaintiffs, were, in all respects, reasonable, proper, justified, legal and undertaken without any wrongful intent, impact or effect.

**EIGHTH DEFENSE**

8. Any and all actions of the County related to the subject matter of the Complaint complied with all applicable and governing Kentucky and federal law, leaving Plaintiffs with no entitlement to any relief or remedy against the County.

**NINTH DEFENSE**

9. Plaintiffs have failed to join an indispensable party to this litigation in contravention of Federal Rule of Civil Procedure 19.

**TENTH DEFENSE**

10. To the extent Plaintiffs' Complaint asserts a claim for punitive damages against the County, any such claim is barred as a matter of law and alternatively, the imposition of punitive damages against the County would violate its constitutional rights under the due process clause of the Fifth and Fourteenth Amendments, and the excessive fines clause of the Eighth Amendment, to the United States Constitution and similar provisions in the Constitution of the Commonwealth of Kentucky.

**ELEVENTH DEFENSE**

11. The County asserts any and all affirmative defenses in Rule 8(c)(1) of the Federal Rules of Civil Procedure that are, or may hereafter be determined to be, applicable to this action.

**TWELFTH DEFENSE**

12. The class allegations in the Complaint fail to state a claim on which relief may be granted, and class certification is not proper in this case because, among other reasons, individual issues predominate over common issues, and the putative class action is not superior to other available methods for the fair and efficient adjudication of the controversy; therefore, class certification should be denied.

**THIRTEENTH DEFENSE**

13. Plaintiffs' claims may not properly be brought as a class action because Plaintiffs' claims are not typical of those of the putative class.

**FOURTEENTH DEFENSE**

14. Plaintiffs' claims may not properly be brought as a class action because Plaintiffs are not an adequate representation of a putative class.

WHEREFORE, having fully answered, the Defendant, Rowan County, Kentucky, demands that the Complaint be dismissed with prejudice at the costs of the Plaintiffs, for an award of attorney fees incurred in defending this action, for trial by jury, and for any and all other relief to which it may appear to be entitled.

Respectfully submitted,

*/s/ Jeffrey C. Mando*
Jeffrey C. Mando, Esq. (#43548)
Claire E. Parsons, Esq. (#92934)
ADAMS, STEPNER,
WOLTERMANN & DUSING, PLLC
40 West Pike Street
Covington, KY 41011
859.394.6200
859.392.7263 – Fax
jmando@aswdlaw.com
cparsons@aswdlaw.com

*/s/ Cecil Watkins (per authorization)*
Cecil Watkins, Esq.
600 West Main Street
Morehead, KY 40351
606.784.4640
cwatkins@prosecutors.ky.gov

*Attorneys for Defendant, Rowan County, Kentucky*

**CERTIFICATE OF SERVICE**

This is to certify that on the **29th** day of July, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to: Daniel J. Canon, Esq.; Jonathan D. Christman, Esq.; Anthony C. Donahue, Esq.; L. Joe Dunman, Esq.; Roger K. Gannam, Esq.; Laura E. Landenwich, Esq.; and, William E. Sharp, Esq.

*/s/ Jeffrey C. Mando*
Jeffrey C. Mando, Esq.

1296912.1
21H042-75141

9