UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

APRIL MILLER, KAREN ANN ROBERTS,
SHANTEL BURKE, STEPHEN NAPIER,
JODY FERNANDEZ, KEVIN
HOLLOWAY, L. AARON SKAGGS, and
BARRY W. SPARTMAN,

AND

ALL OTHERS SIMILARLY SITUATED,

                          Plaintiffs,

v.

KIM DAVIS, both individually and in her
official capacity as Rowan County Clerk, and
ROWAN COUNTY, KENTUCKY,

                          Defendants.

Case No. 0:15cv00044-DLB

**Electronically filed**

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CLASS
CERTIFICATION PURSUANT TO FED. R. CIV. P. 23**

**INTRODUCTION**

This is an action under 42 U.S.C. § 1983 challenging the unlawful municipal
policy adopted by Defendant Kim Davis, Rowan County Clerk, refusing to issue
marriage licenses to individuals otherwise lawfully eligible to marry. The Named
Plaintiffs – a group that includes both same-sex and opposite-sex couples who were
denied marriage licenses by Davis and her agents – allege that the challenged policy
violates the Due Process Clause of the Fourteenth Amendment as well as the First
Amendment's Establishment Clause, in that the policy is a direct and substantial burden

upon individuals' fundamental right to marry and was adopted for the primary or principal purpose of promoting religious belief.

The proposed class includes "all present and future individuals who, though legally eligible to marry in Kentucky, will be denied a marriage license pursuant to the Defendants' policy." [Compl., ¶ 38.] The Plaintiffs seek the following class-wide relief: (1) a declaration that the County Clerk's announced policy of refusing to issue marriage licenses violates federal law and is facially invalid; and (2) injunctive relief to bar Defendant Davis, in her official capacity, from refusing to issue marriage licenses to applicants who are otherwise eligible to marry in Kentucky.[1]  [*Id.* at ¶ 41.]

The issue before the court on a motion for class certification is "whether plaintiff is asserting a claim, which, assuming its merit, will satisfy the requirements of Rule 23." *Little Ceasar Enter., Inc. v. Smith*, 172 F.R.D. 236, 241 (E.D. Mich. 1997) (citation omitted).  In reviewing requests for class certification, the district court does not evaluate the merits of the plaintiffs' claims, *Beattie v. CenturyTel, Inc.*, 511 F.3d 554, 560 (6th Cir. 2007) (citing *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974); *Daffin v. Ford Motor Co.*, 458 F.3d 549, 553 (6th Cir. 2006)), but must conduct a "rigorous analysis [to confirm] that the prerequisites of Rule 23(a) have been satisfied."  *Bacon v. Honda of America Manufacturing, Inc.*, 370 F.3d 565, 570-71 (6th Cir. 2004) (quoting *Gen. Tel. Co. v. Falcon*, 457 U.S. 147 (1982)).

---

[1]     The Plaintiffs also seek: "expenses, costs and reasonable attorneys' fees" and "other equitable and monetary relief as the Court deems just and proper" that would be applicable to the class. [Compl., at 14.] Plaintiffs' claims for damages (compensatory against the County and comepensatory and punitive against Kim Davis, in her individual capacity, are not class-claims. [*Id.*]

2

## ARGUMENT

**I.     THE CLASS OF POTENTIAL PLAINTIFFS IS SO NUMEROUS THAT JOINDER OF ALL MEMBERS IS IMPRACTICABLE.**

Federal Rule of Civil Procedure 23(a)'s first requirement is that the putative class be "so numerous that joinder of all members is impracticable."  Fed .R. Civ. P. 23(a)(1). "There is no strict numerical test for determining impracticability of joinder."  *In re American Med. Sys., Inc.*, 75 F.3d 1069, 1079 (6th Cir. 1996) (citing *Senter v. Gen. Motors Corp.*, 532 F.2d 511, 523 n.24 (6th Cir. 1976)).  Rather, "[t]he numerosity requirement requires examination of the specific facts of each case and imposes no absolute limitations."  *Gen. Tel. Co. of the Northwest, Inc. v. EEOC*, 446 U.S. 318, 330 (1980).  However, the "sheer number of potential litigants in a class, especially if it is more than several hundred, can be the only factor needed to satisfy Rule 23(a)(1)." *Bacon*, 370 F.3d at 570 (citing 1 Herbert B. Newberg & Alba Conte, *Newberg on Class Actions*, § 3:5, at 243-45 (4th ed. 2002)).

