# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF KENTUCKY
### ASHLAND DIVISION

| | | |
|---|---|---|
| **APRIL MILLER, ET AL.,** | : | |
| | : | |
| **Plaintiffs,** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **0:15-CV-00044-DLB** |
| | : | |
| **KIM DAVIS, ET AL.,** | : | **DISTRICT JUDGE** |
| | : | **DAVID L. BUNNING** |
| **Defendants.** | : | |
| | : | |
| **KIM DAVIS,** | : | |
| | : | |
| **Third-Party Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **STEVEN L. BESHEAR, in his official** | : | |
| **capacity as Governor of Kentucky, and** | : | |
| **WAYNE ONKST, in his official capacity** | : | |
| **as State Librarian and Commissioner,** | : | |
| **Kentucky Department for Libraries and** | : | |
| **Archives,** | : | |
| | : | |
| **Third-Party Defendants.** | : | |
| | : | |

---

## DEFENDANT/THIRD-PARTY PLAINTIFF KIM DAVIS' MEMORANDUM OF LAW IN SUPPORT OF HER MOTION TO STAY THE AUGUST 12, 2015 INJUNCTION ORDER PENDING APPEAL

---

Roger K. Gannam
Jonathan D. Christman
LIBERTY COUNSEL
P.O. Box 540774
Orlando, Florida 32854
Tel: (800) 671-1776
Fax: (407) 875-0770
rgannam@lc.org
jchristman@lc.org

A.C. Donahue
DONAHUE LAW GROUP, P.S.C.
P.O. Box 659
Somerset, Kentucky 42502
Tel: (606) 677-2741
Fax: (606) 678-2977
ACDonahue@DonahueLawGroup.com

*Attorneys for Defendant/Third-Party Plaintiff Kim Davis*

## <u>TABLE OF CONTENTS</u>

TABLE OF CONTENTS ........................................................................................................ i

TABLE OF AUTHORITIES ................................................................................................. ii

INTRODUCTION ................................................................................................................ 1

RELEVANT BACKGROUND ............................................................................................. 3

    A.  Intertwined Motions For Preliminary Injunctive Relief Pending Before This Court At The
        Time Of Its August 12, 2015 Order ..................................................................... 3

        1.  Plaintiffs' Motion for Preliminary Injunction To Force Davis To Violate Her
            Conscience ....................................................................................... 3

        2.  Davis' Motion for Preliminary Injunction To Obtain Exemption From Governor
            Beshear's SSM Mandate .................................................................... 4

    B.  This Court's August 12, 2015 Memorandum Opinion And Order ..................................... 5

    C.  Davis' Appeal To The Sixth Circuit ..................................................................... 7

STANDARD OF REVIEW ................................................................................................... 7

ARGUMENT ....................................................................................................................... 9

    A.  Davis Has A Sufficient Likelihood Of Success On The Merits Of Her Sixth Circuit
        Appeal To Warrant A Stay .................................................................................. 9

    B.  Davis Is More Harmed Than Plaintiffs Without A Stay Pending Appeal ...................... 11

    C.  Public Interest Favors Granting A Stay .............................................................. 14

    D.  Alternatively, This Court Should Grant A Temporary Stay To Allow Davis Time To Seek
        Similar Relief From The Sixth Circuit ................................................................ 15

CONCLUSION .................................................................................................................... 16

# TABLE OF AUTHORITIES

## Cases

*Appalachian Regional Healthcare, Inc. v. Kentucky Nurses Ass'n*,
    No. 06-150, 2007 WL 38344 (E.D. Ky. Jan. 5, 2007) ............................................................8

*Baker v. Adams County*,
    310 F.3d 927 (6th Cir. 2002) ................................................................8, 10, 12, 15

*Bourke v. Beshear*,
    996 F. Supp. 2d 542 (W.D. Ky. Mar. 19, 2014) ...............................................9, 12

*Brake Parts, Inc. v. Lewis*,
    Nos. 09-132, 10-212, 2011 WL 93036 (E.D. Ky. Jan. 11, 2011) ...........................................8

*Connection Distributing Co. v. Reno*,
    154 F.3d 281 (6th Cir. 1998) ....................................................................12

*Dayton Area Visually Impaired Persons, Inc. v. Fisher*,
    70 F.3d 1474 (6th Cir. 1995) ....................................................................14

*Elrod v. Burns*,
    427 U.S. 347 (1976)................................................................................12

*Eubanks v. Wilkinson*,
    No. 82-360, 1988 WL 167265 (E.D. Ky. Dec. 8, 1988)........................................15

*G&V Lounge, Inc. v. Mich. Liquor Control Comm'n*,
    23 F.3d 1071 (6th Cir. 1994) ....................................................................14

*Grutter v. Bollinger*,
    247 F.3d 631 (6th Cir. 2001) ....................................................................9

*In re: HNRC Distribution Co.*,
    371 B.R. 210, 238 (E.D. Ky. 2007) ............................................................8

