## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF KENTUCKY
## ASHLAND DIVISION

| | | |
|---|---|---|
| **APRIL MILLER, ET AL.,** | : | |
| | : | |
| **Plaintiffs,** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **0:15-CV-00044-DLB** |
| | : | |
| **KIM DAVIS, ET AL.,** | : | **DISTRICT JUDGE** |
| | : | **DAVID L. BUNNING** |
| **Defendants.** | : | |
| | : | |
| **KIM DAVIS,** | : | |
| | : | |
| **Third-Party Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **STEVEN L. BESHEAR, in his official** | : | |
| **capacity as Governor of Kentucky, and** | : | |
| **WAYNE ONKST, in his official capacity** | : | |
| **as State Librarian and Commissioner,** | : | |
| **Kentucky Department for Libraries and** | : | |
| **Archives,** | : | |
| | : | |
| **Third-Party Defendants.** | : | |
| | : | |

### REPLY TO PLAINTIFFS' RESPONSE TO MOTION TO STAY THE AUGUST 12, 2015 INJUNCTION ORDER PENDING APPEAL

Defendant/Third-Party Plaintiff Kim Davis ("Davis"), by and through her undersigned counsel, hereby submits this Reply to Plaintiffs' response to Davis' Motion to Stay the August 12, 2015 Injunction Order pending her appeal of that order to the Sixth Circuit.

**I.      INTRODUCTION**

In their response to Davis' immediate and emergency motion to stay the injunction entered on August 12, 2015 pending her already-filed appeal to the Sixth Circuit, Plaintiffs have utterly failed to meet the weight of authority and arguments presented by Davis in her request for a stay.

Rather than address the merits of Davis' motion to stay, Plaintiffs and Plaintiffs' Counsel instead rehash prior assertions, ignore compelling precedent in marriage cases, and cast improper and thinly-veiled threats at Davis and her counsel based upon hearsay-laden misrepresentations. As noted previously, this case presents a matter of first impression resolving a constitutional "tension" and "conflict" that this Court acknowledged, and this Court should grant a stay of the August 12, 2015 injunction until Davis' appeal is finally resolved.

## II.   REPLY ARGUMENT

### A.   This Court Need Only Conclude That This Case Presents Serious Questions Going To The Merits Or Matters Of First Impression To Warrant A Stay Pending Appeal.

In their response, Plaintiffs rehash and recycle by reference their arguments for a preliminary injunction (*see* D.E. 46 at 1), but they ignore entirely the Sixth Circuit precedent that a stay pending appeal is appropriate if the movant raises "serious questions going to the merits" or matters of first impression. *See Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991); *see also Simon Prop. Group, Inc. v. Taubman Ctrs., Inc.*, 262 F. Supp. 2d 794, 798 (E.D. Mich. 2003) (finding that a party seeking a stay "can satisfy this element where substantial legal questions or matters of first impression are at issue"); *see also United States v. Coffman*, No. 09-181, 2010 WL  4683761, at *1 (E.D. Ky. Nov. 12, 2010) (Caldwell, J.) (granting motion to stay pending appeal after finding that "this case will present the Sixth Circuit with an issue of first impression").

Plaintiffs do not even address this Court's conclusion that "this civil action presents a conflict between two individual liberties held sacrosanct in American jurisprudence," thereby acknowledging that Davis' religious rights are, in fact, being both "threaten[ed]" and "infringe[d]" in this matter. *See* D.E. 43 at 2; *see also Obergefell v. Hodges*, 135 S.Ct. 2584, 2638 (2015) (predicting an "inevitable" conflict between First and Fourteenth Amendment as individuals "are

confronted with demands to participate in and endorse civil marriages between same-sex couples")
(Thomas, J., dissenting). Thus, contrary to Plaintiffs' suggestion, this Court need not reverse itself,
change its mind, or reconsider its conclusions in its August 12, 2015 memorandum opinion and
order to nonetheless find that Davis sufficiently satisfies the first factor warranting a stay pending
her appeal to the Sixth Circuit.

## B. The Remaining Factors Also Support A Stay Pending Appeal.

Although this Court sided with Plaintiffs in the "conflict" of rights between Plaintiffs and
Davis in its August 12, 2015 memorandum opinion and order, it remains well-settled law that the
"'loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes
irreparable injury.'" *Connection Distributing Co. v. Reno*, 154 F.3d 281, 288 (6th Cir. 1998) (citing
*Elrod v. Burns*, 427 U.S. 347, 373 (1976)). It is also in the public's interest to protect First
Amendment liberties, *Dayton Area Visually Impaired Persons, Inc. v. Fisher*, 70 F.3d 1474, 1490
(6th Cir. 1995), which the Supreme Court unanimously held remain in place despite the
redefinition of "marriage," *see Obergefell*, 135 S.Ct. at 2607 ("persons" are protected under the
First Amendment) (Kennedy, J., majority); *see also id.* at 2625 (Roberts, C.J., dissenting); *id.* at
2638 (Thomas, J., dissenting); *id.* at 2642 (Alito, J., dissenting). Here, there is no relief available
to Davis later in this litigation if she is forced to violate her religious conscience now. *See Mich.
Coal.*, 945 F.2d at 153. The issuance, authorization, and approval of a SSM license is ***the act*** that
violates her conscience and substantially burdens her religious freedom. The record is clear that
this harm is at her doorstep: Plaintiffs have already sought a SSM license—but only **after** Davis
had filed a Notice of Appeal of this Court's August 12, 2015 Memorandum Opinion and Order,

and only **after** Davis had also filed an emergency Motion to Stay the August 12, 2015 Injunction Pending Appeal. *See* D.E. 46-2.[1]

