# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF KENTUCKY
# ASHLAND DIVISION

| | |
|---|---|
| APRIL MILLER, ET AL., | : |
| | : |
| Plaintiffs, | : CIVIL ACTION |
| | : |
| v. | : 0:15-CV-00044-DLB |
| | : |
| KIM DAVIS, ET AL., | : DISTRICT JUDGE |
| | : DAVID L. BUNNING |
| Defendants. | : |
| | : |
| KIM DAVIS, | : |
| | : |
| Third-Party Plaintiff, | : |
| | : |
| v. | : |
| | : |
| STEVEN L. BESHEAR, in his official capacity as Governor of Kentucky, and WAYNE ONKST, in his official capacity as State Librarian and Commissioner, Kentucky Department for Libraries and Archives, | : |
| | : |
| Third-Party Defendants. | : |
| | : |

**DEFENDANT/THIRD-PARTY PLAINTIFF KIM DAVIS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO HOLD DAVIS IN CONTEMPT OF COURT**

Roger K. Gannam
Jonathan D. Christman
LIBERTY COUNSEL
P.O. Box 540774
Orlando, Florida 32854
Tel: (800) 671-1776
Fax: (407) 875-0770
rgannam@lc.org
jchristman@lc.org

A.C. Donahue
DONAHUE LAW GROUP, P.S.C.
P.O. Box 659
Somerset, Kentucky 42502
Tel: (606) 677-2741
Fax: (606) 678-2977
ACDonahue@DonahueLawGroup.com

*Attorneys for Defendant/Third-Party Plaintiff Kim Davis*

Defendant/Third-Party Plaintiff Kim Davis ("Davis"), by and through her undersigned counsel, respectfully submits this Response in Opposition to Plaintiffs' Motion to Hold Davis in Contempt of Court (D.E. 67)[1]. Plaintiffs' contempt motion should be denied for several reasons.

First, Davis should not be held in contempt because she "is *presently* unable to comply with the court's order" enjoining her to authorize SSM licenses bearing her name. *See Elec. Workers Pension Trust Fund of Local Union #58 v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 379 (6th Cir. 2003) (emphasis in original); *see also U.S. v. Rylander*, 460 U.S. 752, 757 (1983) ("[w]here compliance is impossible, neither the moving party nor the court has any reason to proceed with the civil contempt action."); *Tate v. Frey*, 673 F. Supp. 880, 883 (W.D. Ky. 1987) ("The court's power to impose coercive civil contempt is limited by an individual's ability to comply with the court's coercive order. A party may defend against a contempt by showing that his compliance is factually impossible.") (internal citation omitted). To prove the impossibility defense to contempt, a person "must show categorically and in detail why he or she is unable to comply with the court's order." *Elec. Workers*, 340 F.3d at 379 (citation omitted). In the case at bar, Davis is unable to comply with the August 12, 2015 order ("Injunction") because it irreparably and irreversibly violates her conscience by directing her to authorize and issue SSM licenses bearing her name and approval. Testimony from Davis, and multiple prior filings in this Court, which are incorporated by reference here (*see* D.E. 29, 34, 39-1, 45-1), provide the evidentiary support for her inability to comply with the Injunction, which is on appeal to the Sixth Circuit, docketed at Case No. 15-5880.

Second, Davis should not be held in contempt because it will violate her due process rights. *See Consolidation Coal Co. v. Local Union No. 1784, United Mine Workers*, 514 F.2d 763, 765

---

[1] Davis respectfully objects to the five-page limit imposed on this Opposition, *see* D.E. 69, because it needlessly deprives Davis of a meaningful opportunity to present argument and law on weighty issues, and because Plaintiffs, the movants, were not similarly constrained.

1

(6th Cir. 1975). As part of her defense to Plaintiffs' claims against her, Davis has raised in this action individual claims against the Kentucky Governor and KDLA Commissioner. *See* D.E. 34, 39. These rights and claims were asserted **before this Court entered its Injunction on August 12, 2015**, and they are necessarily intertwined with the rights and claims asserted by Plaintiffs against Davis. However, after acknowledging such rights, *see* D.E. 43 at 19, n. 9, this Court refused to consider them against Gov. Beshear, effectively denying preliminary injunctive relief (D.E. 58)—an order that is now also on appeal, docketed at Case No. 15-5961. Moreover, after Plaintiffs filed their contempt motion, they also filed a motion to purportedly "clarify" or "modify" the Injunction, *see* D.E. 68, evidencing thereby that the terms of the Injunction are *still being litigated* by the parties in this Court, and at the Sixth Circuit.[2] To enter contempt sanctions when this Court refused to permit Davis the opportunity to vindicate her individual rights and claims against Gov. Beshear, and while the terms and validity of the Injunction continue to be actively litigated, fails to provide the "procedural safeguards afforded by the due process clause" for contempt proceedings. *N.L.R.B. v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 589 (6th Cir. 1987).

