UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND

| | |
|---|---|
| APRIL MILLER, et al. ) | |
| ) | CASE NO.0:15-cv-44 (DLB) |
| ) | |
| Plaintiffs ) | |
| ) | |
| v. ) | |
| ) | |
| KIM DAVIS, Individually and in her official capacity, ) | |
| et al. ) | |
| ) | |
| Defendants ) | |
| ) | |

## MOTION OF THE KENTUCKY SENATE PRESIDENT, HON. ROBERT STIVERS, FOR LEAVE TO FILE A BRIEF AS *AMICUS CURIAE*

Comes the Hon. Robert Stivers, by counsel, and moves for leave to file an *Amicus Curiae* brief in support of Defendants.

As President of the Senate, Movant is a constitutional officer of the Commonwealth of Kentucky, pursuant to Section 85 of the Kentucky Constitution. The United States Supreme Court in *Obergefell v. Hodges*, 135 S.Ct. 2584 (2015) held that Section 233A of the Kentucky Constitution violated the Equal Protection Clause of the 14th Amendment of the United States Constitution. The focus of *Obergefell* was solely upon Kentucky's Constitutional definition of marriage as a union between one man and one woman. The Supreme Court did not address the effect this would have on KRS Chapter 402, the statutory provisions by which marriage licenses are issued and recorded. It is the position of the Movant that the concept of marriage as between a man and a woman is so interwoven into KRS Chapter 402 that the defendant County Clerk cannot reasonably determine her duties until such time as the General Assembly has clarified the

1

impact of *Obergefell* by revising KRS Chapter 402 through legislation.[1]  Moreover, County Clerks generally have been provided no guidance with respect to the effect of *Obergefell* on KRS Chapter 402.

As set out more fully in the submitted *amicus* brief, the provisions governing the issuance of marriage licenses in Kentucky have been, for the most part, judicially repealed by *Obergefell* and the Defendant cannot be reasonably expected to determine her duties until such time as either the Governor by Executive Order or the General Assembly by legislation provides guidance and clarification. The Movant would therefore ask the Court to allow the General Assembly the opportunity to act prior to imposing any sanctions upon this defendant.

Dated:  April 17, 2015

Respectfully Submitted,

//David E. Fleenor//

_____
Hon. David E. Fleenor
General Counsel
Hon. Vaughn Murphy
Deputy General Counsel
Office of the Senate President
Capitol Annex, Room 236
Frankfort, KY  40601
Telephone:  (502) 564-3120
Facsimile:   (502) 564-0456
Email: david.fleenor@lrc.ky.gov
Counsel for Movant

---

[1] Alternatively the clerk's duties could be clarified by Executive Order of the Governor under KRS Chapter 12. To date the Governor has shown no inclination to issue such an executive order.

**CERTIFICATE OF SERVICE**

I hereby certify that copies of the foregoing Motion were served via the electronic filing system on September 2, 2015, to all persons receiving electronic notifications in this case.

//David E. Fleenor//
_____
David E. Fleenor, Esq.