UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND

CIVIL ACTION NO. 15-44-DLB

APRIL MILLER, et al.                                                 PLAINTIFFS

vs.                                **ORDER**

KIM DAVIS, both individually
and in her official capacity, et al.                                      DEFENDANTS

                                        \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

On September 3, 2015, the Court held Defendant Kim Davis in contempt and jailed her for her refusal to issue marriage licenses, directly or through her deputy clerks, in accordance with the U.S. Supreme Court's decision in *Obergefell v. Hodges* and this Court's Memorandum Opinion and Order of August 12, 2015. After remanding Defendant Davis to the custody of the U.S. Marshal, five of her six deputy clerks stated under oath that they would comply with the Court's Order and issue marriage licenses to all legally eligible couples. (Docs. # 75; 78 at 121-170).

On September 8, 2015, Plaintiffs filed a Status Report at the Court's behest. According to the Report, Plaintiffs have obtained marriage licenses from the Rowan County Clerk's Office.[1] The Court is therefore satisfied that the Rowan County Clerk's Office is fulfilling its obligation to issue marriage licenses to all legally eligible couples, consistent

---

[1] While the Status Report reflects that Plaintiffs' marriage licenses have been altered so that "Rowan County" rather than "Kim Davis" appears on the line reserved for the name of the county clerk, Plaintiffs have not alleged that the alterations affect the validity of the licenses. Nor do the alterations impact the Court's finding that the deputy clerks have complied with the Court's Order.

with the U.S. Supreme Court's holding in *Obergefell* and this Court's August 12, 2015 Order. For these reasons, the Court's prior contempt sanction against Defendant Davis is hereby lifted.

Accordingly, **IT IS ORDERED** as follows:

1. Defendant Davis shall be **released** from the custody of the U.S. Marshal forthwith. Defendant Davis **shall not interfere** in any way, directly or indirectly, with the efforts of her deputy clerks to issue marriage licenses to all legally eligible couples. If Defendant Davis should interfere in any way with their issuance, that will be considered a violation of this Order and appropriate sanctions will be considered.

2. CJA counsel for the five (5) deputy clerks who indicated they would comply with the Court's Order shall **file a Status Report every fourteen (14) days from the date of entry of this Order unless otherwise excused by the Court**. Within those reports Counsel shall report on their clients' respective compliance with the Court's August 12, 2015 Order enjoining the Rowan County Clerk from enforcing her "no marriage licenses" policy, as well as its Order of September 3, 2015 requiring them to issue marriage licenses to all eligible couples in compliance with the Court's prior Order.

This 8th day of September, 2015.



Signed By:
*David L. Bunning*  DB
United States District Judge

G:\DATA\ORDERS\Ashland Civil\2015\15-44 Order lifting contempt sanction.wpd