# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF KENTUCKY
# ASHLAND DIVISION

| | |
|---|---|
| APRIL MILLER, ET AL., | : |
| | : |
|     Plaintiffs, | :   CIVIL ACTION |
| | : |
| v. | :   0:15-CV-00044-DLB |
| | : |
| KIM DAVIS, ET AL., | :   DISTRICT JUDGE |
| | :   DAVID L. BUNNING |
|     Defendants. | : |
| | : |
| KIM DAVIS, | : |
| | : |
|     Third-Party Plaintiff, | : |
| | : |
| v. | : |
| | : |
| STEVEN L. BESHEAR, in his official capacity as Governor of Kentucky, and WAYNE ONKST, in his official capacity as State Librarian and Commissioner, Kentucky Department for Libraries and Archives, | : |
| | : |
|     Third-Party Defendants. | : |

**DEFENDANT/THIRD-PARTY PLAINTIFF KIM DAVIS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR IMMEDIATE CONSIDERATION AND MOTION TO STAY SEPTEMBER 3, 2015 INJUNCTION ORDER PENDING APPEAL**

Horatio G. Mihet
Roger K. Gannam
Jonathan D. Christman
LIBERTY COUNSEL
P.O. Box 540774
Orlando, Florida 32854
Tel: (800) 671-1776
Fax: (407) 875-0770
hmihet@lc.org / rgannam@lc.org / jchristman@lc.org

A.C. Donahue
DONAHUE LAW GROUP, P.S.C.
P.O. Box 659
Somerset, Kentucky 42502
Tel: (606) 677-2741
Fax: (606) 678-2977
ACDonahue@DonahueLawGroup.com

    *Attorneys for Defendant/Third-Party Plaintiff Kim Davis*

Defendant/Third-Party Plaintiff Kim Davis ("Davis"), by and through her undersigned counsel, respectfully submits this Memorandum of Law in Support of her Emergency Motion for Immediate Consideration and Motion to Stay September 3, 2015 Injunction Order Pending Appeal.

## I.     INTRODUCTION

On August 12, 2015, this Court entered a preliminary injunction ordering Davis to issue marriage licenses to the named Plaintiffs (hereinafter, the "Injunction"). Davis immediately filed a notice of appeal of the Injunction, bringing it within the jurisdiction of the Sixth Circuit, and depriving this Court of jurisdiction to alter or expand the Injunction's scope. But this Court did just that, without fair notice or hearing, by entering a new injunction order on September 3, 2015 that materially expanded the original Injunction while it was already on appeal to the Sixth Circuit (hereinafter, the "Expanded Injunction"). When this Court granted the Expanded Injunction, this Court expressly acknowledged that the Expanded Injunction was relief that Plaintiffs "did not request" in the "original motion" for a preliminary injunction, and which this Court did not grant in its original Injunction.[1] In fact, just seven days ago, this Court confirmed that its September 3, 2015 order undeniably "**expanded its ruling**" already on appeal to the Sixth Circuit.[2] The Expanded Injunction abrogates well-established principles of jurisdiction and due process in the federal court system while an appeal is pending.

Davis timely appealed the Expanded Injunction to the Sixth Circuit, and sought an emergency stay of the Expanded Injunction. Quite apart from Davis' religious liberty interests involved in her appeal of the original Injunction on the merits, her appeal of the Expanded

---

[1]     *See* D.E. 78, Contempt Hr'g, PgID 1578:20-25.
[2]     *See* D.E. 103, Sept. 11, 2015 Order, PgID 2177 (emphasis added).

1

Injunction, and her request for stay of the Expanded Injunction, involve only the issue of this Court's acting without jurisdiction.

