UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

| | |
|---|---|
| APRIL MILLER, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>KIM DAVIS, *et al.*,<br><br>Defendants. | Case No. 0:15-cv-00044-DLB<br><br>*Electronically filed* |

**MOTION TO REOPEN BRIEFING AND EXPEDITE CONSIDERATION OF PLAINTIFFS' CLASS CERTIFICATION MOTION**

Plaintiffs respectfully request that this Court reopen and expedite consideration of Plaintiffs' Motion to Certify Class. [RE #31.] As set forth below, good cause exists to support Plaintiffs' request.

**I.   PROCEDURAL HISTORY**

Plaintiffs filed this action, along with a Motion for Preliminary Injunction, on July 2, 2015.  [RE #1, 2.] On August 2, 2015, Plaintiffs filed their Motion to Certify Class. [RE #31.] Defendant Davis sought an extension of time to file her response to Plaintiffs' class certification motion on August 11, 2015.  [RE #42.] Pointing to multiple motions pending before the Court, as well as the Court's suggestion that the case might be "'resolved well before we get to any motion for class certification,'" she proposed that the Court set a briefing schedule in which her response to the class certification motion would be due 90 days from the date of this Court's last ruling on the pending motions. [*Id.* at 4-6 (quoting RE # 21 at Page ID #209).]  Although Plaintiffs did not file a formal response to this motion for extension of time, they had informed Davis' counsel that they

1

would agree to extend the due date of Defendants' response until September 18, 2015. [*Id.* at 5 & Ex. 1.] Plaintiffs also stated that they would, thereafter, consider requests for an additional extension, depending on the proffered reasons. [*Id.*] On August 27, 2015, the Court granted Defendants' Motion for Extension of Time, ordering that Davis file her response to Plaintiffs' Motion to Certify Class "30 days after the Sixth Circuit Court of Appeals renders its decision on the appeal of the Court's granting of Plaintiffs' motion for a preliminary injunction." [Re #57.]

On August 12, 2015, this Court granted Plaintiffs' Motion for Preliminary Injunction and enjoined Davis, in her official capacity as Rowan County Clerk, from applying her "no marriage licenses" policy to Plaintiffs. [RE #57.] That Order is currently on appeal to the Sixth Circuit, with Davis' opening brief due on October 2, 2015, and Plaintiffs' response due on November 4, 2015. [*Miller, et al. v. Davis*, No. 15-5880, RE #18: Briefing Letter (6th Cir.).] Although Davis sought a stay of the Court's preliminary injunction, this Court, the Sixth Circuit, and the Supreme Court all denied her request. [*Miller, et al. v. Davis*, No. 15-5880 (6th Cir. Aug. 26, 2015); *Davis v. Miller*, No. 15A250, -- S.Ct. --, 2015 WL 5097125, at *1 (U.S. Aug. 31, 2015).]

On September 1, 2015, Plaintiffs filed a Motion Pursuant to Rule 62(c) to Clarify the Preliminary Injunction Pending Appeal. [RE #68.] In that motion, Plaintiffs requested that the Court "clarify or, in the alternative, . . . modify the [August 12] preliminary injunction to state unambiguously that the preliminary injunction applies not only to future marriage license requests submitted by the four named Plaintiff couples in this action, but also to requests submitted by other individuals who are legally eligible to marry in Kentucky." [*Id.* at 1.] The Court heard argument on the motion during a

2

September 3, 2015, contempt hearing. [RE #78 (15-5880): 9/3/15 Hrg. Transcript, Page ID# 1571-1580.] After hearing argument, the Court granted the motion, ordering that the August 12 preliminary injunction was "modified to state that Defendant Kim Davis, in her official capacity as Rowan County Clerk, is hereby preliminarily enjoined from applying her 'no marriage licenses' policy to future marriage license requests submitted by Plaintiffs or by other individuals who are legally eligible to marry in Kentucky." [RE #74.] Davis filed her amended notice of appeal of that Order on September 8, 2015. [RE #82.]

On September 11, 2015, Davis also filed with the Sixth Circuit a motion to stay this Court's September 3 Order modifying the preliminary injunction. [RE #43 (15-5880): Emergency Mot. for Immediate Consideration & Mot. to Stay District Court's September 3, 2015 Injunction Order Pending Appeal.] Among other arguments, Davis contended that the September 3 Order was improper because this Court has not yet certified a class action in this matter and effectively "stay[ed] all proceedings on Plaintiffs' class certification motion until [the Sixth Circuit] decides the appeal of the Injunction on the merits." [*See id.* at 5-6, 8.] The Sixth Circuit denied Davis' motion on September 17, 2015, for failure to comply with Rule 8(a)(1), which requires that all stay motions be first presented to the district court. [RE #50 (15-5880): Order.] On September 18, 2015, Davis filed an emergency motion with this Court for a stay of the Court's September 3 Order, making the same arguments she presented to the Court of Appeals. [RE #113.].

