UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND

**CIVIL ACTION NO. 15-44-DLB**

**APRIL MILLER, et al.**                                                                                       **PLAINTIFFS**


**vs.**                                                **MEMORANDUM ORDER**


**KIM DAVIS, both individually**
**and in her official capacity, et al.**                                                       **DEFENDANTS**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This matter is before the Court on Defendant Kim Davis' Emergency Motion to Stay the Court's Injunction Order of September 3, 2015 Pending Appeal (Doc. # 113). In that Order (Doc. # 74), the Court granted Plaintiffs' Motion to Clarify (Doc. # 68) the preliminary injunction entered against Davis, enjoining her, in her official capacity as Rowan County Clerk, "from applying her 'no marriage licenses' policy to future marriage license requests submitted by Plaintiffs" (Doc. # 43 at 28). The modified injunction simply clarifies that Davis may not enforce her policy against other "individuals who are legally eligible to marry in Kentucky" (Doc. # 74). Davis has appealed this issue to the Sixth Circuit Court of Appeals (Doc. # 82) and asked it to stay enforcement of the modified injunction while the appeal is pending (Doc. # 112). The Sixth Circuit denied Davis' Motion to Stay for failure to comply with Federal Rule of Appellate Procedure 8(a)(1), which requires her to first seek such relief from this Court. Davis immediately filed the Motion before this Court. Because the issues raised therein have already been exhaustively briefed, the Court considers Davis' Motion

1

ripe for review.  For reasons stated herein, Davis' Motion (Doc. # 113) is **DENIED**.

"While an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." Fed. R. Civ. P. 62(c); see also Fed. R. App. P. 8(a)(1) (requiring a party to move first in the district court for an order suspending modifying, restoring, or granting an injunction while an appeal is pending).  To determine whether a stay is warranted, district courts rely on the following four factors: (1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay.  *Mich. Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991).

Davis argues that she is entitled to a stay because she has established a strong likelihood of success on the merits of her appeal of the Court's September 3, 2015 Order. Specifically, she contends that the Order is null and void because the Court entered it after she appealed the initial preliminary injunction to the Sixth Circuit.  Davis further insists that the Order does not fit within the confines of Federal Rule of Civil Procedure 62(c), which permits a district court to modify a preliminary injunction during the pendency of an interlocutory appeal.  Rather, she characterizes the Court's Order as an impermissible "expan[sion of] the class of persons entitled to licenses pursuant to the [i]njunction." (Doc. # 113-1 at 12).

"The filing of a notice of appeal is an event of jurisdictional significance–it confers jurisdiction on the court of appeals and divests the district court of its control over those

aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). However, Federal Rule of Civil Procedure 62(c) creates an exception to this general rule:

> While an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights.

A circuit split has developed as to the proper interpretation of Rule 62(c). *Basicomputer Corp. v. Scott*, 973 F.2d 507, 513 (6th Cir. 1992). "At least three circuits provide that a trial court's power to modify a preliminary injunction during the pendency of an interlocutory appeal is limited to modifications that preserve the status quo." *Id.* (citing case law from the 2nd, 5th and 9th Circuits). Two other circuits "have concluded that, in some circumstances, a district court may alter the status quo by modifying an injunction during the pendency of an appeal." *Id.* (citing cases from the 3rd and 8th Circuits). The Sixth Circuit has not endorsed either one of these tests. *Id.* (stating that "[w]e need not weigh in on this controversy in order to resolve this case").

The Court believes that its decision to grant Plaintiffs' Motion to Clarify is consistent with both interpretations of Rule 62(c). In its initial injunction order, the Court simply granted Plaintiffs' request for relief and enjoined Davis from applying her "no marriage licenses" policy to Plaintiffs. However, it soon became apparent that Davis denied marriage license requests submitted by other couples, including, but not limited to, Plaintiffs in two companion cases before this Court. *See Ermold et al. v. Davis et al.*, 0:15-cv-46-DLB; *Yates et al. v. Davis et al.*, 0:15-cv-62-DLB. Had the Court declined to clarify that its ruling applied to all eligible couples seeking a marriage license in Rowan County, it would have

effectively granted Plaintiffs' request for injunctive relief and left other eligible couples at the mercy of Davis' "no marriage licenses" policy, which the Court found to be in violation of the Supreme Court's decision in *Obergefell v. Hodges*, 135 S. Ct. 2584 (2015). Such an approach would not only create piecemeal litigation, it would be inconsistent with basic principles of justice and fairness. Thus, when the need arose, the Court clarified that its ruling applied with equal force to all marriage license applicants in Rowan County, regardless of their involvement in this litigation. Because its actions simply preserved the status quo, the Court finds that Davis is unlikely to succeed on the merits of her appeal.

The Court will provide only a brief analysis of the remaining factors, as Davis has failed to show substantial questions going to the merits of her appeal. Davis contends that she is likely suffer irreparable harm, in the form of incarceration for contempt of court, absent a stay. This argument is unpersuasive because Davis has created her own risk of harm by violating a valid Order issued by this Court. The Court also disagrees with Davis' assertion that there is little likelihood of harm to others if a stay is granted. Although Plaintiffs have obtained their marriage licenses, other eligible couples have and will most certainly continue to seek licenses in Rowan County going forward. If the Court granted Davis' Motion to Stay at this juncture, it would essentially allow her to reinstate her "no marriage licenses" policy during the pendency of the appeal and likely violate the constitutional rights of eligible couples. As for the public interest, the Court simply notes that the public has an interest in the enforcement of valid court orders. Thus, all four factors weigh in favor of denying the requested relief.

Accordingly, for the reasons stated herein,

**IT IS ORDERED** that Defendant Kim Davis' Emergency Motion to Stay the Court's Injunction Order of September 3, 2015 Pending Appeal (Doc. # 113) be, and is, hereby **DENIED**.

This 23rd day of September, 2015.



J:\DATA\ORDERS\Ashland Civil\2015\15-44 Order re Mtn to Stay 9-3-15 Order.wpd