No. 15-5961

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | |
|---|---|
| APRIL MILLER, et al., ) | |
| ) | |
| Plaintiffs-Appellees, ) | FILED |
| ) | Sep 15, 2015 |
| v. ) | DEBORAH S. HUNT, Clerk |
| ) | O R D E R |
| KIM DAVIS, Individually, ) | |
| ) | |
| Third-Party Plaintiff-Defendant-Appellant, ) | |
| ) | |
| STEVEN L BESHEAR; WAYNE ONKST, in their ) | |
| official capacities, ) | |
| ) | |
| Third-Party Defendants-Appellees. ) | |

Before: KEITH, ROGERS, and DONALD, Circuit Judges.

Third-Party Plaintiff Kim Davis appeals the August 25, 2015 order delaying briefing on her motion for a preliminary injunction against Third-Party Defendants Steven Beshear and Wayne Onkst (the "State Defendants"). She moves for an injunction against the State Defendants pending appeal. The Plaintiffs and the State Defendants oppose her motion, and Davis replies. The district court denied a similar motion for an injunction pending appeal on September 11, 2015. In addition, the State Defendants move to dismiss the appeal for lack of jurisdiction. Davis opposes the dismissal of her appeal.

Procedural rulings such as the order on appeal generally are not appealable under 28 U.S.C. § 1291, or otherwise. Davis argues that because she moved for immediate preliminary injunctive relief against the State Defendants, the order delaying consideration of her motion is

Case: 0:15-cv-00044-DLB Doc #: 124-1 Filed: 09/20/15 Page: 2 of 3 - Page ID#: 2403
Case: 15-5961 Document: 11-2 Filed: 09/09/2015 Page: 2

No. 15-5961
-2-

appealable under 28 U.S.C. § 1292(a)(1) as an order denying injunctive relief. An order that does not grant or deny injunctive relief, but has the practical effect of doing so, may be immediately appealable if it has "serious, perhaps irreparable, consequences" and can be "'effectually challenged' only by immediate appeal." *Carson v. Am. Brands, Inc.*, 450 U.S. 79, 84 (1981) (citation omitted); *see Booher v. N. Ky. Univ. Bd. of Regents*, 163 F.3d 395, 397 (6th Cir. 1998). The August 25 order has the practical effect of denying immediate injunctive relief to Davis. *See Graves v. Mahoning Cty.*, 534 F. App'x 399, 403 (6th Cir. 2013). Whether the delay in considering the motion for a preliminary injunction has serious or irreparable consequences is intertwined with the merits of the appeal. We decline to dismiss the appeal for lack of jurisdiction at this time and defer consideration of the jurisdictional issue to a merits panel.

Davis "bears the burden of showing that the circumstances justify" our exercise of discretion to grant her injunctive relief pending appeal. *Nken v. Holder*, 556 U.S. 418, 434 (2009). In addressing her motion, we consider: (1) whether she a has strong likelihood of success on the merits; (2) whether she will suffer irreparable harm if the motion is not granted; (3) whether the requested injunctive relief will substantially injure other interested parties; and (4) where the public interest lies. *Id.*; *see also Serv. Emps. Int'l Union Local 1 v. Husted*, 698 F.3d 341, 343 (6th Cir. 2012).

As the Rowan County Clerk, Davis's duties include the issuance of marriage licenses. *See* Ky. Rev. Stat. §§ 402.080, 402.100(1). Davis seeks to enjoin Beshear and Onkst, in their respective official capacities as the Governor of Kentucky and the Commissioner of the Kentucky Department of Libraries and Archives, from enforcing against her a directive requiring all Kentucky county clerks to issue marriage licenses to same-sex couples and exempting her

from issuing marriage licenses pending her appeal. Davis maintains that the issuance of marriage licenses to same-sex couples burdens her sincerely held religious beliefs in violation of the U.S. Constitution, the Kentucky Constitution, and the Kentucky Religious Freedom Restoration Act. Davis has not demonstrated a substantial likelihood of success on her federal constitutional claims. We need not address the merits of her claims under Kentucky law because the Eleventh Amendment of the U.S. Constitution precludes the federal courts from compelling state officials to comply with state law. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 105–06 (1984).

A balance of the equities involved does not support the issuance of an injunction pending appeal. The motion to dismiss the appeal for lack of jurisdiction is **DENIED** without prejudice to reconsideration by the panel assigned to hear the appeal on the merits. The motion for an injunction pending appeal is **DENIED**.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk