**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT ASHLAND**

**CIVIL ACTION NO. 15-44-DLB**

**APRIL MILLER, et al.** **PLAINTIFFS**

**vs.** **ORDER**

**KIM DAVIS, both individually and in her official capacity, et al.** **DEFENDANTS**

*******************

This matter is before the Court upon Plaintiffs' Motion to Enforce (Doc. # 120) the Orders of September 3, 2015 (Doc. # 75) and September 8, 2015 (Doc. # 89). On September 3, 2015, the Court held Defendant Kim Davis in contempt for failing to comply with its Memorandum Opinion and Order (Doc. # 43), in which it preliminarily enjoined her from applying her "no marriage licenses" policy to future marriage license requests submitted by Plaintiffs.[1] After remanding Davis to the custody of the United States Marshal's Service, five of six Rowan County Deputy Clerks told the Court that they would issue marriage licenses in her absence. The next day, multiple same-sex and opposite-sex couples obtained marriage licenses from the Rowan County Clerk's Office. (Doc. # 89). Because Davis' Office issued these licenses, the Court found that she had purged herself of the contempt and ordered her release from custody on September 8, 2015. (*Id.*).

1) The Court later clarified that this preliminary injunction applied to "future marriage license requests submitted by Plaintiffs *or by other individuals who are legally eligible to marry in Kentucky*." (Doc. # 74) (emphasis added).

However, the Court warned Davis not to interfere with the issuance of marriage licenses. (*Id.*).

On September 14, 2015, Davis returned to work at the Rowan County Clerk's Office. (Doc. # 120). According to Deputy Clerk Brian Mason, Davis promptly "confiscated all the original forms, and provided a changed form which deletes all mentions of the County, fills in one of the blanks that would otherwise be the County with the Court's styling, deletes her name, deletes all of the deputy clerk references, and in place of deputy clerk types in the name of Brian Mason, and has him initial rather than sign." (Doc. # 114). On September 20, 2015, Plaintiffs to filed the instant Motion, expressing concerns about the validity of these altered marriage licenses. (Doc. # 120). Specifically, Plaintiffs request that the Court order the Rowan County Deputy Clerks to do the following:

(1) issue marriage licenses in the same form and manner as those that were issued on or before September 8, 2015;

(2) disregard any instruction or order from Defendant Kim Davis that would require them to issue any marriage license in a form or manner other than the form and manner of licenses that were issued on or before September 8, 2015;

(3) continue to file status reports that address their compliance with the Court's Orders and detail any attempt by Davis to interfere with their issuance of marriage licenses in the same form or manner as those that were issued on or before September 8, 2015; and

(4) re-issue, *nunc pro tunc*, any marriage licenses that have been issued since September 14, 2015, in the same form or manner as those that were issued on or before September 8, 2015.

(Doc. # 120 at 1-2).

Since Plaintiffs filed this Motion, the Court has received numerous Status Reports from the Rowan County Deputy Clerks. (Docs. # 125, 126, 127, 128, 129, 141, 143, 144,

145, 146, 150, 151, 152, 153 and 154). These Reports state that the Rowan County Clerk's Office is issuing marriage licenses to individuals eligible to marry as needed. (*Id.*). There has been no indication that Davis has continued to interfere with the issuance of marriage licenses since September 20, 2015. (*Id.*). Moreover, there is every reason to believe that any altered licenses issued between September 14, 2015 and September 20, 2015 would be recognized as valid under Kentucky law, making re-issuance unnecessary. (Doc. # 148). Under these circumstances, the Court finds that Plaintiffs' request for relief is now moot. The Court will continue to monitor Davis and the Rowan County Clerk's Office to ensure compliance with its Orders. Accordingly, for the reasons stated herein,

**IT IS ORDERED** that Plaintiffs' Motion to Enforce (Doc. # 120) be, and is, hereby **DENIED AS MOOT**.

This 9th day of February, 2016.




**Signed By:**
***David L. Bunning*** DB
**United States District Judge**

G:\DATA\ORDERS\Ashland Civil\2015\15-44 Order Denying Motion to Enforce.wpd