UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

| | |
|---|---|
| APRIL MILLER, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>KIM DAVIS, *et al.*,<br><br>Defendants. | Case No. 0:15-cv-00044-DLB<br><br>***Electronically filed*** |

### DECLARATION OF JAMES D. ESSEKS IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES

I, James D. Esseks, pursuant to 28 U.S.C. § 1746, declare as follows:

1.  I submit this declaration in support of the motion filed by Plaintiffs for an award of attorney fees and costs arising from the work performed by attorneys at Clay Daniel Walton & Adams, PLC; at the American Civil Liberties Union ("ACLU") Foundation; and the ACLU of Kentucky, in litigating the above-captioned case.

### Personal and Professional Background

2.  I received a J.D. degree *cum laude* from Harvard Law School in 1991, where I was the editor-in-chief of the *Harvard Civil Rights-Civil Liberties Law Review*. I received a B.A. degree *magna cum laude* from Yale College in 1987, with distinction in linguistic anthropology.

3.  I am licensed to practice law in New York State and in California. I am also admitted to practice before the United States Supreme Court; the United States Courts of Appeals for the Second, Third, Fourth, Sixth, Seventh, Ninth, and Eleventh Circuits; the United States District Courts for the Eastern and Southern Districts of New York, the Northern and Central Districts of California, and the District of Columbia.

Plaintiffs' Exh. 6

4. I served as a judicial law clerk for the Honorable Robert L. Carter, United States District Judge for the Southern District of New York, from 1991 to 1992, and for the Honorable James R. Browning, United States Circuit Judge for the Ninth Circuit, from 1992 to 1993.

5. From 1993 until 1997 I was an associate, and then from 1998 through 2001 I was a partner, at Vladeck, Waldman, Elias & Engelhard, P.C., a private law firm in New York City that specializes in employment and labor law (now known as Vladeck, Raskin & Clark, P.C.). While at the Vladeck firm, I tried cases in federal and state courts and before various arbitration tribunals, argued appeals, and pursued claims primarily under federal civil rights statutes and the federal constitution.

6. From 2001 until 2010, I was Litigation Director of the ACLU Foundation's Lesbian, Gay, Bisexual, Transgender, and HIV Project, based in New York, New York. From 2010 until the present, I have been Director of that same Project, overseeing both its legal program and other aspects of its advocacy, including lobbying, administrative advocacy, organizing, and education of the public about issues affecting lesbian, gay, bisexual, or transgender ("LGBT") people or people living with HIV.

7. Through my work with the LGBT & HIV Project, I have developed a specialty in constitutional litigation generally and specifically in constitutional claims about the rights of LGBT people.

8. I have been counsel in numerous constitutional cases about the freedom to marry for same-sex couples, including *Obergefell v. Hodges*, 135 S. Ct. 2584 (2015) (striking down bans on marriage for same-sex couples in Michigan, Ohio, Tennessee, and Kentucky, and establishing freedom to marry for same-sex couples nationwide) (I was also counsel in *Bourke v. Beshear* and *Love v. Beshear*, the Kentucky cases, which were consolidated with *Obergefell* in the Supreme Court); *United States v. Windsor*, 133 S. Ct. 2675 (striking down the Defense of Marriage Act); *Bostic v. Schaefer*, 760 F.3d 352 (4th Cir. 2014), *cert. denied*, 2014 WL