Here, the potential class members include "all present and future individuals who, though legally eligible to marry in Kentucky, will be denied a marriage license pursuant to the Defendants' policy."  [Compl. ¶ 38.] Despite being legally responsible for the issuance of marriage licenses in Rowan County, Defendant Davis' policy completely forecloses any couple, same-sex or opposite-sex, from obtaining a marriage license which, of course, is a prerequisite to marrying. KRS 402.080. There can be no dispute, therefore, that the Named Plaintiffs as well as the class members will be "subjected to and affected by" the challenged policy in at least one or more of the following ways: (1) all couples who wish to apply or which have applied since the institution of this policy, whether same-sex or opposite-sex, will be denied the right to seek and receive a marriage

license in Rowan County; (2) all couples who wish to apply or which have applied since the institution of this policy, whether same-sex or opposite-sex, will be injured by the retaliatory decision to cease issuing marriage licenses that serves no legitimate state interest but was adopted, instead, exclusively to promote the County Clerk's personal religious beliefs in violation of federal law. Thus, the Defendants' policy to cease issuing marriage licenses affects *all* current and future marriage license applicants who are otherwise eligible to marry and who intend to seek a marriage license from the Rowan County Clerk.

Rule 23(a)(1)'s numerosity requirement is also satisfied with respect to those future applicants who will be affected by the challenged policy. *See Bethesda Lutheran Homes and Services, Inc. v. Leean*, 165 F.R.D. 87, 88-89 (W.D. Wis. 1996) ("While potential future members of a class may be considered in the numerosity analysis, this is only true to the extent that the Court can reasonably approximate their number") (citing *Valentino v. Howlett*, 528 F.2d 975, 978-79 (7th Cir. 1976); *Dudo v. Schaffer*, 82 F.R.D. 695, 699 (E.D. Pa. 1979)). Here, the Court can reasonably approximate the number of individuals that will be affected by the challenged policy, in that the Rowan County Clerk's office, in recent years, issued approximately two hundred marriage licenses annually. In 2014, for example, Defendant Davis testified that the Rowan County Clerk's Office issued two hundred and twelve (212) marriage licenses. [RE #29-2: July 20 Hrg. Tr., 26-27.] And, in the first half of 2015, her office issued ninety-nine (99) marriage licenses prior to the adoption of the challenged policy on June 27th. [*Id.*] Of course, following the Supreme Court decision in *Obergefell v. Hodges*, the total number of expected marriages per year is likely to increase as same-sex couples begin to exercise

this right. Thus, based largely on available numbers regarding issue of opposite-sex marriage licenses, each year that the Rowan County Clerk continues to implement the new marriage license policy *at least* two hundred (200) couples, or four hundred (400) individuals, will be affected.

The named Plaintiffs have sufficiently identified the future class members with quantifiable data rather than mere speculation and established the linkage between the future class members and the constitutional harm at issue in this case.  *See Golden v. City of Columbus*, 404 F.3d 950, 966 (6th Cir. 2005) (Plaintiff's "bare speculation" regarding class numerosity is insufficient, plaintiff must offer information linking the putative class members to the "gravamen" of the plaintiff's claim for liability).  Because the present and future class members' size renders joinder impracticable, Rule 23(a)(1)'s numerosity requirement is satisfied.

## II.   THERE ARE QUESTIONS OF LAW AND FACT COMMON TO THE CLASS.

Fed. R. Civ. P. 23(a)(2) requires that the class have common "questions of law or fact."  Despite Rule 23(a)(2)'s reference to common questions of law or fact "in the plural, there need only be one question common to the class – though that question must be a 'common issue the resolution of which will advance the litigation.'"  *Alkire v. Irving*, 330 F.3d 802 , 820 (6th Cir. 2003) (quoting *Sprague v. Gen. Motors Corp.*, 133 F.3d 388, 397 (6th Cir. 1998)); *Powers v. Hamilton County Public Defender Com'n*, 501 F.3d 592, 619 (6th Cir. 2007) ("The commonality requirement is satisfied if there is a single factual or legal question common to the entire class").  "A common nucleus of operative fact is usually enough to satisfy the commonality requirement of Rule 23(a)(2)."  *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998).  Factual variations in the claims of individual

class members will not preclude a finding of commonality. *Patterson v. General Motors Corp.*, 631 F.2d 476, 481 (7th Cir. 1980).