*McClendon v. City of Albuquerque*,
    79 F.3d 1014 (10th Cir. 1996) ..................................................................8

*Mich. Coal. Radioactive Material Users, Inc. v. Griepentrog*,
    945 F.2d 150 (6th Cir. 1991) .......................................................... *passim*

*Newsom v. Norris*,
    888 F.2d 371 (6th Cir. 1989) ....................................................................12

ii

*Newton v. Consolidate Gas Co.*,
258 U.S. 165 (1992)..................................................................................8

*Obergefell v. Hodges*,
135 S. Ct. 2584 (2015)...................................................................... *passim*

*River Fields, Inc. v. Peters*,
No. 08-264, 2009 WL 2406250 (W.D. Ky. Aug. 3, 2009)...................................15

*Russell v. Lundergan-Grimes*,
769 F.3d 919 (6th Cir. 2014) ...................................................................8

*Serv. Employees Int'l Union Local 1 v. Husted*,
698 F.3d 341 (6th Cir. 2012) ...................................................................8

*Simon Prop. Group, Inc. v. Taubman Ctrs., Inc.*,
262 F. Supp. 2d 794 (E.D. Mich. 2003)........................................................10

*Southern Milk Sales, Inc. v. Martin*,
924 F.2d 98 (6th Cir. 1991) ...................................................................14

*St. Agnes Hosp. v. Riddick*,
751 F. Supp. 75 (D. Md. 1990)...................................................................8

*State of Ohio v. Nuclear Regulatory Comm'n*,
812 F.2d 288 (6th Cir. 1987) ...................................................................10

*United States v. Coffman*,
No. 09-181, 2010 WL 4683761 (E.D. Ky. Nov. 12, 2010) ...............................8, 10

*United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Ind. & Serv. Workers Int'l Union
v. Am. Standard Corp*, No. 09-144, 2011 WL 4443121 (E.D. Ky. Sept. 22, 2011) ...........8, 11

*University of Texas v. Camenisch*,
451 U.S. 390 (1981)..............................................................................14

## Constitutional Provisions

U.S. CONST., amend. I..........................................................................2, 12, 14

## Statutes

### *State*

KY. REV. STAT. § 446.350 .........................................................................6

## *Federal*

28 U.S.C. § 1292(a) ................................................................................................................7

## **Rules**

Fed. R. App. P. 8...................................................................................................................15

Fed. R. Civ. P. 62(c) .............................................................................................................7

Defendant/Third-Party Plaintiff Kim Davis ("Davis"), by and through her undersigned counsel, respectfully submits this Memorandum of Law in Support of her Motion to Stay The August 12, 2015 Injunction Order Pending Appeal.

## I.    <u>INTRODUCTION</u>

Late yesterday, this Court entered an order enjoining Davis to personally authorize same-sex "marriage" ("SSM") licenses to the same-sex couples named in this lawsuit when those couples re-apply, as they said they would, for a license from her. However, a SSM license issued on her authorization and bearing her name and imprimatur, substantially (and irreparably) burdens her conscience and religious freedom because it represents endorsement of, and participation in, a proposed union that is not marriage according to her sincere and deeply-held religious convictions. That searing act of validation would forever echo in her conscience—and, if it happened, there is no absolution or correction that any earthly court can provide to rectify it. If she is forced to authorize and approve a SSM license, no one (and no court) can unring that bell. Therefore, to protect her fundamental, inalienable, and inviolate religious liberties from such coercion, she has filed an immediate appeal of this Court's injunction order to the United States Court of Appeals for the Sixth Circuit.

Before this Court entered its August 12, 2015 injunction order, Davis' religious conscience was protected, and Plaintiffs were able to obtain Kentucky marriage licenses from more than 130 marriage licensing locations spread across Kentucky. No marriage licenses were being authorized by Davis pending her individualized requests for exemption and accommodation, but marriage licenses were being authorized in all of the counties surrounding Rowan County, Kentucky, as well as both counties in which Court hearings were previously held in this matter (and attended by Plaintiffs). Yet the Court's August 12, 2015 Memorandum Opinion and Order has significantly

changed the existing status quo between the parties, and before having fully considered Davis' own pending Motion for Preliminary Injunction. Although Davis disagrees with this Court's conclusions in its August 12, 2015 Order, a stay of the injunction entered in that Order will stymie the irreversible and condemning implications of that injunction on her conscience for the time being, while an appeal is taken.

This case is a matter of first impression following the nascent *Obergefell v. Hodges*, 135 S. Ct. 2584 (2015) decision from the United States Supreme Court, which, setting aside the majority opinion's redefinition of marriage, nonetheless unanimously held that First Amendment protections remain despite same-sex "marriage." Inasmuch as Davis disagrees with this Court's August 12, 2015 Memorandum Opinion and Order (which will be fully addressed in her appellate filings), this Court nonetheless stated therein that "this civil action presents a conflict between two individual liberties held sacrosanct in American jurisprudence," thereby acknowledging that Davis' religious rights are, in fact, being both "threaten[ed]" and "infringe[d]" by Plaintiffs' demands for her approval of their proposed unions and Governor Beshear's SSM mandate to provide exactly that or resign. But, for Davis, unlike her counterparts in this dispute, her individual liberties are enumerated (not emanations) and they are natural liberties tied to religious beliefs that are measured in millennia (not weeks). In light of the foregoing, this Court should stay any enforcement of the August 12, 2015 injunction order against Davis pending the outcome of her already-filed appeal to the Sixth Circuit.