In comparison, Plaintiffs do not face irreversible harm if they are unable to exercise a newfound constitutional right in this Court's August 12, 2015 memorandum opinion and order to have their same-sex "marriage" authorized and approved by a particular person in a particular county. Prior marriage decisions, which Plaintiffs flatly ignore, support a stay while this constitutional "conflict" and "tension" is resolved by a court with "final say." For instance, Plaintiffs fail to even address (let alone distinguish) the stay order entered in the case of *Bourke v. Beshear*, 996 F. Supp. 2d 542 (W.D. Ky. 2014), where Judge Heyburn concluded: "Perhaps it is difficult for Plaintiffs to understand how rights won can be delayed. It is a truth that our judicial system can act with stunning quickness, as this Court has; and then with sometimes maddening slowness. **One judge may decide a case, but ultimately others have a final say**. It is the entire process, however, which gives our judicial system and our judges such high credibility and acceptance. This is the way of our Constitution. It is that belief which ultimately informs the Court's decision to grant a stay." *Id.* at 558 (emphasis added).

Moreover, in other marriage decisions arising from Sixth Circuit district courts, completely different Sixth Circuit panels (each of them including a Judge from this Court sitting by designation) granted an emergency motion to stay pending an appeal of the district court's marriage decision, *see*, *e.g.*, *April DeBoer, et al. v. Richard Snyder, et al.*, No. 14-1341 (6th Cir.

---

[1]     Contrary to Plaintiffs' suggestion, Davis did not "ignore" this Court's injunction (*see* D.E. 46 at 2) but instead took immediate and appropriate steps to protect her legal rights and forestall enforcement of the order while the Sixth Circuit decides the constitutional "conflict" and "tension" this Court acknowledged. Further, Plaintiffs and Plaintiffs' Counsel cast disparaging remarks and thinly-veiled threats against Davis and "Davis' attorneys" based upon factually vacant and hearsay-laden misrepresentations. *See* D.E. 46 at 2-3 (citing D.E. 46-1). Such aspersions are wrong, and their counsel's adoption of same in the response brief are unseemly and improper. *See* Ex. A, Ltr. to V. Puente, *et al.*, Demanding Correction Pursuant to Ky. Rev. Stat. §§ 411.051, 411.061, dated Aug. 14, 2015.

Mar. 25, 2014), and overturned a district court's refusal to grant a stay pending an appeal of the district court's marriage decision, *see, e.g.*, *Valeria Tanco, et al. v. William Haslam, et al.*, No. 14-5297 (6th Cir. Apr. 25, 2014). In these cases, like *Bourke*, the stays entered preserved natural marriage laws but absolutely barred same-sex couples from obtaining marriage licenses (or having marriage licenses recognized) until appeals were resolved. But here, **the named Plaintiffs can indisputably obtain a Kentucky marriage license even with this Court's staying the August 12, 2015 injunction pending appeal**, from more than 130 marriage licensing locations spread throughout Kentucky. Without dispute, nothing physically or economically prevents these named Plaintiffs from obtaining a marriage license from any of these locations. Moreover, Davis' claims are based upon enumerated and individual Constitutional and statutory rights she holds as a person.

Finally, although the circumstances of this case support the granting of a stay pending appeal, Plaintiffs also raise no argument in response to Davis' alternative request for a temporary stay of the injunction to allow her time to make a similar request to the Sixth Circuit. Thus, at a minimum, this Court should grant a temporary stay for Davis to petition the Sixth Circuit.

## III.   REPLY CONCLUSION

For all the foregoing reasons, and those set forth in Davis' prior briefing, Davis' Motion to Stay The August 12, 2015 Injunction Order Pending Appeal should be granted.

DATED: August 14, 2015

Respectfully submitted:

A.C. Donahue
Donahue Law Group, P.S.C.
P.O. Box 659
Somerset, Kentucky 42502
Tel: (606) 677-2741; Fax: (606) 678-2977
ACDonahue@DonahueLawGroup.com

/s/ Jonathan D. Christman
Roger K. Gannam
Jonathan D. Christman
Liberty Counsel
P.O. Box 540774
Orlando, Florida 32854
Tel: (800) 671-1776; Fax: (407) 875-0770
rgannam@lc.org/jchristman@lc.org

*Attorneys for Defendant/Third-Party Plaintiff Kim Davis*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed via the Court's ECF

filing system and therefore service will be effectuated by the Court's electronic notification system

upon all counsel or parties of record:

Daniel J. Canon
L. Joe Dunman
Laura E. Landenwich
CLAY DANIEL WALTON ADAMS, PLC
462 S. Fourth Street, Suite 101
Louisville, KY 40202
dan@justiceky.com
joe@justiceky.com
laura@justiceky.com

William Ellis Sharp
ACLU OF KENTUCKY
315 Guthrie Street, Suite 300
Louisville, KY 40202
sharp@aclu-ky.org

*Attorneys for Plaintiffs*

Jeffrey C. Mando
Claire Parsons
ADAMS, STEPNER, WOLTERMANN &
DUSING, PLLC
40 West Pike Street
Covington, KY 41011
jmando@aswdlaw.com
cparsons@aswdlaw.com

*Attorneys for Defendant Rowan County*

I also hereby certify that two (2) true and correct copies of the foregoing will be sent via

U.S.P.S. first class mail to the Attorney General of Kentucky on behalf of Third-Party Defendants

Steven L. Beshear, Governor of Kentucky, and Wayne Onkst, Commissioner of the Kentucky

Department for Libraries and Archives, at the following location:

Attorney General Jack Conway
OFFICE OF THE ATTORNEY GENERAL
700 Capitol Avenue, Suite 118
Frankfort, KY 40601-3449

DATED: August 14, 2015

/s/ Jonathan D. Christman
Jonathan D. Christman
*Attorney for Defendant/Third-Party Plaintiff
Kim Davis*