The fact that the Injunction is directed at Davis in her official capacity does not alleviate these due process concerns. The official capacity designation requires an individual person to occupy the office. That individual (Davis) has asserted individual rights that demand procedural safeguards and an impartial hearing. That full hearing has been effectively denied by this Court, and entering contempt without that hearing will only compound that prior error. It is not as if Kim Davis the individual stops existing while Kim Davis is performing her duties as Rowan County clerk. Moreover, Plaintiffs **sued Davis in her individual capacity** seeking punitive damages from her personally. By suing her individually, Plaintiffs concede the relevancy of Davis in her

---

[2] Davis intends to file a written opposition to this motion in accordance with the Local Rules.

2

individual capacity as the person occupying the office of Rowan County clerk. Not only that, Plaintiffs' contempt motion was filed against "Defendant Kim Davis" (not limited to her official capacity), and their proposed order requests that "Kim Davis" the person be held in contempt. Further, the injunctive relief Plaintiffs obtained against Davis in her official capacity (the issuance of a marriage license) necessarily implicates Davis in her individual capacity because of her personal involvement in the act of authorizing and participating in a marriage license. Lastly, Davis in her official capacity has an obligation to comply with all constitutional norms, protections, and obligations that affect individual persons—including her own individual capacity. It is thus an untenable judicial construct and fiction to claim that the individual conscience, religious, and speech protections afforded Davis are of no consequence to her official capacity conduct.

Third, Plaintiffs' request for contempt must be denied to the extent it seeks criminal contempt sanctions against Davis. Specifically, Plaintiffs request this Court to "impose financial **penalties** sufficiently serious and increasingly onerous" upon Davis. *See* D.E. 67, at 7 (emphasis added).[3] "[C]riminal penalties may not be imposed on someone who has not been afforded the protections that the Constitution requires of such criminal proceedings." *Hicks v. Feiock*, 485 U.S. 624, 632 (1988). Davis has not been afforded all of the requisite constitutional protections for those facing criminal allegations and she therefore specifically demands herein and does not waive any and all rights of those accused of crimes, including but not limited to her right to a jury trial.

Fourth, any contempt order issued by this Court, which will substantially burden Davis' religious exercise for the same reasons she is unable to comply with the Injunction, must satisfy the strict scrutiny analysis required by the federal Religious Freedom Restoration Act, 42 U.S.C.

---

[3] Plaintiffs also erroneously state that "Defendant Davis continues to collect compensation from the Commonwealth for duties she fails to perform." *See* D.E. 67 at 7. Davis and her office receive no money for marriage licenses from anyone, including the Commonwealth, if no licenses are issued; as such, her office is fee-based and every dollar generated is from services rendered. *See* D.E. 26, Hr'g Tr. (7/20/15), Davis Direct, at 25:5-10, 26:7-13.

3

§§ 2000bb-1 *et seq.*. The federal RFRA may be asserted "as a claim or a defense in a judicial proceeding," including any contempt proceedings. *See* 42 U.S.C. § 2000bb-1(c); *see also U.S. v. Ali*, 682 F.3d 705, 709-11 (8th Cir. 2012) (vacating contempt sanction by federal judge for failure to evaluate whether court order violated RFRA).

Fifth, "[t]he wand of contempt should be waved only in rare situations," *Madison Capital Co., LLC v. Smith*, No. 07-27, 2010 WL 812870, at *6 (E.D. Ky. Mar. 4, 2010), and that wand is not appropriately waved where a panoply of less restrictive alternatives are available that (1) provide Plaintiffs with marriage licenses in Rowan County but (2) do not substantially burden Davis' undisputed "honest conviction" and sincerely-held religious beliefs that make it impossible for her to authorize the SSM licenses, including:

- Providing an opt-out or exemption to the Kentucky marriage licensing scheme (as exists for the Kentucky fish and wildlife licensing scheme), KY. REV. STAT. § 150.195, and as other states, such as North Carolina, have enacted, *see, e.g.*, N.C. GEN. STAT. § 51-5.5 (permitting recusal of officials from "issuing" lawful marriage licenses "based upon any sincerely held religious objection");

- Deputizing a neighboring county clerk (or some other person) to issue Kentucky marriage licenses in Rowan County;

- Modifying the prescribed Kentucky marriage license form to remove the multiple references to Davis' name, and thus to remove the personal nature of the authorization that Davis must provide on the current form[4]; or

- Distributing Kentucky marriage licenses at the state-level through an online or other state-wide licensing scheme, such as through the Department of Vital Statistics[5];

- Deeming Davis "absent" for purposes of issuing SSM licenses, based upon her moral and religious inability to issue them, and allowing those licenses to be issued

---

[4] The Kentucky County Clerks Association have made a similar proposal. *See* Ky. County Clerks Association will propose removing clerks' names from marriage licenses in upcoming session, CN2.COM, Aug. 26, 2015. In fact, Atty. Gen. Conway said he is "fine" with that proposal. *See* Jack Conway says he's fine with proposal to remove names of county clerks from marriage licenses, LEXINGTON HERALD-LEADER, Aug. 28, 2015.