Davis originally filed her motion to stay the Expanded Injunction in the Sixth Circuit based in large part upon this Court's consideration of the request for an expanded injunction without notice and its remarks at the September 3, 2015 hearing, including: "We'll just include that [the order expanding the original injunction] as part of the appeal. . . . **And the Sixth Circuit can certainly decide if that's appropriate**."[3] Based upon this Court's actions and foregoing statements, Davis understood a motion for a stay of the expanded injunction to be "impracticable" under Federal Rule of Appellate Procedure 8(a)(1), and sought relief directly from the Sixth Circuit. On September 17, 2015, after full briefing on the motion and despite this Court's foregoing directive, the Sixth Circuit denied on technical grounds Davis' motion for a stay because Davis did not first seek a stay pending appeal in this Court. Davis now timely moves this Court for immediate consideration and to stay its far-reaching expansion of the original Injunction pending the Sixth Circuit's decision on the merits of Davis' appeal of the Expanded Injunction. Because this matter has been fully briefed in the Sixth Circuit, Davis asks this Court for an expedited decision on her stay motion.

## II.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### A.     The Injunction.

On July 2, 2015, less than one week after the Supreme Court decided *Obergefell v. Hodges* and the Kentucky Governor issued a directive ordering all county clerks to personally authorize the issuance of Kentucky marriage licenses to same-sex couples, Plaintiffs filed this lawsuit demanding that Davis authorize and approve their Kentucky marriage licenses, despite widespread

---

[3]     *See* D.E.78, Contempt Hr'g, PgID 1580-81 (emphasis added).

2

availability of licenses and Davis' undisputed religious conscience objection to same-sex "marriage."[4] D.E. 1, Compl.

Plaintiffs filed the action on behalf of themselves and a putative class consisting of "all present and future individuals who, though legally eligible to marry in Kentucky, will be denied a marriage license pursuant to the Defendant's policy." D.E. 1, Compl., PgID 9. "**Named Plaintiffs**" also moved for a preliminary injunction to bar Davis "from enforcing the challenged policy of refusing to issue marriage licenses **against them**" D.E. 2, Pls.' Mot. Prelim. Inj., PgID 34 (emphasis added)), and submitted a proposed Order enjoining Davis "from enforcing the policy of refusing to issue marriage licenses to any future marriage license applications **submitted by the Named Plaintiffs**" D.E. 2-2, Proposed Prelim. Inj. Order (emphasis added).

This Court scheduled a full evidentiary hearing on the injunction motion, to occur on July 13, 2015—just eleven days after the motion was filed. D.E. 5, Order. Plaintiffs did not, however, obtain service of process on Davis prior to the hearing. D.E. 21, Prelim. Inj. Hr'g Tr. July 13, 2015, PgID 105:15-107:7. Thus, Davis' counsel appeared specially and objected to this Court's proceeding with the hearing, without having obtained jurisdiction over Davis through service of process. D.E. 21, Prelim. Inj. Hr'g Tr. July 13, 2015, PgID 102:19-24, 105:15-106:2, 117:1-10. This Court overruled counsel's objection to proceeding without Davis, took evidence, and heard argument on Plaintiffs' preliminary injunction motion. D.E. 21, Prelim. Inj. Hr'g Tr. July 13, 2015, PgID 117:1-119:7. After allowing all of Plaintiffs' evidence and hearing argument, this Court "continued in progress" the July 13, 2015 hearing (D.E. 21, Prelim. Inj. Hr'g Tr. July 13, 2015, PgID 207:2-4), and concluded the hearing on July 20, 2015 (D.E. 26, Prelim. Inj. Hr'g Tr. July 20,

---

[4] Expressly to avoid disparate treatment of any couple, Davis discontinued the issuance of all marriage licenses after *Obergefell*. D.E. 26, Prelim. Inj. Hr'g Tr. July 20, 2015, PgID 259:6-16.

3

2015). Plaintiffs' evidence at both hearings was limited exclusively to the named Plaintiffs' claims.[5]

On August 12, 2015, this Court granted Plaintiffs' motion for preliminary injunction by its Memorandum Opinion and Order. D.E. 43. Exactly as requested by Plaintiffs in their motion and proposed order (D.E. 2, 2-2), the Injunction enjoins Davis "from applying her 'no marriage licenses' policy to future marriage license requests **submitted by Plaintiffs**." D.E. 43, Inj., PgID 1173 (emphasis added).) Thus, there was complete agreement between what Plaintiffs requested and what this Court ordered.[6]