## II. THERE IS GOOD CAUSE TO REOPEN BRIEFING AND EXPEDITE CONSIDERATION OF PLAINTIFFS' CLASS CERTIFICATION MOTION.

There is good cause for this Court to exercise its discretion and reconsider its August 27 Order, which effectively stayed briefing on the class certification question until after the Sixth Circuit rules on Davis' appeal of the August 12 preliminary injunction:

1. Members of the putative class in this matter – all couples eligible for marriage in Rowan County – will suffer substantial and irreparable harm to their constitutional rights without a court order preliminarily enjoining Davis from denying them marriage licenses. Although Davis' office is currently issuing licenses to all couples, she does so only because of this Court's September 3 Order applying the August 12 preliminary injunction to all eligible marriage applicants. In fact, Davis has modified the marriage licenses currently provided by her office to state that they are issued only "Pursuant to Federal Court Order #15-CY-44 DLB." [1]

2. Plaintiffs believe that this Court's September 3 Order clarifying the preliminary injunction was procedurally and jurisdictionally proper. However, in light of (1) the arguments presented by Defendants to the Sixth Circuit and this Court regarding the current lack of class certification and this Court's stay of class certification proceedings,

---

[1] BILL ESTEP, *ACLU concerned about validity of marriage licenses issued Monday by office of Kim Davis*, http://www.kentucky.com/2015/09/15/4038023_aclu-concerned-about-validity.html?rh=1 (Sept. 15, 2015). Additional material alterations made by Davis to the licenses issued by her office include requiring her clerk to issue licenses in his capacity as a "notary public" rather than a deputy clerk of the Rowan County Clerk's Office. *Id. See also* Notice of Filing by Bryan Mason. [RE #114.] These alterations call into question the validity of the marriage licenses issued, create an unconstitutional two-tier system of marriage licenses issued in Kentucky, and do not comply with this Court's

4

and (2) Davis' conduct making clear that she only continues to issue the licenses to all couples because of this Court's Order, the principles of equity dictate that this Court should reopen and expedite briefing on the class certification motion to ensure that members of the putative class are protected from the serious and irreparable harm that Davis seeks to impose on them.

3.  There is no jurisdictional bar to proceeding with briefing on and consideration of Plaintiffs' Motion to Certify Class. *See, e.g.*, *Moltan Co. v. Eagle-Picher Indus., Inc.*, 55 F.3d 1171, 1174 (6th Cir. 1995) ("Ordinarily, the district court is divested of jurisdiction in a case when one or more of the parties files a notice of appeal. There is authority, however, which holds that an appeal from an interlocutory order does not divest the trial court of jurisdiction to continue deciding other issues in the case.") (internal quotation marks and citation omitted).

## CONCLUSION

In light of the foregoing, Plaintiffs respectfully request that this Court reconsider its August 27 Order effectively staying class certification proceedings and grant Plaintiffs' Motion to Reopen Briefing and Expedite Consideration of Plaintiffs' Motion to Certify Class. Moreover, because Davis' September 18 motion to stay the September 3 Order invokes questions relating to class certification, Plaintiffs further request that this Court set a schedule on the Motion to Certify Class that provides for briefing and resolution of the class certification issue prior to, or at the same time as, briefing and resolution of Davis' September 18 motion to stay.

---

September 3 Order prohibiting Davis from interfering with the issuance of marriage

5

Daniel J. Canon
Laura E. Landenwich
L. Joe Dunman
CLAY DANIEL WALTON & ADAMS, PLC
462 South Fourth Street
Suite 101
Louisville, KY 40202
(502) 561-2005
ACLU OF KENTUCKY Cooperating
   Attorneys
dan@justiceky.com
laura@justiceky.com
joe@justiceky.com


\* Admitted *pro hac vice*

/s Heather L. Weaver
Daniel Mach\*
Heather L. Weaver\*
AMERICAN CIVIL LIBERTIES UNION
   FOUNDATION
915 15th Street NW
Washington, DC 20005
(202) 675-2330
dmach@aclu.org

Ria Tabacco Mar\*
James D. Esseks\*
AMERICAN CIVIL LIBERTIES UNION
   FOUNDATION
125 Broad Street
New York, NY 1004
(212) 549-2627
rmar@aclu.org
jesseks@aclu.org

William E. Sharp
Legal Director
ACLU OF KENTUCKY
315 Guthrie Street, Suite 300
Louisville, KY 40202
(502) 581-9746
sharp@aclu-ky.org



*Counsel for Plaintiffs*

---

licenses. Plaintiffs are exploring legal options to address these material alterations.

**CERTIFICATE OF SERVICE**

I certify that on September 18, 2015, I filed this motion and accompanying proposed order with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Jeffrey C. Mando
Claire E. Parsons
Cecil Watkins
jmando@aswdlaw.com
cparsons@aswdlaw.com
cwatkins@prosecutors.ky.gov

*Counsel for Rowan County*


Anthony C. Donahue
Roger Gannam
Jonathan Christman
acdonahue@donahuelawgroup.com
rgannam@lc.org
jchristman@lc.org

*Counsel for Kim Davis*

                s/ Heather L. Weaver
                *Counsel for Plaintiffs*