3924685 (U.S. Oct. 6, 2014) (striking down Virginia's ban on marriage for same-sex couples); *Baskin v. Bogan*, 766 F.3d 648 (7th Cir. 2014), *cert. denied*, 2014 WL 3924685 (U.S. Oct. 6, 2014) (striking down Indiana's ban on marriage for same-sex couples) (I was counsel in *Fujii v. Commissioner*, which was consolidated with *Baskin* on appeal); *Whitewood v. Wolf*, 992 F. Supp. 2d 410 (M.D. Pa. 2014) (striking down Pennsylvania's ban on marriage for same-sex couples); *Geiger v. Kitzhaber*, 994 F. Supp. 2d 1128 (D. Or. 2014) (striking down Oregon's ban on marriage for same-sex couples) (I was counsel in *Rummell v. Kitzhaber*, which was consolidated with *Geiger*); *Brenner v. Scott*, 999 F. Supp. 2d 1278 (N.D. Fla. 2014) (granting preliminary injunction against enforcement of Florida's ban on marriage for same-sex couples) (I was counsel in *Grimsley v. Scott*, which was consolidated with *Brenner*); *Fisher-Borne v. Smith*, 14 F. Supp. 3d 695 (M.D.N.C. 2014) (striking down North Carolina's ban on marriage for same-sex couples); *Aaron-Brush v. Bentley*, No. 2:14-cv-01091 (N.D. Ala. 2014) (constitutional challenge to Alabama's ban on marriage for same-sex couples); *Griego v. Oliver*, 316 P.3d 865 (N.M. 2013) (striking down New Mexico ban on marriage for same-sex couples under state constitution); *In re Marriage Cases*, 183 P.3d 384 (Cal. 2008) (striking down California's ban on marriage for same-sex couples under state constitution); *Strauss v. Horton*, 207 P.3d 48 (Cal. 2009) (rejecting state constitutional challenge to Proposition 8); *Hernandez v. Robles*, 855 N.E.2d 1 (N.Y. 2006) (upholding New York's ban on marriage for same-sex couples under state constitution) (I was counsel in *Samuels v. New York State Dep't of Health*, which was consolidated with *Hernandez* on appeal); *Conaway v. Deane*, 932 A.2d 571 (Md. 2007) (upholding Maryland's ban on marriage for same-sex couples under the state constitution); *Li v. Oregon*, 110 P.3d 91 (Or. 2005) (dismissing challenge to Oregon's ban on marriage for same-sex couples).

9.     I have also been counsel in cases challenging state laws barring lesbians and gay men from being adoptive or foster parents. Those include *In re Matter of Adoption of X.X.G.*

3

*and N.R.G.*, 43 So.3d 79 (Fla. 3d Dist. Ct. App. 2010), which struck down Florida's ban on adoption by lesbian, gay, or bisexual people as violative of the Florida constitution; *Howard v. Child Welfare Agency Review Bd.*, 238 S.W.3d 1 (Ark. 2006), which struck down Arkansas's ban on placement of a foster child in any household that included a gay person; and *Arkansas Dep't of Human Services v. Cole*, 380 S.W.3d 429 (Ark. 2011), which struck down Arkansas's ban on adoption or foster parenting by any unmarried couple as violative of the Arkansas constitution.

10. I have been counsel in a range of other civil rights cases including, as a representative sample:

    a. *Schroer v. Billington*, 577 F. Supp. 2d 293 (D.D.C. 2008), in which a federal district court ruled that the federal ban on sex discrimination in employment bars discrimination against a woman who transitioned from male to female.

    b. *Kansas v. Limon*, 122 P.3d 22 (Kan. 2005), in which the Kansas Supreme Court ruled that a state law that imposed a 17-year sentence for a consensual sex act when engaged in by two people of the same sex, compared to a 15-*month* sentence for the same act when performed by two people of different sexes, violated federal equal protection.

    c. *Boyd County High School Gay/Straight Alliance v. Board of Education*, 258 F. Supp. 2d 267 (E.D. Ky. 2003) and *Morrison v. Board of Education*, 419 F. Supp. 2d 937 (E.D. Ky. 2006), *aff'd*, 521 F.2d 602 (6th Cir. 2008), in which the district court ruled that a high school violated the federal Equal Access Act by denying students the ability to form a Gay-Straight Alliance student club, and later ruled that the remedial training program set up to redress anti-gay harassment in the school did not violate the free exercise of religion rights of other students or their parents.

        d. *Levin v. Yeshiva Univ.*, 754 N.E.2d 1099 (N.Y. 2001), in which the New York high court ruled that denying a same-sex couple who were registered as domestic partners access to "married student housing" constituted disparate impact discrimination based on sexual orientation in violation of New York City law.

11. Over the past 25 years, I have been direct counsel in litigation in, or supervised litigation in, 11 federal circuit courts, 30 federal district courts, and the state courts of 34 states, including 18 state high courts.

12. I have argued appeals in United States Courts of Appeals for the Fourth and Seventh Circuits, in the Kansas Supreme Court, in the New York Court of Appeals, and in the Appellate Division of the New York Supreme Court, in addition to arguing motions and trying cases before many lower state and federal courts.

13. I have received a number of awards for my work, including the 2013 Dan Bradley Award from the National LGBT Bar Association, which is the organization's "highest honor" and recognizes a person whose work "has led the way in our struggle for equality under the law." http://lgbtbar.org/what-we-do/awards-recognition/dan-bradley-award/  I also received the 2012 Community Vision Award from the LGBT Bar Association of Greater New York, was a Wasserstein Public Interest Fellow at Harvard Law School in 2009, and was the 2013-2014 Vanderbilt Law School Social Justice Fellow.