Here, there are common questions of law and fact that apply to the entire class because the Rowan County Clerk has applied, or will apply, the policy to all class members. Specifically, the past implementation of the policy to suspend the issuance of all marriage licenses, combined with Defendant Davis' stated commitment to the policy going forward, involve common factual issues regarding the Defendant's knowledge of, and compliance with, clearly established federal and state law. And common factual questions also involve Davis' adoption of, and purposes for, adopting the challenged policy and identification of the governmental interests, if any, purportedly served by the policy.

Moreover, common questions of law apply equally to the entire class. Specifically, these legal questions include, though are not limited to: (1) whether suspending the issuance of *all* marriage licenses impermissibly burdens members' fundamental right to marry under the Fourteenth Amendment; and (2) whether the policy, adopted primarily because of Defendant Davis' religious opposition to same-sex marriages, violates the Establishment Clause of the First Amendment. Thus, Rule 23(a)(2)'s "commonality" requirement is likewise satisfied.

## III.   THE CLAIMS OF THE REPRESENTATIVE PLAINTIFFS ARE TYPICAL OF THE CLAIMS OF THE CLASS.

Fed. R. Civ. P. 23(a)'s third prerequisite for class certification is that "the claims or defenses of the representative parties [be] typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "To satisfy the typicality requirement, the representative plaintiff's interests must be aligned with those of the class." *Powers v. Hamilton County*

*Public Defender Com'n*, 501 F.3d 592, 618 (6th Cir. 2007) (citing *Sprague v. GMC*, 133 F.3d 388, 399 (6th Cir. 1998) (en banc) (citation omitted)).  Moreover, "a plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory."  *In re Am. Med. Sys.*, 75 F.3d 1069, 1082 (6th Cir. 1996).

> The commonality and typicality requirements of Rule 23(a) tend to merge. Both serve as guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence.  Those requirements therefore also tend to merge with the adequacy-of-representation requirement, although the latter requirement also raises concerns about the competency of class counsel and conflict of interest.

*Rutherford v. City of Cleveland*, 137 F.3d 905, 909 (6th Cir. 1998) (quoting *General Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 157 n.3 (1982)).

Here, the named Plaintiffs' claims are typical of the class claims because they arise as a result of the Rowan County Clerk's policy suspending the issuance of all marriage licenses.  The same event, practice, or course of conduct thus gives rise to both the Plaintiffs' claims and the claims of all the other class members, and the claims of the named Plaintiffs and the class are based on the same legal theory.  Like all members of the proposed class, the named Plaintiffs are and will be affected by the Rowan County Clerk's marriage license policy.

First and most importantly, all of the named Plaintiffs, like each of the putative class members, will encounter a substantial burden to the exercise of their fundamental right to marry. In other words, all those who wish to obtain a marriage license cannot go to the Rowan County Clerk *even if* they reside in (and pay taxes to) Rowan County.

While Defendant Davis adopted this policy because of her religious opposition to same-sex marriage, all couples, both same-sex and opposite-sex, will experience this burden to their fundamental right even though they are otherwise legally entitled to marry. This burden lies at the core of this case. Similarly, the Establishment Clause bars government from taking official action for the primary or predominant purpose to advance religion. Here, the evidence of official purpose animating the challenged policy makes clear that not only is the predominant purpose for the policy to impose Defendant Davis' particular religious views on those wishing to marry, but that it is the *only* reason for the policy's adoption. Nor could there be any legitimate governmental interest in denying marriage licenses to everyone who is otherwise lawfully entitled to marry.

But even if not all class members would object to Davis' religiously-motivated reason for the challenged policy, they would nonetheless be harmed because they, too, would be unable to obtain a marriage license in Rowan County as result. Thus, class certification is still appropriate because in civil rights actions like this one, the class action analysis depends on the facts giving rise to the claims and the commonality of the legal claims themselves, not the nature of as-yet undetermined future relief or the subjective preferences of the class members.  Federal Rule of Civil Procedure 23 asks a court to determine whether "questions of law or fact" are common to the class, and whether "claims or defenses" are shared.  Fed. R. Civ. P. 23 (a)(2)-(3).  These questions pertain to the factual and legal allegations in the complaint, not the opinions of the class. *See Reese v. Miami-Dade County*, 209 F.R.D. 231, 233 (S.D.Fla. 2002) (class actions are "not forbidden in every case in which class members disagree") (citing *Horton v. Goose Creek Indep. Sch. Dist.,* 690 F.2d 470, 486 (5th Cir.1982)).