## II.   RELEVANT BACKGROUND

### A.   Intertwined Motions For Preliminary Injunctive Relief Pending Before This Court At The Time Of Its August 12, 2015 Order.

#### 1.   Plaintiffs' Motion For Preliminary Injunction To Force Davis To Violate Her Conscience.

Plaintiffs' Complaint in this action was filed on July 2, 2015. *See* D.E. 1. This Complaint named Davis and Rowan County, Kentucky as defendants in the lawsuit.[1] In their Complaint, Plaintiffs also alleged claims on behalf of a proposed class of individuals.[2]

On the same day the Complaint was filed, Plaintiffs also filed a Motion for Preliminary Injunction seeking injunctive relief on behalf of the named Plaintiffs. *See* D.E. 2. Plaintiffs sought injunctive relief against Davis that prohibited her from "refusing to issue marriage licenses to any future marriage license applications submitted by the Named Plaintiffs." *See* D.E. 2.2. Evidentiary hearings on Plaintiffs' Motion for Preliminary Injunction were held before this Court on July 13, 2015 and July 20, 2015. *See* D.E. 21, 26. Defendants Davis and Rowan County their responses in opposition to Plaintiffs' Motion for Preliminary Injunction on July 30, 2015. *See* D.E. 28, 29. Plaintiffs filed their Reply memorandum in further support of their Motion for Preliminary Injunction on August 6, 2015. *See* D.E. 36. Rowan County also filed a motion for leave to submit a supplemental memorandum on August 7, 2015, and attached thereto its supplemental

---

[1]   Rowan County was served with Plaintiffs' Complaint on July 8, 2015. Rowan County filed an Answer to Plaintiffs' Complaint on July 29, 2015. *See* D.E. 27. Davis was served with Plaintiffs' Complaint on July 14, 2015. Davis filed a Motion to Dismiss Plaintiffs' Complaint on July 31, 2015. *See* D.E. 32. In her proposed order accompanying this Motion, Davis has requested dismissal of Plaintiffs' Complaint in its entirety. *See* D.E. 32-2. Plaintiffs' response to this Motion is currently due no later than August 28, 2015.

[2]   On August 2, 2015, Plaintiffs filed their Motion for Class Certification. *See* D.E. 31. Plaintiffs are seeking to certify a class of persons consisting of "all present and future individuals who, though legally eligible to marry in Kentucky, will be denied a marriage license pursuant to the Defendants' policy." *See* D.E. 31-1 at 1-2; *see also* D.E. 1 at ¶ 38; D.E. 21, Hr'g Tr. (7/13/15), at 74-75. Any response to Plaintiffs' Motion for Class Certification by Defendants Davis and/or Rowan County is currently due no later than August 26, 2015. On August 11, 2015, Davis, with agreement from Defendant Rowan County, filed a motion to extend the time to respond to Plaintiffs' Motion for Class Certification until this Court ruled on all of the motions then pending before this Court. *See* D.E. 42.

memorandum. *See* D.E. 37, 37-2. The Court held an additional telephonic hearing on Plaintiffs'

Motion for Preliminary Injunction on August 10, 2015. *See* D.E. 41.

**2.     Davis' Motion For Preliminary Injunction To Obtain Exemption From Governor Beshear's SSM Mandate.**

More than one week before this Court entered its injunction order against Davis, on August

4, 2015, Davis filed a Verified Third-Party Complaint against Third-Party Defendants Steven L.

Beshear, Governor of Kentucky ("Gov. Beshear") and Wayne Onkst, Commissioner of Kentucky

Department for Libraries and Archives ("Commr. Onkst") (together, "Third-Party Defendants").

*See* D.E. 34. The Third-Party Defendants were served with this Complaint on August 10, 2015.

*See*, *e.g.*, D.E. 40. Answers to the Verified Third-Party Complaint are due no later than August 31,

2015.

On August 7, 2015, Davis filed a Motion for Preliminary Injunction against Third-Party

Defendants Gov. Beshear and Commr. Onkst, and requested a preliminary injunction hearing on

that motion. *See* D.E. 39. In her proposed order accompanying this Motion, Davis requested that

the Third-Party Defendants are "preliminarily enjoined from enforcing Governor Beshear's

mandate directing Kim Davis to authorize the issuance of Kentucky marriage licenses" and that

Davis be "preliminarily exempted from having to authorize the issuance of Kentucky marriage

licenses." *See* D.E. 39-7. No preliminary injunction hearing date has yet been established by this

Court on Davis' Motion for Preliminary Injunction, despite Davis' request for same.[3] Any response

to this Motion for Preliminary Injunction from Plaintiffs and/or Rowan County is currently due no

later than August 31, 2015. Although the Kentucky Attorney General's Office has received copies

---

[3]     In comparison, only four days after Plaintiffs filed their motion for preliminary injunction this Court
scheduled a preliminary injunction hearing on Plaintiffs' motion, to occur only eleven (11) days after Plaintiffs filed
their Complaint. *See* D.E. 5. This hearing was scheduled before Davis was served with the Plaintiffs' Complaint.