[5] A bill for the next general session of the Kentucky legislature proposes to move marriage licensing and recording duties from county clerks to the state registrar of vital statistics. *See* An Act Related to Marriage and Making an Appropriation Therefor, Ky. House Bill 154 (2016 Reg. Sess.).

4

- by the chief executive of Rowan County, as specifically authorized by Kentucky law, see KY. REV. STAT. § 402.240;

- Legislatively addressing Kentucky's entire marriage licensing scheme post-*Obergefell*, whether immediately by calling a special legislative session or in three months in the next regular legislative session.

Finally, any contempt finding in this matter is premature and improperly intrusive and invasive into state affairs. *See Milliken v. Bradley*, 433 U.S. 267, 280-81 (1977) ("[T]he federal courts in devising a remedy take into account the interests of state and local authorities in managing their own affairs, consistent with the Constitution."); *see also Spallone v. U.S.*, 493 U.S. 265, 276 (1990); *Kendrick v. Bland*, 740 F.2d 432 (6th Cir. 1984). The *Obergefell v. Hodges* decision from the Supreme Court, 135 S.Ct. 2584 (2015), which held Kentucky's natural and democratically-enacted marriage law unconstitutional, effectively obliterated Kentucky marriage law by redefining its foundational terms. Leading Kentucky legislators from both parties in both houses uniformly agree that the legislature needs to address the entire marriage scheme in light of *Obergefell*, but also agree that Davis' religious beliefs should be (and can be) accommodated.[6] Both gubernatorial candidates in Kentucky have indicated an intent to support county clerks' individual rights.[7]

For all the foregoing reasons, and those to be raised at the September 3, 2015 hearing in this matter, Plaintiffs' Motion to Hold Davis in Contempt of Court should be denied.

DATED: September 2, 2015

Respectfully submitted:
/s/ Jonathan D. Christman
Jonathan D. Christman
*One of the Attorneys for Defendant/Third-Party Plaintiff Kim Davis*

---

[6] *See* August 24, 2015 Roundtable Discussion, video *available at* http://www.ket.org/public-affairs/legislators-preview-election-2015/ (Senate President Robert Stivers, Senate Minority Floor Leader Ray Jones, House Speaker Greg Stumbo, and House Minority Floor Leader Jeff Hoover).

[7] *See* Bevin: Kentucky should stop issuing marriage licenses, Washington Times, July 10, 2015 (Republican candidate Matt Bevin stating that he will "protect[] religious freedoms" and Democrat candidate Atty. Gen. Conway stating that he will "allow county clerks some flexibility").

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing was filed via the Court's ECF filing system and therefore service will be effectuated by the Court's electronic notification system upon all counsel or parties of record:

| | |
|---|---|
| Daniel J. Canon<br>L. Joe Dunman<br>Laura E. Landenwich<br>CLAY DANIEL WALTON ADAMS, PLC<br>462 S. Fourth Street, Suite 101<br>Louisville, KY 40202<br>dan@justiceky.com<br>joe@justiceky.com<br>laura@justiceky.com | Jeffrey C. Mando<br>Claire Parsons<br>ADAMS, STEPNER, WOLTERMANN &<br>DUSING, PLLC<br>40 West Pike Street<br>Covington, KY 41011<br>jmando@aswdlaw.com<br>cparsons@aswdlaw.com<br>*Attorneys for Rowan County* |
| William Ellis Sharp<br>ACLU OF KENTUCKY<br>315 Guthrie Street, Suite 300<br>Louisville, KY 40202<br>sharp@aclu-ky.org<br>*Attorneys for Plaintiffs* | William M. Lear, Jr.<br>Palmer G. Vance II<br>STOLL KEENON OGDEN PLLC<br>300 West Vine Street, Suite 2100<br>Lexington, Kentucky 40507-1380<br><br>*Attorneys for Governor Steven L. Beshear<br>and Commissioner Wayne Onkst* |

DATED: September 2, 2015            /s/ Jonathan D. Christman
                                                 Jonathan D. Christman
                                                 *Attorney for Defendant/Third-Party Plaintiff
                                                 Kim Davis*