### B. Plaintiffs' Request For Class Certification.

On August 2, 2015, Plaintiffs filed a motion for class certification. D.E. 31, Pls.' Mot. Class Cert. On August 11, 2015, Davis filed a motion for extension of time to respond to Plaintiffs' class certification motion, requesting that the Court set a response date for ninety (90) days after this Court ruled on all of the motions pending before this Court at that time.[7] D.E. 42, Mot. Ext. Time Respond. **Plaintiffs filed no written opposition to this motion in the time allotted under the Local Rules**. On August 24, 2015, Davis filed a reply brief after Plaintiffs' time to oppose expired, showing that "Plaintiffs' failure to file a timely written opposition constitutes a waiver of any

---

[5] Because the relief sought by Plaintiffs in their preliminary injunction motion was personal to them, no evidence was presented on their Complaint's class allegations or request for class-wide relief. Plaintiffs did not file their motion for class certification until August 2, 2015.

[6] In contrast to the expedited treatment of Plaintiffs' preliminary injunction motion against Davis, this Court scheduled no preliminary injunction hearing on Davis' own motion for preliminary injunction against Third-Party Defendants Gov. Beshear and Commr. Onkst (D.E. 39), and effectively denied the motion by ordering a stay (on the court's own motion) of all proceedings on Davis' motion pending the Sixth Circuit's decision on the merits of Davis' appeal of the Injunction against her. D.E. 58, Order Aug. 25, 2015, PgID 1289. Davis appealed to the Sixth Circuit this Court's effectual denial of her preliminary injunction motion (D.E. 66, Notice of Appeal), which appeal is docketed in that Court at Case No. 15-5961. Gov. Beshear and Commr. Onkst filed a motion to dismiss that appeal, which the Sixth Circuit denied on September 15, 2015.

[7] These pending motions included Plaintiffs' motion for preliminary injunction (D.E. 2), Davis' motion to dismiss Plaintiffs' Complaint (D.E. 32), and Davis' motion for preliminary injunction (D.E. 39).

opposition to Davis' motion for extension of time." D.E. 56, Reply Br. Supp. Mot. Ext. Time Respond, PgID 1289.

On August 25, 2015, this Court granted Davis' motion for extension of time. D.E. 57, Virtual Order Aug. 25, 2015 ("**Plaintiffs having filed no opposition to the MOTION**, IT IS ORDERED that Defendant Davis' response to said motion is due 30 days after the Sixth Circuit Court of Appeals renders its decision on the appeal of the Court's granting of Plaintiffs' motion for a preliminary injunction.") (emphasis added). The effect of this order was to stay all proceedings on Plaintiffs' class certification motion until the Sixth Circuit decides the appeal of the Injunction on the merits.

### C. Plaintiffs' Motion To "Clarify" The Injunction And The "Hearing."

Despite the unambiguous agreement between what Plaintiffs requested in their motion for preliminary injunction and what this Court granted in the Injunction, Plaintiffs manufactured a disingenuous motion to "clarify" the Injunction to encompass a class of persons not covered by the Injunction. D.E. 68, Pls.' Mot. "Clarify" Prelim. Inj. Specifically, Plaintiffs moved:

> for an order to clarify or, in the alternative, to modify the preliminary injunction to state unambiguously that the preliminary injunction applies **not only to future marriage license requests submitted by the four named Plaintiff couples in this action, but also to requests submitted by other individuals who are legally eligible to marry in Kentucky**.

D.E. 68, Pls.' Mot. "Clarify" Prelim. Inj., PgID 1488 (emphasis added). Thus, rather than a motion to "clarify," Plaintiffs actually sought to convert the Injunction's relief, which was limited and personal to them by their own request, into a **class-wide** preliminary injunction even though (1) they had never previously requested a class-wide injunction (D.E. 2-2, Proposed Prelim. Inj. Order), (2) they presented no actual evidence regarding the purported "other members of the

putative class" (D.E. 68, Pls.' Mot. "Clarify" Prelim. Inj., PgID 1489); and (3) their actual motion for class certification was stayed (D.E. 57, Virtual Order Aug. 25, 2015).