14. I have lectured on constitutional law, LGBT rights, and employment law at Columbia Law School, Fordham Law School, New York Law School, and the Wharton School of the University of Pennsylvania.

## Time Spent

15. The ACLU LGBT & HIV Project litigation team for this case included myself, Steven R. Shapiro, Louise Melling, and Ria Tabacco Mar (together, "ACLU counsel").

16.     I have exercised reasonable billing judgment in determining the amount of attorney fees that ACLU counsel are requesting for their services to ensure that the time for which we are seeking compensation is reasonable in light of the tasks counsel were required to perform.

17.     As part of that billing discretion, I have decided not to seek payment for over 70 hours of time devoted to this litigation by the following ACLU lawyers:

> a. Steven R. Shapiro, Legal Director of the national ACLU. Mr. Shapiro has practiced law for 39 years and leads all of the ACLU's Supreme Court practice. Under his leadership, the ACLU regularly files more briefs, as party counsel and as counsel for an amicus, than any other law firm or entity in the country other than the Office of the Solicitor General of the United States. Mr. Shapiro devoted over 40 hours to this litigation.
>
> b. Louise Melling, Deputy Legal Director of the national ACLU. Ms. Melling has practiced law for more than 25 years and currently supervises the ACLU's work on LGBT rights, women's rights, reproductive freedom, and religion. She has been counsel in numerous Supreme Court cases, as well as in federal constitutional litigation across the country. Ms. Melling spent over 30 hours to this litigation.

18.     The attorney time records attached to this declaration detail the time I spent on the representation. These hours are based on the contemporaneous records that I maintained during the course of my involvement in this case. The attorney time records are a true and accurate reflection of professional services reasonably rendered by me to the Plaintiffs in this litigation.

19.     The attorney time records attached to this declaration also detail the time that Ria Tabacco Mar spent on the representation. Ms. Mar graduated *magna cum laude* from Harvard College and *cum laude* from New York University School of Law, where she was an Articles

Editor of the *Law Review*. She is admitted to practice law in New York State and in the following federal courts: U.S. Supreme Court; U.S. Courts of Appeals for the Fourth, Sixth, and Seventh Circuits; and U.S. District Courts for the Southern and Eastern Districts of New York.

20. Ms. Mar served as a judicial law clerk for the Honorable Julia Smith Gibbons, United States Circuit Judge for the Sixth Circuit, from 2008 to 2009, and for the Honorable Victor Marrero, United States District Judge for the Southern District of New York, from 2010 to 2011.

21. From 2009 to 2010, Ms. Mar practiced complex civil litigation at the law firm of Cravath, Swaine & Moore LLP. From 2011 to 2014, she served as Assistant Counsel at the NAACP Legal Defense & Educational Fund, Inc., where she represented plaintiffs in class action and complex civil litigation under civil rights statutes and participated regularly in the U.S. Courts of Appeals and the U.S. Supreme Court as *amicus curiae* on cases involving marriage equality.

22. Ms. Mar joined the ACLU's LGBT & HIV Project as a Staff Attorney in 2014. She has developed an expertise in federal constitutional law and LGBT rights, including the intersection of equal protection, freedom of speech, and free exercise of religion. For instance, Ms. Mar is lead counsel in *Craig v. Masterpiece Cakeshop, Inc.*, where the Colorado Court of Appeals held that a private business did not have a constitutional right to refuse service to a same-sex couple in violation of the state's anti-discrimination law. 370 P.3d 272 (Colo. Ct. App. 2015), *cert. denied*, No. 15SC738, 2016 WL 1645027 (Colo. Apr. 25, 2016), *and cert. petition docketed*, No. 16-111 (U.S. July 22, 2016). In 2016, the National LGBT Bar Association named Ms. Mar one of the nation's Best LGBT Lawyers Under 40.

23. Ms. Mar's hours are based on the contemporaneous records that she maintained during the course of her involvement in this case. Her attorney time records are a true and accurate reflection of professional services reasonably rendered to Plaintiffs in this litigation.

24. I have reviewed the attorney time records of Ms. Mar and have eliminated all non-productive and non-essential time, as well as all duplicative time.