Given the typicality of the Plaintiffs' claims, it is evident that their interests are aligned with those of the class. *See Powers*, 501 F.3d at 618.

## IV.  THE REPRESENTATIVE PARTIES WILL FAIRLY AND ADEQUATELY PROTECT THE INTERESTS OF THE CLASS.

The final prerequisite under Rule 23(a) is that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).  "Class representatives are adequate when it appear[s] that [they] will vigorously prosecute the interests of the class through qualified counsel, which usually will be the case if the representatives are part of the class and possess the same interest and suffer the same injury as the class members." *Int'l Union, United Auto., Aerospace, & Agric. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 626 (6th Cir. 2007) (internal quotations and citations omitted).  This requirement "serves to uncover conflicts of interest between named parties and the class they seek to represent." *Beattie v. CenturyTel, Inc.*, 511 F.3d 554, 562 (6th Cir. 2007).

Here, Plaintiffs' attorneys include experienced civil rights litigators who have litigated federal class actions and cases involving the rights of same-sex couples to marry. Counsel are associated with, or employed by, the American Civil Liberties Union of Kentucky, an organization dedicated to the protection and advancement of individual civil rights and civil liberties through advocacy, education, and litigation. The organization is committed to providing the necessary resources to vigorously prosecute this action because of the constitutional harms inflicted upon the Plaintiffs and Plaintiff Class, and because of the significance of the civil liberties issues that are implicated by this case.  Also, the Plaintiffs all live and wish to obtain a marriage license in Rowan County and be married, thus they will be subjected to the Rowan County Clerk's new

9

marriage license policy again and will suffer similar harms.  As such, they are class members who share a common interest with all other class members in being free from unnecessary barriers on exercising their fundamental right of marriage and the non-establishment of religion. Because the named Plaintiffs: (1) are members of the putative class; (2) possess the same interests as the remaining class members; (3) have or will suffer the same injuries as the class members; and (4) are represented by qualified counsel, Rule 23(a)(4) is satisfied.

## V.   THE REQUIREMENTS OF FED. R. CIV. P. 23(b)(2) ARE SATISFIED FOR THE PROPOSED CLASS.

The final requirement for class certification is the satisfaction of at least one subsection under Rule 23(b). Here, Plaintiffs request class certification under Fed. R. Civ. P. 23(b)(2). That subsection requires that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."  Rule 23(b)(2) "was intended primarily to facilitate civil rights class actions, where the class representatives typically sought broad injunctive or declaratory relief against discriminatory practices."  *Penson v. Terminal Transport Co., Inc.*, 634 F.2d 989, 993 (5th Cir. 1981) (citations omitted).

The Plaintiffs allege that the Rowan County Clerk has engaged in, and will continue to engage in, dereliction of public duty that unconstitutionally and unlawfully harms and prevents people from exercising their fundamental right to marry. By creating a policy of suspending the issuance of all marriage licenses, the Rowan County Clerk has acted on grounds that apply generally to the class in a way that, Plaintiffs allege, violates the Due Process Clause of the Fourteenth Amendment as well as the First Amendment's

Establishment Clause. The Rowan County Clerk's actions in adopting and implementing the challenged policy are generally applicable to the entire class and make declaratory and final injunctive relief appropriate. *See DL v. District of Columbia*, 237 F.R.D. 319, 324 (D.D.C. 2006) (holding in a suit under the Individuals with Disabilities and Education Act, "[p]laintiffs' allegations that [District of Columbia Public Schools] maintain a continuing practice of failing to fulfill their Child Find duty [under the Act] is sufficient to satisfy the Rule 23(b)(2) requirement").

## CONCLUSION

For the reasons set forth above, the Plaintiffs' Motion for Class Certification should be granted, and Plaintiffs' counsel should be appointed to represent the certified class pursuant to Fed. R. Civ. P. 23(g).

Respectfully submitted,

s/ William E. Sharp
William E. Sharp
Legal Director
ACLU OF KENTUCKY
315 Guthrie Street, Suite 300
Louisville, KY 40202
(502) 581-9746
sharp@aclu-ky.org

Dan Canon
Laura E. Landenwich
Clay Daniel Walton & Adams PLC
462 South Fourth Street
Suite 101
Louisville, KY 40202
(502) 561-2005
dan@justiceky.com
laura@justiceky.com
ACLU OF KENTUCKY Cooperating Attorneys

*Counsel for Plaintiffs*

11