4

of Davis' Verified Third-Party Complaint and Motion for Preliminary Injunction, no appearances have yet been entered on behalf of the Third-Party Defendants.

The grounds on which Davis seeks preliminary injunctive relief against Gov. Beshear and Commr. Onkst are necessarily intertwined with the grounds on which she opposed Plaintiffs' request for preliminary injunction against her. Notwithstanding, the Court entered its ruling on Plaintiffs' Motion for Preliminary Injunction with Davis' Motion for Preliminary Injunction and its "further develop[ment]" of Davis' religious exemption request, *see* D.E. 43 at 19, n. 9, rather than considering Davis' and Plaintiffs' requests together and allowing Davis to develop a further evidentiary record, as requested, on her own religious exemption request.

### B.    This Court's August 12, 2015 Memorandum Opinion And Order.

On August 12, 2015, this Court granted Plaintiffs' Motion for Preliminary Injunction and preliminary enjoined Davis in her official capacity as Rowan County Clerk "from applying her 'no marriage licenses' policy to future marriage license requests submitted by Plaintiffs." *See* D.E. 43 at 28. In this Order, the Court stated that "this civil action presents a conflict between two individual liberties held sacrosanct in American jurisprudence," thereby admitting that Davis' religious rights are, in fact, being both "threaten[ed]" and "infringe[d]" by Plaintiffs' demands for her approval of their proposed unions and Gov. Beshear's SSM mandate to provide exactly that or resign. *Id.* at 2. Notwithstanding, rather than keeping the status quo in place to allow this case and the evidentiary record to develop further (including with respect to Davis' own Motion for Preliminary Injunction), this Court granted Plaintiffs' Motion for Preliminary Injunction in its entirety and found that "all four factors" typically considered on a motion for preliminary injunction "weigh in favor of granting the requested relief." *Id.* at 28.

5

Even though the specific Named Plaintiffs were able to obtain a Kentucky marriage license from more than 130 marriage licensing locations, including all nearby and surrounding counties, the Court held that Plaintiffs were likely to succeed on the merits of their purported right to marry claims. *See id.* at 9-14. In reaching this decision, however, the Court considered "other Rowan County residents" not before the Court and speculated about other County Clerks who were not before this Court. *Id.* at 12. Moreover, the Court rejected the notion that these specific individuals may have to "go to another county" to obtain a marriage license because "[i]t does not seem unreasonable for Plaintiffs, as Rowan County voters, to expect their elected official to perform her statutorily assigned duties," without considering the implications of the Kentucky Religious Freedom Restoration Act ("Kentucky RFRA"), KY. REV. STAT. § 446.350 on Kentucky marriage law, and despite the fact that Plaintiffs raised no state law claims against Davis. *Id.* at 14. The Court also concluded that Davis, as a person, may "disagree" with *Obergefell* but her individual disagreement "does not excuse her from complying with it." *Id.* at 15. This Court also found that these Named Plaintiffs were being irreparably harmed even though they could readily obtain marriage licenses elsewhere. *Id.* at 15-16.

Additionally, this Court rejected Davis' claims and defenses arising under the Kentucky RFRA, the Free Exercise Clause, the Free Speech Clause, and the Religious Test Clause of the United States Constitution, and similar Kentucky Constitution provisions. *See id.* at 16-28. In rejecting Davis' religious liberty, conscience, and speech claims, this Court concluded that the Kentucky marriage license form "does not require the county clerk to condone or endorse same-sex marriage" and instead merely "asks the county clerk to certify that the information provided is accurate and that the couple is qualified to marry under Kentucky law." *See* D.E. 43 at 22; *see also id.* at 25 ("[T]he act of issuing a marriage license to a same-sex couple merely signifies that the

couple has met the *legal requirements* to marry. It is not a sign of moral or religious approval.")
(emphasis in original); *id.* at 27 ("Davis is simply being asked to signify that couples meet the
legal requirements to marry. The State is not asking her to condone same-sex unions on moral or
religious grounds, nor is it restricting her from engaging in a variety of religious activities.").
According to this Court, the burden on Davis' religious freedom is "more slight," and she "remains
free to practice her Apostolic Christian beliefs." *Id.* at 27. Continuing, this Court concluded that
Davis "may continue to attend church twice a week, participate in Bible Study and minister to
female inmates at the Rowan County jail," and "[s]he is even free to believe that marriage is a
union between one man and one woman," but "her religious convictions cannot excuse her" from
authorizing SSM licenses. *See id.* at 27-28.