Plaintiffs filed their motion to "clarify" the Injunction on September 1, 2015, **three weeks after** this Court entered its Injunction. D.E. 68, Pls.' Mot. "Clarify" Prelim. Inj., PgID 1488-91. Moreover, Plaintiffs' motion to "clarify" was filed on the heels of, or "contemporaneously with" (Plaintiffs' words), their motion to hold Davis in contempt of court for violating the Injunction by failing to authorize a marriage license for one Plaintiff couple. D.E. 67, Pls.' Contempt Mot. Within minutes of Plaintiffs' filing the contempt motion, this Court scheduled a contempt hearing to occur two days later, ordered Davis and all of her deputy clerks to be present at the hearing, and limited Davis to filing a five-page opposition by close of business the next day (which Davis did).[8] D.E. 69, Order Sept. 1, 2015, PgID 1496; *see also* D.E. 72, Contempt Resp., PgID 1540-46.

Approximately forty-eight hours later, on September 3, 2015, this Court commenced the hearing it had exclusively noticed for Plaintiffs' contempt motion. D.E. 69, Order Sept. 1, 2015, PgID 1496 ("IT IS ORDERED that this matter be, and is, hereby set for a hearing on Plaintiff's Motion to Hold Defendant Kim Davis in Contempt of Court DE[67] on Thursday, September 3, 2015 at 11:00 a.m. in Ashland, Kentucky."); D.E. 78, Contempt Hr'g. Before taking up the contempt motion, however, and without any advance notice to Davis, this Court called up Plaintiffs' motion to "clarify" the Injunction. D.E. 78, Contempt Hr'g, PgID 1570:21-1571:22, 1572:19-1573:19. Davis' counsel objected to proceeding on the motion to "clarify" due to lack of fair notice, and due to this Court's lack of jurisdiction to expand the Injunction because it was already on appeal. D.E. 78, Contempt Hr'g, PgID 1573:20-1580:19.

---

[8] In her response brief opposing Plaintiffs' contempt motion, Davis specifically stated that she opposed Plaintiffs' thinly-veiled motion to "clarify" the Injunction, and intended to file a written opposition in accordance with the Local Rules (21 days after service). D.E. 72, Contempt Resp., PgID 1542.

This Court acknowledged that the motion to "clarify" was not noticed for hearing. D.E. 78, Contempt Hr'g, PgID 1571:18-20 ("The case wasn't noticed for that hearing."). This Court also acknowledged that the so-called "clarification" sought by Plaintiffs was, in fact, to add relief to the Injunction which was not sought by Plaintiffs in their motion for preliminary injunction. D.E. 78, Contempt Hr'g, PgID 1578:20-25 ("**I recognize they did not request it in the original motion**." (emphasis added). Nonetheless, over Davis' objection, and without taking any evidence to support this class-wide relief, this Court granted the expansion of the Injunction. D.E. 78, Contempt Hr'g, PgID 1580:3-15. After expanding the Injunction, this Court immediately passed the issue to the Sixth Circuit. D.E. 78, Contempt Hr'g, PgID 1580-81 ("We'll just include that as part of the appeal. . . . And the Sixth Circuit can certainly decide if that's appropriate.").

Having expanded the Injunction, this Court then proceeded with hearing the only motion the court noticed for hearing, Plaintiffs' contempt motion. D.E. 78, Contempt Hr'g, PgID 1581:18-19 ("Let me now turn to the actual merits of the matter that's before the Court."). The court ordered Davis to jail as a contempt sanction for Davis' refusal to issue a marriage license, in violation of her conscience, to one Plaintiff couple.[9] D.E. 78, Contempt Hr'g, PgID 1659:22-1661:25. The condition for Davis' release would be her compliance with the Expanded Injunction, not the original Injunction D.E. 78, Contempt Hr'g, PgID 1661:18-1662:16. This Court then appointed criminal defense counsel for each of Davis' deputy clerks—all of whom had been summoned in advance to the hearing—and interrogated each deputy clerk as to whether each of them would

---

[9] This Court memorialized this most severe of contempt sanctions against Davis by a mere "minutes" order (D.E. 75 (the "Contempt Order")); no formal written order has been entered. (D.E. 78, Contempt Hr'g, PgID 1651:21-24 ("I haven't decided if I'm going to enter a written order or not. I probably will enter some sort of written order following up the Court's decision.").) Davis separately appealed the Contempt Order to the Sixth Circuit (D.E. 83, Contempt Order Notice of Appeal), which appeal has been docketed as Case No. 15-5978.