## Hourly Rates

25. I request a rate of $700 per hour for my legal services. Lawyers of my level of skill and experience, who practice civil rights law in New York City, command a market rate of $700 per hour, as the United States District Court for the Western District of Kentucky determined earlier this year, *Bourke v. Beshear*, No. 3:13-CV-00750-CRS, 2016 WL 164626, at *5 (W.D. Ky. Jan. 13, 2016) (finding that $700 per hour is a reasonable rate for attorneys of my skill and experience in the relevant market and awarding $700 per hour for my work on *Bourke v. Beshear* and *Love v. Beshear*), and as further evidenced by the Declaration of Anne L. Clark, submitted as Plaintiffs' Exhibit 7 in conjunction with this motion for attorney fees.

26. I request a rate of $350 per hour for the legal services of Ms. Mar, who received her law degree in 2008. Lawyers of her level of skill and experience, who practice civil rights law in New York City, command a market rate of at least $350. The United States District Court for the Western District of Kentucky recently awarded rates of $400 per hour and $325 per hour for the work of other staff attorneys in the ACLU's LGBT & HIV Project with skills and experience similar to that of Ms. Mar. *See Bourke*, 2016 WL 164626, at *5 (awarding $400 per hour for 2005 law graduate and $325 per hour for 2010 law graduate); *see also* Declaration of Anne L. Clark (lawyers with the skill and experience of Ms. Mar working in New York command a market rate of $375).

I declare under the penalty of perjury that the foregoing is true and correct.

DATE: September 19, 2016        s/ James D. Esseks
                                                      James D. Esseks

Miller v. Davis
Attorney time for James D. Esseks

| Date | Time | Description |
|---|---|---|
| 8/12/2015 | 0.4 | Review preliminary injunction decision |
| 8/19/2015 | 0.2 | Correspondence with R. Mar re status of case |
| 8/21/2015 | 0.3 | Edit opposition to stay motion |
| 8/21/2015 | 0.1 | Edit notice of appearance |
| 8/21/2015 | 0.2 | Correspondence with R. Mar re stay opposition |
| 8/23/2015 | 0.2 | Review edits to stay opposition |
| 8/26/2015 | 0.1 | Review order denying stay application |
| 8/26/2015 | 0.2 | Correspondence with B. Sharp re prep for SCOTUS stay opposition brief |
| 8/27/2015 | 0.3 | Review SCOTUS stay opposition and S. Shapiro edits |
| 8/28/2015 | 0.4 | Edit SCOTUS stay opposition brief; correspondence re same |
| 8/28/2015 | 0.3 | Phone calls with B. Sharp and SCOTUS clerk's office re stay application |
| 9/14/2015 | 0.7 | Edit CA6 stay opposition; correspondence with legal team re same |
| 9/14/2015 | 0.5 | Review altered marriage license; correspondence with legal team re response |
| 9/14/2015 | 0.7 | Legal team call re how to respond to altered licenses |
| 9/14/2015 | 0.6 | Correspondence with legal team re response to altered licenses |
| 9/15/2015 | 0.5 | Edit CA6 stay opposition; correspondence with legal team re same |
| 9/15/2015 | 0.6 | Legal team call re next steps and opposition to stay motion |
| 9/15/2015 | 0.4 | Review edits to CA6 stay opposition |
| 9/16/2015 | 1.6 | Review draft motion to clarify district court order; correspondence to legal team |
| 9/17/2016 | 0.6 | Correspondence with legal team re class certification motion |
| 9/18/2015 | 0.7 | Review multiple drafts of motion to expedite class certification |
| 9/18/2015 | 1.2 | Edit CA6 opposition to motion to stay; correspondence with legal team re same |
| 9/20/2015 | 0.5 | Correspondence with legal team re motion to clarfiy/motion to enforce |
| 9/21/2015 | 0.5 | Edit motion to clarify/motion to enforce |
| 9/21/2015 | 0.9 | Legal team call re motion to clarify/motion to enforce |
| 9/21/2015 | 0.5 | Correspondence with legal team re motion to enforce |
| 9/21/2015 | 1.1 | Edit (multiple times) motion to enforce; correspondence to legal team re same |
| 9/21/2015 | 0.5 | Legal team call re motion to enforce |
| 9/24/2015 | 0.2 | Correspondence with legal team about plaintiffs and SCOTUS review |
| 10/9/2015 | 0.6 | Edit opposition to stay motion |
| 10/9/2015 | 0.6 | Legal team call re additional plaintiffs |
| 10/16/2015 | 0.5 | Review correspondence re amended complaint/proposed new action |
| 10/19/2015 | 0.2 | Correspondence re complaint in intervention |
| 10/23/2015 | 0.3 | Edit motion to reopen class cert briefing |
| 11/5/2015 | 0.4 | Correspondence with legal team re intervening complaint |
| 11/6/2015 | 0.5 | Correspondence with legal team re intervening complaint |
| 11/20/2015 | 0.6 | Edit reply brief in support of motion to enforce; conferences with R. Mar re same |
| 12/9/2015 | 1.2 | Edit CA6 brief |
| 2/9/2016 | 0.5 | Review order denying motion to enforce; correspondence with legal team re same |
| 6/17/2016 | 0.3 | Correspondence with legal team re motion to dismiss appeals |
| 6/21/2016 | 0.4 | Call with April Miller re dismissal of appeals |