### C.  **Davis' Appeal To The Sixth Circuit.**

Following entry of the Court's August 12, 2015 Memorandum Opinion and Order, Davis
filed, pursuant to 28 U.S.C. § 1292(a), a Notice of Appeal of this Court's August 12, 2015 Order
enjoining Davis to issue Kentucky marriage licenses in derogation of her religious conscience. *See*
D.E. 44.[4] Accordingly, Davis now timely files this Motion to Stay The August 12, 2015 Injunction
Order Pending Appeal to the United States Court of Appeals for the Sixth Circuit.

### III.  **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 62(c) provides that "[w]hile an appeal is pending from an
interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may
suspend, modify, restore or grant an injunction on terms for bond or other terms that secure the
opposing party's rights." Fed. R. Civ. P. 62(c). The purpose of a stay pending appeal is to preserve

---

[4]     Section 1292(a) provides that the "courts of appeal shall have jurisdiction of appeals" from "[i]nterlocutory
orders of the district courts of the United States . . . granting, continuing, modifying, refusing, or dissolving
injunctions[.]" 28 U.S.C. § 1292(a).

the status quo among the parties. *See McClendon v. City of Albuquerque*, 79 F.3d 1014, 1020 (10th Cir. 1996); *see also Brake Parts, Inc. v. Lewis*, Nos. 09-132, 10-212, 2011 WL 93036, at *2 (E.D. Ky. Jan. 11, 2011) ("The district court retains jurisdiction during the pendency of an appeal to act to preserve the status quo.") (Forester, J.) (citing *Newton v. Consolidate Gas Co.*, 258 U.S. 165, 177 (1992)).

In deciding a motion for stay pending appeal, Sixth Circuit courts consider the same four factors that are traditionally considered in evaluating a motion for preliminary injunction: "(1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay." *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991).[5] These factors are to be balanced in deciding whether to issue a stay. *See Baker v. Adams County*, 310 F.3d 927, 928 (6th Cir. 2002). Although the four factors are the same as the factors considered on a preliminary injunction motion (which this Court granted and Davis is now appealing), the "balancing process is not identical due to the different procedural posture in which each judicial determination arises." *Mich. Coal.*, 945 F.2d at 153. Indeed, a motion for stay pending appeal does not "require the trial court to change its mind or conclude that is determination on the merits was erroneous" before concluding that a stay pending appeal is appropriate. *See St. Agnes Hosp. v. Riddick*, 751 F. Supp. 75, 76 (D. Md. 1990) (citations omitted).

---

[5]    *See also Russell v. Lundergan-Grimes*, 769 F.3d 919, 920-21 (6th Cir. 2014); *Serv. Employees Int'l Union Local 1 v. Husted*, 698 F.3d 341, 343 (6th Cir. 2012); *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Ind. & Serv. Workers Int'l Union v. Am. Standard Corp.*, No. 09-144, 2011 WL 4443121, at *2 (E.D. Ky. Sept. 22, 2011) (Caldwell, J.); *United States v. Coffman*, No. 09-181, 2010 WL 4683761, at *1 (E.D. Ky. Nov. 12, 2010) (Caldwell, J.); *In re: HNRC Distribution Co.*, 371 B.R. 210, 238 (E.D. Ky. 2007) (Bunning, J.); *Appalachian Regional Healthcare, Inc. v. Kentucky Nurses Ass'n*, No. 06-150, 2007 WL 38344, at *1 (E.D. Ky. Jan. 5, 2007) (Hood, J.).

In granting a stay pending appeal, this Court will act consistently with the conclusion of the Honorable John G. Heyburn of the United States District Court for the Western District of Kentucky who, after holding invalid Kentucky's natural, democratically-approved, and constitutionally-enacted definition of marriage in *Bourke v. Beshear*, nonetheless stayed enforcement of that order pending an appeal to the United States Court of Appeals for the Sixth Circuit. In reaching this conclusion, Judge Heyburn stated:

> Perhaps it is difficult for Plaintiffs to understand how rights won can be delayed. It is a truth that our judicial system can act with stunning quickness, as this Court has; and then with sometimes maddening slowness. One judge may decide a case, but ultimately others have a final say. It is the entire process, however, which gives our judicial system and our judges such high credibility and acceptance. This is the way of our Constitution. It is that belief which ultimately informs the Court's decision to grant a stay. It is best that these momentous changes occur upon full review, rather than risk premature implementation or confusing changes. That does not serve anyone well.

*Bourke v. Beshear*, 996 F. Supp. 2d 542, 558 (W.D. Ky. Mar. 19, 2014) (order continuing stay of enforcement of prior ruling). That conclusion is only further warranted here, where Plaintiffs may actually obtain Kentucky marriage licenses elsewhere (they are just choosing not to), and Davis is claiming protections of Constitutional and statutory rights that predate and survive *Obergefell*.