7

issue marriage licenses without Davis' authorization. D.E. 78, Contempt Hr'g, PgID 1667:19-1730:6.

On September 8, 2015, the sixth day of Davis' incarceration, Plaintiffs filed a status report, showing this Court that the Plaintiffs had received marriage licenses from the deputy clerks.[10] D.E. 84, Status Report. Following the status report, this Court ordered Davis released, stating in its order the court was "satisfied that the Rowan County Clerk's Office is fulfilling its obligation to issue marriage licenses" under the Injunction. D.E. 89 (the "Release Order"), PgID 1827-28. The Release Order commands, however, "Davis **shall not interfere** in any way, directly or indirectly, with the efforts of her deputy clerks to issue marriage licenses," on pain of new sanctions for contempt. D.E. 89, Release Order, PgID 1828. The order also requires the deputy clerks, through their appointed criminal defense counsel (*see* D.E. 106-111), to file status reports with this Court every fourteen days. D.E. 89, Release Order, PgID 1828.

### D.     Davis' Emergency Motion To Stay Expanded Injunction.

On September 11, 2015, Davis filed an emergency motion in the Sixth Circuit requesting an order staying the September 3, 2015 Expanded Injunction pending appeal. As noted above, Davis originally filed this motion in the Sixth Circuit based in large part upon this Court's consideration of the request for an expanded injunction without notice and its remarks at the September 3, 2015 hearing, including: "We'll just include that [the order expanding the original injunction] as part of the appeal. . . . **And the Sixth Circuit can certainly decide if that's**

---

[10]     The status report showed that three of the four Plaintiff couples had received marriage licenses. D.E. 84, Status Report, PgID 1798. Plaintiffs had previously shown this Court, however, that as of August 13, 2015, Plaintiffs Burke and Napier were "making new wedding arrangements." D.E. 46, Pls.' Resp. Mot. Stay Prelim. Inj., PgID 1235. This fourth couple has never testified in this case or otherwise supplied verified proof that they are qualified to obtain a marriage license, or that they have not received one, both prerequisites to injunctive relief. D.E. 29, Resp. Pls.' Mot. Prelim. Inj., PgID 359. Moreover, based on the status report, this Court found, "Plaintiffs have obtained marriage licenses . . . ." D.E. 89, Release Order, PgID 1827.

**appropriate**." D.E.78, Contempt Hr'g, PgID 1580-81 (emphasis added). Based upon this Court's actions and foregoing statements, Davis understood a motion for a stay of the expanded injunction to be "impracticable" under Federal Rule of Appellate Procedure 8(a)(1), and sought relief from the Sixth Circuit.[11] An expedited briefing schedule was set on this motion in the Sixth Circuit. On September 15, 2015, Plaintiffs and the Third-Party Defendants filed response briefs to Davis' emergency motion for a stay of the expanded injunction.[12] On September 16, 2015, Davis filed her reply brief.[13] On September 17, 2015, the Sixth Circuit denied Davis' motion for a stay because Davis "has not sought a stay pending appeal in the district court as required by Federal Rule of Appellate Procedure 8(a)(1)," and concluded that it would not be impracticable for Davis to move this Court for a stay pending appeal.[14]

Accordingly, Davis now moves this Court for immediate and expedited consideration of her Motion to Stay this Court's September 3, 2015 injunction order. As indicated above, the matter is already substantively briefed by the parties. *See* Exs. A-D. Therefore, Davis asks for an expedited decision from this Court on her Motion.

## III. STANDARD OF REVIEW

In deciding a motion for stay pending appeal, Sixth Circuit courts evaluate the same four factors that are traditionally considered in evaluating a motion for preliminary injunction: "(1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be

---

[11] A copy of Davis' Motion to Stay filed in the Sixth Circuit (without exhibits) is attached as Exhibit "A."
[12] A copy of the Plaintiffs' and Third-Party Defendants' response briefs are attached as Exhibits "B" and "C," respectively.
[13] A copy of Davis' reply brief in support of the Motion to Stay is attached as Exhibit "D."
[14] A copy of the Sixth Circuit's order dated September 17, 2015 is attached as Exhibit "E."

harmed if the court grants the stay; and (4) the public interest in granting the stay." *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991).