Total    21.1

Miller v. Davis
Attorney time for Ria Tabacco Mar

| Date | Time | Description |
|------|------|-------------|
| 8/3/2015 | 0.4 | Correspondence re preliminary injunction reply brief |
| 8/5/2015 | 0.5 | Revise preliminary injunction reply brief |
| 8/6/2016 | 0.1 | Correspondence re preliminary injunction reply brief |
| 8/12/2015 | 0.4 | Review preliminary injunction order |
| 8/13/2015 | 0.2 | Correspondence re briefing on stay pending appeal |
| 8/19/2015 | 0.2 | Review stay pending appeal and correspond re same |
| 8/20/2015 | 0.4 | Review co-counsel agreement and correspond re same |
| 8/21/2015 | 1.5 | Revise stay opposition brief |
| 8/21/2015 | 0.2 | Execute and circulate co-counsel agreement |
| 8/21/2015 | 0.2 | Review and file notice of appearance |
| 8/21/2015 | 0.5 | Review Davis's motion to dismiss and correspond re same |
| 8/21/2015 | 0.2 | Correspondence re stay opposition |
| 8/26/2015 | 0.3 | Review order denying stay |
| 8/30/2015 | 0.2 | Correspondence re Sixth Circuit procedure |
| 8/30/2015 | 0.3 | Revise Supreme Court stay opposition |
| 8/31/2015 | 1.0 | Research and correspondence re implications of potential stay |
| 8/31/2015 | 0.4 | Review Davis's emergency application for a stay |
| 8/31/2015 | 0.1 | Correspondence re related case |
| 8/31/2015 | 0.1 | Review Supreme Court stay order |
| 8/31/2015 | 0.5 | Conference call with legal team |
| 8/31/2015 | 0.5 | Conference call with clients |
| 9/1/2015 | 0.1 | Correspondence re motion to clarify preliminary injunction |
| 9/1/2015 | 1.0 | Draft motion to clarify preliminary injunction |
| 9/2/2015 | 2.0 | Research re remedies for civil contempt and correspond re same |
| 9/3/2015 | 0.5 | Correspondence re contempt hearing |
| 9/4/2015 | 0.8 | Research and correspondence re mooting of named plaintiffs' claims |
| 9/4/2015 | 0.3 | Correspondence re validity of altered marriage licenses |
| 9/4/2015 | 0.5 | Conference call with legal team re validity of altered marriage licences |
| 9/7/2015 | 0.3 | Review status report and correspond re same |
| 9/8/2015 | 0.5 | Conference call with legal team re validity of altered marriage licences |
| 9/8/2015 | 2.0 | Research and draft opposition to Davis's motion to stay contempt order |
| 9/8/2015 | 1.5 | Revise opposition to Davis's emergency application for a stay |
| 9/8/2015 | 0.2 | Review third-party defendant's opposition to Davis's emergency application for a |
| 9/13/2015 | 1.5 | Revise opposition to Davis's motion to stay 9/3 order |
| 9/14/2015 | 1.0 | Conference call with legal team re altered marriage licenses |
| 9/14/2015 | 1.0 | Research and draft language re impracticability |
| 9/15/2015 | 0.7 | Research and draft language re scope of injunction |
| 9/15/2015 | 0.4 | Correspond re remedies for civil contempt |
| 9/15/2015 | 0.3 | Revise district court opposition to Davis's motion to stay 9/3 order |
| 9/15/2015 | 0.7 | Conference call with legal team re stay opposition |
| 9/17/2015 | 0.7 | Review Sixth Circuit stay order and correspond re same |
| 9/18/2015 | 1.5 | Revise district court opposition to Davis's renewed motion to stay 9/3 order |
| 10/2/2015 | 0.2 | Correspondence re amicus briefs in support of plaintiffs |