## IV.   ARGUMENT

### A.   Davis Has A Sufficient Likelihood Of Success On The Merits Of Her Sixth Circuit Appeal To Warrant A Stay.

To support a motion for stay pending appeal, the moving party "need not always establish a high probability of success on the merits." *Mich. Coal.*, 945 F.2d at 153; *see also Grutter v. Bollinger*, 247 F.3d 631, 632-33 (6th Cir. 2001). Instead, "[t]he probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury [the moving party] will suffer absent the say. Simply stated, more of one excuses less of the other." *Mich. Coal.*, 945

F.2d at 153 (internal citation omitted). In other words, "a stay may be granted with either a high probability of success and some injury or vice versa." *State of Ohio v. Nuclear Regulatory Comm'n*, 812 F.2d 288, 290 (6th Cir. 1987). The moving party must still show "more than the mere 'possibility' of success on the merits," which can be done by identifying "serious questions going to the merits." *Mich. Coal.*, 945 F.2d at 153-54 (internal quotations omitted); *see also Baker*, 310 F.3d at 928. Thus, Davis "can satisfy this element where substantial legal questions or matters of first impression are at issue and the equities favor maintaining the status quo." *Simon Prop. Group, Inc. v. Taubman Ctrs., Inc.*, 262 F. Supp. 2d 794, 798 (E.D. Mich. 2003).

This case presents substantial legal matters of first impression for this (or any other) federal appeals court following the *Obergefell* decision from the United States Supreme Court. *See Coffman*, 2010 WL 4683761, at *2 (granting motion to stay pending appeal after finding that "this case will present the Sixth Circuit with an issue of first impression"). Indeed, in this Court's own words, it presents a "conflict" between "two individual liberties held sacrosanct in American jurisprudence"—one enumerated and express (Davis' religious freedom), and the other unenumerated (right to marry). *See* D.E. 43 at 2, 16. This Court has now issued its decision on the constitutional "tension" at issue in this dispute—but it need not force that answer upon Davis when she has already taken an appeal of this Court's ruling. In fact, as this Court previously noted during a hearing on Plaintiffs' Motion for Preliminary Injunction, it does not have the "final say" on what the United States Constitution means. *See* D.E. 26, Hr'g Tr. (7/20/15), at 72:10-14. This conclusion is only further compelled here, where Davis' own Motion for Preliminary Injunction is pending before the Court, includes further development of the protections afforded to her under the Kentucky RFRA, and specifically requests an injunction from Gov. Beshear's SSM mandate and

to be "preliminarily exempted from having to authorize the issuance of Kentucky marriage licenses." *See* D.E. 39-7.

To obtain a stay of the injunction, this Court need not reverse itself nor even conclude that Davis has a "high probability of success" on the merits of her appeal to the Sixth Circuit. Instead, all this Court need conclude to grant a stay of its injunction is that Davis has identified "serious questions going to the merits." *See Mich. Coal.*, 945 F.2d at 153-54. In prior statements, this Court repeatedly acknowledged that fundamental rights (of Davis) are implicated in this case. *See*, *e.g.*, D.E. 21, Hr'g Tr. (7/13/15), at 84:3-4, 85:20-22, 98:19-22, 99:19-21, 103:15-18, 104:8-9. As noted above, this Court concedes a constitutional "conflict" or "tension" at issue in this case. To ensure Davis' fundamental and "sacrosanct" rights remain protected while the Sixth Circuit resolves the "conflict" and "tension" identified by this Court, a stay of the August 12, 2015 injunction order is appropriate.

### B.  Davis Is More Harmed Than Plaintiffs Without A Stay Pending Appeal.

In weighing the harm that will occur as a result of granting or denying a stay, Sixth Circuit courts generally consider three factors: "(1) the substantiality of the injury alleged; (2) the likelihood of its occurrence; and (3) the adequacy of the proof provided." *Mich. Coal.*, 945 F.2d at 154. The "key word" in this consideration is "irreparable," and the harm must be "both certain and immediate, rather than speculative or theoretical." *Mich. Coal.*, 945 F.2d at 154.

As is clear from the record in this case, nothing is physically or economically preventing the actual Named Plaintiffs in this case from obtaining a marriage license elsewhere. Indeed, as noted above, and conceded by Plaintiffs, they can obtain Kentucky marriage licenses from someone other than Davis. They simply chose (and choose) not to. As such, Plaintiffs will not suffer irreparable and irreversible injury "if resolution of this matter is postponed a relatively short amount of time to await the Sixth Circuit's decision." *See United Steel*, 2011 WL 4443121, at *2.

This conclusion comports with Judge Heyburn's stay order pending appeal in *Bourke*, cited above, which was ultimately overturned by the Sixth Circuit, which was then reversed by the "five lawyer" majority opinion in *Obergefell*, 135 S.Ct. at 2612, 2624 (Roberts, C.J., dissenting). Judge Heyburn noted that "One judge may decide a case, but ultimately others have a final say. It is the entire process, however, which gives our judicial system and our judges such high credibility and acceptance. This is the way of our Constitution." *Bourke*, 996 F. Supp. 2d at 558.