IV. <u>ARGUMENT</u>

    A. <u>Davis Has A Strong Likelihood Of Success On The Merits Of Her Appeal Of The Expanded Injunction To Warrant An Immediate Stay Pending Appeal.</u>

This Court had no jurisdiction to enter the Expanded Injunction. Thus, it is a nullity. As such, Davis has a strong likelihood of success in obtaining reversal of the Expanded Injunction on the merits of her appeal. "[A] a district court may not alter or enlarge the scope of its judgment pending appeal . . . ." *N.L.R.B. v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 588 (6th Cir. 1987). "The standard for jurisdiction after the filing of the notice of appeal . . . is that a district court may enforce its judgment **but not expand upon it**." *Am. Town Ctr. v. Hall 83 Associates*, 912 F.2d 104, 110-11 (6th Cir. 1990) (emphasis added); *cf. United States v. State of Mich.*, Nos. 94-2391, 95-1258, 1995 WL 469430, *18 (6th Cir. 1995) ("[S]ince the district court's . . . orders were already on appeal, the district court lacked jurisdiction . . . **to reduce** the number of mental health beds which it had required defendants to provide in its . . . orders." (emphasis added)); *City of Cookeville, Tenn. v. Upper Cumberland Elec. Membership Corp.*, 484 F.3d 380, 388, 394 (6th Cir. 2007) ("**The district court did not have jurisdiction to issue the injunction because the injunction sought to expand the district court's previous order**.") (emphasis added);

The Sixth has drawn a crucial distinction between *expansion* (or enlargement) of orders, including injunctions, and *enforcement* of them. *See Cookeville*, 484 F.3d at 394 (citing *Am. Town Ctr.*, 912 F.2d at 110). Thus, nothing in Federal Rule of Civil Procedure 62(c)[15] (which Plaintiffs cited in their thinly-veiled motion to "clarify") permits an expansion or enlargement of an

---

[15] In relevant part, this Rule provides that "While an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." Fed. R. Civ. P. 62(c).

injunction order on appeal. In this matter, this Court did not "modify" its original Injunction—instead, by its own words, it significantly "expanded" the Injunction and provided relief that Plaintiffs did not originally request. But any amendment of an order without jurisdiction is a "nullity." *Workman v. Tate*, 958 F.2d 164, 168 (6th Cir. 1992) ("Since the district court was without jurisdiction to amend its order . . . the Amended Order . . . is a nullity."); *United States v. Holloway*, 740 F.2d 1373, 1382 (6th Cir. 1984) ("In the present case, the district court's order is 'null and void since that court was without jurisdiction . . . after the appeal had been taken.'").

Plaintiffs' Motion for Preliminary Injunction expressly, and only, sought to enjoin Davis to issue licenses to the "Named Plaintiffs." The resulting Injunction enjoined Davis to issue licenses, expressly and only, to the "Plaintiffs." The scope of the Injunction could not be clearer. There is no "confusion as to the Order's scope," as Plaintiffs facetiously allege in their thinly-veiled motion to "clarify." D.E. 68, Pls.' Mot. "Clarify" Prelim. Inj., PgID 1489. Thus, expanding the class of persons entitled to licenses pursuant to the Injunction—to include anyone in the world who wants a marriage license in Rowan County—can in no way be described as a clarification. The expansion of the class is an expansion of the Injunction, which this Court had no jurisdiction to do. Thus, the Expanded Injunction is a nullity.