| Date | Hours | Description |
|---|---|---|
| 10/5/2015 | 0.3 | Correspondence re amicus briefs in support of plaintiffs |
| 10/5/2015 | 0.5 | Review interview notes of potential plaintiffs and correspond re same |
| 10/6/2015 | 0.3 | Conference call with legal team re amicus briefs in support of plaintiffs |
| 10/6/2015 | 0.5 | Conference call with potential amicus |
| 10/6/2015 | 0.3 | Correspondence re potential plaintiffs and amended complaint |
| 10/7/2015 | 0.2 | Correspondence re potential plaintiffs and amended complaint |
| 10/8/2015 | 4.0 | Draft Sixth Circuit opposition to Davis's renewed motion to stay 9/3 order |
| 10/9/2016 | 0.6 | Conference call with legal team re potential plaintiffs |
| 10/13/2015 | 2.0 | Revise Sixth Circuit opposition to Davis's renewed motion to stay 9/3 order |
| 10/17/2015 | 0.7 | Correspondence re filing amended complaint |
| 10/17/2015 | 1.0 | Draft motion to extend time and proposed order |
| 10/19/2015 | 0.1 | Circulate motion to extend time |
| 10/19/2015 | 0.4 | Correspond re amended complaint |
| 10/19/2015 | 0.8 | Conference call with legal team re amended complaint |
| 10/23/2015 | 0.3 | Review reply in support of motion to reopen class certification briefing |
| 11/2/2015 | 0.7 | Review Davis's opening brief |
| 11/2/2015 | 0.4 | Conference call with potential amicus |
| 11/2/2015 | 0.2 | Correspond re potential amicus |
| 11/5/2015 | 0.3 | Review Sixth Circuit order denying motion to stay 9/3 order and correspond re same |
| 11/8/2015 | 3.0 | Draft complaint in intervention |
| 11/9/2015 | 1.0 | Conference call with legal team re expected changes to marriage licenses |
| 11/13/2015 | 0.4 | Review third-party defendant's response to motion to enforce and correspond re |
| 11/16/2015 | 0.8 | Conference call with legal team re motion to enforce |
| 11/18/2015 | 0.5 | Correspondence with J. Fernandez re affidavit |
| 11/19/2015 | 0.7 | Draft J. Fernandez affidavit |
| 11/19/2015 | 4.0 | Draft reply in support of motion to enforce |
| 11/19/2015 | 0.2 | Correspondence re schedule for potential amicus |
| 11/20/2015 | 0.1 | Correspondence with J. Fernandez re affidavid |
| 11/20/2015 | 0.5 | Conference call with legal team re reply in support of motion to enforce |
| 11/20/2015 | 2.0 | Revise reply in support of motion to enforce and conference with J. Esseks re same |
| 11/30/2015 | 0.1 | Correspondence re request for oral argument |
| 12/8/2015 | 3.0 | Revise Sixth Circuit opposition brief |
| 12/14/2015 | 2.0 | Revise Sixth Circuit opposition brief |
| 12/15/2015 | 2.5 | Revise Sixth Circuit opposition brief and correspond re same |
| 12/28/2015 | 0.3 | Review executive order and correspond re same |
| 1/6/2016 | 0.3 | Correspond re executive order |
| 1/11/2016 | 1.0 | Draft response to notice of supplemental authority |
| 1/12/2015 | 0.5 | Finalize and file response to notice of supplemental authority |
| 1/19/2016 | 0.4 | Review Davis's Sixth Circuit reply brief |
| 2/9/2016 | 0.1 | Review order denying motion to enforce |
| 2/16/2016 | 0.2 | Review status report of Brian Mason and correspond re same |
| 4/15/2016 | 0.2 | Correspond re new marriage license bill |
| 4/19/2016 | 0.3 | Review Sixth Circuit order granting third-party defendant's motion to dismiss and |
| 6/14/2016 | 0.2 | Correspond re motion to dismiss as moot |
| 6/16/2016 | 0.3 | Correspond re motion to dismiss as moot |
| 6/17/2016 | 0.4 | Review letter to Sixth Circuit re mootness and correspond re same |
| 6/29/2016 | 0.5 | Research vacatur of preliminary order |

| | | |
|---|---|---|
| 6/30/2016 | 0.8 | Revise response to motion to dismiss and correspond re same |
| 7/13/2016 | 0.1 | Review Sixth Circuit order dismissing appeals |
| 7/13/2016 | 0.4 | Correspond with clients re Sixth Circuit order dismissing appeals |
| Total | 66.3 | |