In stark contrast to the narrow harm facing Plaintiffs if this Court stays enforcement of its injunction order pending appeal (they can always obtain a Kentucky marriage license elsewhere while it is pending), Davis stands to face significant, irrevocable, and irreversible harm if she is forced to authorize and approve a SSM license against her religious conscience. Davis faces irreparable harm that "decidedly outweighs" the purported harm to Plaintiffs if a stay is granted. *See Baker*, 310 F.3d at 928. "[I]t is well-settled that 'loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury.'" *Connection Distributing Co. v. Reno*, 154 F.3d 281, 288 (6th Cir. 1998) (citing *Elrod v. Burns*, 427 U.S. 347, 373 (1976)). In fact, the Sixth Circuit has expressly found that "[t]he Supreme Court has unequivocally admonished that even minimal infringement upon First Amendment values constitutes irreparable injury[.]" *Newsom v. Norris*, 888 F.2d 371, 378 (6th Cir. 1989). "'One reason for such stringent protection of First Amendment rights certainly is the intangible nature of the benefits flowing from the exercise of those rights; and the fear that, if these rights are not jealously safeguarded, persons will be deterred, even if imperceptibly, from exercising those rights in the future.'" *Id.* (citation omitted).

Moreover, there is no "adequate compensatory or other corrective relief" that "will be available at a later date, in the ordinary course of litigation" if Davis is forced to violate her

12

religious conscience now. *See Mich. Coal.*, 945 F.2d at 153. No one, and not even a permanent injunction in her favor, can reverse that action if she is compelled to violate her conscience. It is comparable to forcing the religious objecting nurse to perform an abortion, the religious objecting company or non-profit to pay for abortions or abortion-related insurance coverage, the religious objecting non-combatant to fire on an enemy soldier, or the religious objecting state official to participate in or attend the execution of a convicted prisoner. Ordering Davis to issue, authorize, and approve a SSM license is ***the act*** that violates her conscience and substantially burdens her religious freedom.

Although this Court found that the burden on Davis is "more slight" and not worthy of legal protection at this early stage of litigation, that conclusion is out-of-step with Supreme Court precedent analyzing substantial burdens on religious freedom and also reaches a different conclusion than at least one proposed Kentucky legislative act. This bill, crafted by legislators balancing religious liberty and SSM, expressly protects clerks such as Davis from having to issue SSM licenses. This bill amends the Kentucky RFRA to state expressly that "***[i]ssuing or recording a marriage license***, or solemnizing a marriage, to which a person holds a sincere religious objection or which is contrary to that person's faith tradition due to the marriage being between persons of the same sex ***shall be considered a substantial burden*** for which there is no compelling government interest, and that person shall additionally be immune from any civil or criminal liability for declining to solemnize such a marriage." *See* D.E. 39-6, Ex. E to Davis' Motion for Preliminary Injunction, An Act Relating to Marriage, Ky. House Bill 101 (2016 Reg. Sess.) (emphasis added).

Finally, the harm to Davis is not speculative but impending. As discussed above, and extensively in Davis' prior filings, the searing act of her conscience is authorizing a SSM license

bearing her imprimatur (*see*, *e.g.*, D.E. 29 at 14-15, 18-20 (discussing substantial burden on Davis and citing testimony and evidence supporting same), and D.E. 39-1 at 15-18, 21-25 (same)), this Court has ordered her to do just that in its August 12, 2015 Order (*see* D.E. 43 at 28), and Plaintiffs have indicated an intent to seek a marriage license from her (*see* D.E. 21, Hr'g Tr. (7/13/15), Miller Direct, at 29:9-12; *id.*, Spartman Direct, at 47:8-10). Accordingly, Davis has shown sufficient evidence of the harm she is facing absent a stay of the August 12, 2015 injunction order against her. This harm outweighs any mere travel inconveniences placed upon the Plaintiffs.

### C.  <u>Public Interest Favors Granting A Stay.</u>

An essential purpose of a preliminary injunction is "to preserve the relative positions of the parties until a trial on the merits can be held." *Southern Milk Sales, Inc. v. Martin*, 924 F.2d 98, 102 (6th Cir. 1991) (citing *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981)). But this Court's August 12, 2015 Order significantly changes the relative position of the parties and, in fact, completely alters the status quo existing between the parties. And the Court's Order does so with Davis' own Motion for Preliminary Injunction still pending. Thus, a stay is necessary to restore the balance and relative positions of the parties pending Davis' appeal to the Sixth Circuit.