In fact, this Court unambiguously agrees that it "expanded" its preliminary injunction while it was on appeal to the Sixth Circuit. In granting the Expanded Injunction, this Court explicitly recognized that the so-called "clarification" sought by Plaintiffs was, in fact, to add relief to the Injunction which was not sought by Plaintiffs in their motion for preliminary injunction. D.E. 78, Contempt Hr'g, PgID 1578:20-25 ("**I recognize they did not request it in the original motion**." (emphasis added)). Even more recently, this Court expressly acknowledged, again, its expansion of the injunction: "On September 3, 2015, the Court granted Plaintiffs' Motion Pursuant to Rule

11

62(c) to Clarify the Preliminary Injunction Pending Appeal and **expanded its ruling** to include other individuals who are legally eligible to marry in Kentucky. (Docs. #68 and 74)." D.E. 103, Sept. 11, 2015 Order, PgID 2177 (emphasis added). Accordingly, because Davis has a strong likelihood of succeeding on the merits of her appeal of the Expanded Injunction, this Court should immediately stay the Expanded Injunction pending appeal.

B. **The Remaining Factors Also Favor Staying This Court's Expanded Injunction Because It Is Null And Void.**

Because the likelihood of success on Davis' appeal of the Expanded Injunction is clear based upon this Court's lack of jurisdiction, this Court need not even make specific findings on the other factors weighed in granting a stay since "fewer factors" are dispositive. *See Six Clinics Holding Corp., II v. Cafcomp Sys., Inc.,* 119 F.3d 393, 399 (6th Cir. 1997). Nevertheless, the remaining factors provide additional support for granting a stay of the Expanded Injunction.

Because orders exceeding a district court's jurisdiction are "null and void," *Holloway*, 740 F.2d at 1382, no public interest is served by upholding this Court's Expanded Injunction. The filing of a notice of appeal (which Davis filed the same day the original Injunction was entered) is a point of "jurisdictional significance," conferring jurisdiction on the appellate court and divesting this Court of same. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). To permit the Expanded Injunction to stand while Davis' appeal is pending sets a dangerous and harmful precedent for parties challenging by right injunction orders in the appellate court. Such persons (like Davis) could be subjected to competing obligations and onerous burdens for exercising their appellate rights, with potentially grave (and escalating) consequences.

Those consequences to Davis are real in this case. This Court has already found Davis in contempt for allegedly violating the original Injunction, and **incarcerated Davis for six days** as a sanction for the purported contempt. This immeasurable harm and loss of freedom, coupled with

this Court's ominous directives in its September 8, 2015 release order—stating that any interference with the issuance of marriage licenses "to all legally eligible couples" will "be considered a violation of this Order and appropriate sanctions will be considered" (D.E. 89, Release Order, PgID 1828)—demonstrate that, according this Court, any violation of its Expanded Injunction (rather than its original injunction), will be cause for further contempt proceedings.[16] Such mandates hold Davis hostage on an order it had no lawful jurisdiction to entertain, let alone authority to enter. These burdens and threats are unnecessary and improper. As an order of enforcement, the Release Order serves no purpose with respect to the original Injunction because only the Plaintiffs were granted relief in the original Injunction, and this Court is already "satisfied" that Plaintiffs have received their ordered relief. D.E. 89, Release Order, PgID 1827-28.[17] Thus, this Court only has an enforcement interest under the Expanded Injunction which, as shown herein, is "null and void" as exceeding this Court's jurisdiction. *See Holloway*, 740 F.2d at 1382. Only a stay of the Expanded Injunction pending Davis' appeal will avoid this improper exercise of enforcement power.

---

[16] In weighing the harm that will occur as a result of granting or denying a stay, Sixth Circuit courts generally consider three factors: "(1) the substantiality of the injury alleged; (2) the likelihood of its occurrence; and (3) the adequacy of the proof provided." *Michigan Coal.*, 945 F.2d at 154. The "key word" in this consideration is "irreparable," and the harm must be "both certain and immediate, rather than speculative or theoretical." *Id*. Given the strength of Davis' position on the merits, her required showing on irreparable injury is reduced. "The probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury [the moving party] will suffer absent the say. Simply stated, more of one excuses less of the other." *Mich. Coal.*, 945 F.2d at 153 (internal citation omitted). In other words, "a stay may be granted with either a high probability of success and some injury or vice versa." *State of Ohio v. Nuclear Regulatory Comm'n*, 812 F.2d 288, 290 (6th Cir. 1987). Nonetheless, Davis's harm from the denial of a stay is both real and irreparable.