Additionally, it is well-settled law that "it is always in the public interest to prevent the violation of a party's constitutional rights." *G & V Lounge, Inc. v. Mich. Liquor Control Comm'n*, 23 F.3d 1071, 1079 (6th Cir. 1994). In fact, when it comes to the "protection of First Amendment liberties," the public has a "significant interest." *Dayton Area Visually Impaired Persons, Inc. v. Fisher*, 70 F.3d 1474, 1490 (6th Cir. 1995). This Court admitted the presence of Davis' rights but nonetheless determined that Davis' First Amendment and other Constitutional and statutory claims were trumped by Plaintiffs' desire to have Davis authorize and approve their proposed unions. However, the Sixth Circuit will have a chance to review this Court's constitutional and statutory determinations. Accordingly, to ensure that Davis' constitutional rights are not violated while the

14

Sixth Circuit reviews this Court's choice of the SSM mandate over religious liberty while there is ongoing public debate and interest on that exact issue in Kentucky, this Court should stay its injunction order pending a final determination on appeal.

**D.    Alternatively, This Court Should Grant A Temporary Stay To Allow Davis Time To Seek Similar Relief From The Sixth Circuit.**

Alternatively, in the event this Court does not completely stay its injunction order against Davis pending resolution of her appeal, Davis requests that this Court grant, on an emergency basis, a temporary stay of its injunction order dated August 12, 2015, so that Davis may promptly apply to the Sixth Circuit Court of Appeals for a stay pending appeal, pursuant to Fed. R. Civ. P. 8(a).[6] Courts that have denied a complete stay pending appeal have nonetheless granted a temporary stay to allow the Court of Appeals to rule on the appellant's stay request. *See, e.g.*, *River Fields, Inc. v. Peters*, No. 08-264, 2009 WL 2406250, at *3 (W.D. Ky. Aug. 3, 2009); *Eubanks v. Wilkinson*, No. 82-360, 1988 WL 167265, at *3 (E.D. Ky. Dec. 8, 1988) (Allen, J.). As discussed above, the circumstances of this case support granting a complete stay of the August 12, 2015 injunction. But, at a minimum, this Court should immediately enter a temporary stay of its August 12, 2015 order to permit Davis time to seek similar relief from the Sixth Circuit.

---

[6]    Federal Rule of Appellate Procedure 8(a)(1) states that a party "must ordinarily move first in the district court" for an order staying "the judgment or order of a district court pending appeal" or an order suspending, modifying, restoring or granting an injunction while an appeal is pending." Fed. R. App. P. 8(a)(1). This is considered "[t]he cardinal principle of stay applications." *See Baker*, 310 F.3d at 930 (citation and internal quotations omitted). Accordingly, if a motion for stay pending appeal is denied by the district court, the moving party may seek a stay from the Court of Appeals. *See* Fed. R. App. P. 8(a)(2).

## V.   <u>CONCLUSION</u>

For all the foregoing reasons, Davis' Motion to Stay The August 12, 2015 Injunction Order

Pending Appeal should be granted.

DATED: August 13, 2015                    Respectfully submitted:

                                          /s/ Jonathan D. Christman
A.C. Donahue                              Roger K. Gannam
Donahue Law Group, P.S.C.                 Jonathan D. Christman
P.O. Box 659                              Liberty Counsel
Somerset, Kentucky 42502                  P.O. Box 540774
Tel: (606) 677-2741                       Orlando, Florida 32854
Fax: (606) 678-2977                       Tel: (800) 671-1776
ACDonahue@DonahueLawGroup.com             Fax: (407) 875-0770
                                          rgannam@lc.org
                                          jchristman@lc.org

                                          *Attorneys for Defendant/Third-Party Plaintiff*
                                          *Kim Davis*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was filed via the Court's ECF

filing system and therefore service will be effectuated by the Court's electronic notification system

upon the following counsel or parties of record:

Daniel J. Canon  
L. Joe Dunman  
Laura E. Landenwich  
CLAY DANIEL WALTON ADAMS, PLC  
462 S. Fourth Street, Suite 101  
Louisville, KY 40202  
dan@justiceky.com  
joe@justiceky.com  
laura@justiceky.com  

William Ellis Sharp  
ACLU OF KENTUCKY  
315 Guthrie Street, Suite 300  
Louisville, KY 40202  
sharp@aclu-ky.org  

*Attorneys for Plaintiffs*

Jeffrey C. Mando  
Claire Parsons  
ADAMS, STEPNER, WOLTERMANN &  
DUSING, PLLC  
40 West Pike Street  
Covington, KY 41011  
jmando@aswdlaw.com  
cparsons@aswdlaw.com  

*Attorneys for Rowan County*

I also hereby certify that two (2) true and correct copies of the foregoing will be sent via

U.S.P.S. first class mail to the Attorney General of Kentucky on behalf of Third-Party

Defendants Steven L. Beshear, Governor of Kentucky, and Wayne Onkst, Commissioner of the

Kentucky Department for Libraries and Archives, at the following location:

Attorney General Jack Conway  
OFFICE OF THE ATTORNEY GENERAL  
700 Capitol Avenue, Suite 118  
Frankfort, KY 40601-3449

DATED: August 13, 2015

/s/ Jonathan D. Christman  
Jonathan D. Christman  
*Attorney for Defendant/Third-Party Plaintiff*  
*Kim Davis*