[17] Moreover, the Plaintiffs in other cases pending against Davis in this Court, *David Ermold, et al. v. Kim Davis, et al.*, No. 15-cv-00046-DLB, and *James Yates, et al. v. Kim Davis, et al.*, No. 15-cv-00062-DLB, have also secured marriage licenses not authorized by Davis. *See*, *e.g.*, Marriage Licenses Issued in Kentucky, but Debate Continues, N.Y. TIMES, Sept. 4, 2015, *available at* http://www.nytimes.com/2015/09/05/us/kim-davis-same-sex-marriage.html?_r=0 (last accessed Sept. 18, 2015); David Ermold and David Moore finally issued marriage license, DAILYMAIL.COM, Sept. 4, 2015, *available at* http://www.dailymail.co.uk/video/news/video-1212676/David-Ermold-David-Moore-finally-issued-marriage-license.html (last accessed Sept. 18, 2015).

In stark contrast to the threat of sanctions hanging over Davis each day she enters her office while waiting for a merits decision from the Sixth Circuit on her appeals, Plaintiffs will suffer no harm if the Expanded Injunction is stayed pending appeal. Plaintiffs have already received the benefits of the Injunction, to the "satisfaction" of this Court. D.E. 89, Release Order, PgID 1827-28. Plaintiffs received no additional relief from the Expanded Injunction; staying its enforcement pending Davis's appeal cannot harm them. Accordingly, because there is no public interest in enforcing an order that is null and void, this Court should immediately stay the Expanded Injunction pending appeal.

### V.  CONCLUSION

For all the foregoing reasons, and those set forth in Davis' briefing on this Motion filed in the Sixth Circuit, which is attached hereto and incorporated by reference here, Davis' Emergency Motion for Immediate Consideration and Motion to Stay September 3, 2015 Injunction Order Pending Appeal should be granted.

DATED: September 18, 2015

Respectfully submitted:

/s/ Jonathan D. Christman

| | |
|---|---|
| A.C. Donahue | Horatio G. Mihet |
| Donahue Law Group, P.S.C. | Roger K. Gannam |
| P.O. Box 659 | Jonathan D. Christman |
| Somerset, Kentucky 42502 | Liberty Counsel |
| Tel: (606) 677-2741 | P.O. Box 540774 |
| Fax: (606) 678-2977 | Orlando, Florida 32854 |
| ACDonahue@DonahueLawGroup.com | Tel: (800) 671-1776 |
| | Fax: (407) 875-0770 |
| | hmihet@lc.org |
| | rgannam@lc.org |
| | jchristman@lc.org |

*Attorneys for Defendant/Third-Party Plaintiff Kim Davis*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed via the Court's ECF filing system and therefore service will be effectuated by the Court's electronic notification system upon the following counsel or parties of record:

Daniel J. Canon
L. Joe Dunman
Laura E. Landenwich
CLAY DANIEL WALTON ADAMS, PLC
462 S. Fourth Street, Suite 101
Louisville, KY 40202
dan@justiceky.com
joe@justiceky.com
laura@justiceky.com

William Ellis Sharp
ACLU OF KENTUCKY
315 Guthrie Street, Suite 300
Louisville, KY 40202
sharp@aclu-ky.org

*Attorneys for Plaintiffs*

Jeffrey C. Mando
Claire Parsons
ADAMS, STEPNER, WOLTERMANN & DUSING, PLLC
40 West Pike Street
Covington, KY 41011
jmando@aswdlaw.com
cparsons@aswdlaw.com

*Attorneys for Defendant Rowan County*

William M. Lear, Jr.
Palmer G. Vance II
STOLL KEENON OGDEN PLLC
300 West Vine Street, Suite 2100
Lexington, KY 40507-1380
william.lear@skofirm.com
gene.vance@skofirm.com

*Attorneys for Third-Party Defendants Steven L. Beshear, Governor of Kentucky, and Wayne Onkst, State Librarian and Commissioner for Kentucky Department for Libraries and Archives*

DATED: September 18, 2015

/s/ Jonathan D. Christman
Jonathan D. Christman
*Attorney for Defendant/Third-Party Plaintiff Kim Davis*