| | |
|---|---|
| APRIL MILLER, *et al.*, | |
| Plaintiffs, | Case No. 0:15-cv-00044-DLB |
| v. | ***Electronically filed*** |
| KIM DAVIS, *et al.*, | |
| Defendants. | |

### DECLARATION OF DANIEL MACH IN SUPPORT OF
### PLAINTIFFS' MOTION FOR ATTORNEYS' FEES

I, Daniel Mach, pursuant to 28 U.S.C. § 1746, declare as follows:

1.      I submit this declaration in support of the motion filed by Plaintiffs for an award of attorneys' fees and costs arising from the work performed by attorneys at Clay Daniel Walton & Adams, PLC; at the American Civil Liberties Union ("ACLU") Foundation; and the ACLU of Kentucky, in litigating the above-captioned case.

### Education and Professional Background

2.      I received my J.D., *magna cum laude*, from the New York University School of Law (Order of the Coif) in 1996, where I was an articles editor of the NYU Law Review. I received a B.A., with a concentration in civil rights and civil liberties, as well as a certificate in African-American studies, from Princeton University in 1992.

3.      I am admitted to the state bars of New York and the District of Columbia, as well as the bars for the U.S. Supreme Court, U.S. Courts of Appeals for the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Eleventh, and D.C. Circuits, and various U.S. District Courts.

4.      I am currently the Director of the ACLU Program on Freedom of Religion and

1

Belief (PFRB).

5.   As the Director of PFRB, I litigate and coordinate a wide range of religious liberty cases nationwide in both state and federal courts, and at the trial, appellate, and Supreme Court levels.  These cases are primarily brought under the Establishment Clause and the Free Exercise Clause of the First Amendment to the U.S. Constitution, as well as numerous federal and state religious freedom statutes.  In recent years, for example, I have litigated the following religious liberty cases, among others:  *Arizona Christian School Tuition Organization v. Winn*, 563 U.S 125 (2011); *Salazar v. Buono*, 129 S. Ct. 1313 (2010); *Marrero-Mendez v. Calixto-Rodriguez*, -- F.3d --, 2016 WL 3902635 (1st Cir. July 19, 2016); *Pedreira v. Sunrise Children's Services, Inc.*, 802 F.3d 865 (6th Cir. 2015); *Hudson v. Pittsylvania County, Va.*, 774 F.3d 231 (4th Cir. 2014); *ACLU of Massachusetts v. U.S. Conference of Catholic Bishops*, 705 F.3d 44 (1st Cir. 2013); *Awad v. Ziriax*, 670 F.3d 1111 (10th Cir. 2012); *ACLU of Florida, Inc. v. Dixie County*, 690 F.3d 1244 (11th Cir. 2012); *Joyner v. Forsyth County*, 653 F.3d 341 (4th Cir. 2011), *cert. denied*, 132 S. Ct. 1097 (2012); *Trunk v. City of San Diego*, 660 F.3d 1091 (9th Cir. 2011), *cert. denied*, 132 S. Ct. 2535 (2012); *A.A. ex rel Betenbaugh v. Needville Independent School District*, 611 F.3d 248 (5th Cir. 2010); *Cooper v. U.S. Postal Service*, 577 F.3d 479 (2d Cir. 2009), *cert. denied*, 130 S. Ct. 1688 (2010); *Green v. Haskell County*, 568 F.3d 784 (2009), *cert. denied*, 559 U.S. 970 (2010); *Barnes-Wallace v.City of San Diego*, 530 F.3d 776 (9th Cir. 2008), *cert. denied*, 559 U.S. 1106 (2010); *Allen v. English*, 3:16-cv-00712-CSC (M.D. Ala. 2016); *Martin v. Houston*, No. 2:14-CV-905-WKW, 2016 WL 1368109 (M.D. Ala. Apr. 6, 2016); *Fatihah v. Neal*, No.  6:16-cv-00058-JHP (E.D. OK 2016) (ongoing); *ACLU of Northern California v. Burwell*, No. 3:16-cv-3539-LB (N.D. Cal. 2016) (ongoing); *Franciscan Alliance, Inc., et al. v. Burwell*, No. 7:16-cv-108-O (N.D. Tex. 2016) (ongoing); *Williamson v. Brevard*

*County*, 15-CV-1098-JA-DAB (M.D. Fla. 2015) (ongoing); *Singh v. McHugh*, 109 F.Supp.3d 72 (D.D.C. 2015); *Lane v. Sabine Parish Sch. Bd.*, No. 5:14-CV-001000-EEF-KHL (W.D. La. 2014) (settled); *Ware v. Louisiana Dep't of Corrections*, No. 5:14-cv-2214-DMH-MLH (W.D. La. 2014) (ongoing); *Lund v. Rowan County,* 103 F. Supp. 3d (M.D.N.C. 2013), *currently on appeal*, No. 15-1591 (4th Cir.); *Anderson v. Chesterfield County School District*, No. 4:11-cv-03300-RBH (D.S.C. 2011) (settled); *Does v. School Board for Santa Rosa County*, No. 3:08cv361/MCR/EMT, 2010 WL 1816799 (N.D. Fla. May 6, 2010); *Doe v. Tangipahoa Parish School Board*, 631 F.Supp.2d 823 (E.D. La. 2009); *Does 1-5 v. Enfield Public Schools*, 716 F. Supp. 2d 172 (D. Conn. 2010); and *Thompson v. Ricci*, No. 08-5926 (D.N.J.) (settled).  In addition to my role as lead or co-counsel in the foregoing cases, I regularly participate as *amicus* counsel in religious liberty cases that reach the U.S. Court of Appeals and Supreme Court stages.

6. I currently serve as an adjunct professor of law at the George Washington University School of Law, focusing on constitutional law and religious liberty.

7. In addition to litigation and teaching, I regularly write and speak publicly on religious liberty and constitutional law issues, testify before governmental agencies, and am a nationally recognized expert on religious freedom law.

8. Prior to my work at the ACLU, I was a partner in the Washington, D.C. office of Jenner & Block, where I specialized in First Amendment and appellate law as a member of the firm's Appellate and Supreme Court, and Media and First Amendment practices.  At Jenner & Block, I served as direct counsel in a wide variety of cases in state courts, federal district courts, federal courts of appeals, and several constitutional cases before the U.S. Supreme Court, including *Vieth v. Jubelirer*, 541 U.S. 267 (2004); *Lawrence v. Texas*, 539 U.S. 558 (2003); and *United States v. American Library Ass'n*, 539 U.S. 194 (2003).

3

9.     Before joining Jenner & Block, I served as a law clerk to the Honorable Barry T. Moskowitz of the U.S. District Court for the Southern District of California.

**Hours Expended in Litigation**

10.    The ACLU PFRB litigation team for this case included myself and Heather L. Weaver (together, "ACLU PFRB counsel").

11.    I have exercised reasonable billing judgment in determining the amount of attorney fees that ACLU PFRB counsel are requesting for their services to ensure that the time for which we are seeking compensation is reasonable in light of the tasks counsel were required to perform.

12.    The attorney time records attached to this declaration detail the time I spent on the representation. These hours are based on the contemporaneous records that I maintained during the course of my involvement in this case. The attorney time records are a true and accurate reflection of professional services reasonably rendered by me to the Plaintiffs in this litigation.

13.    The attorney time records attached to this declaration also detail the time that Ms. Weaver spent on the representation. Ms. Weaver is a senior staff attorney with the ACLU. She received her J.D. from the University of California, Berkeley, Boalt Hall, in 2003, where she was a Notes and Comments Editor for the California Law Review. She received her B.A., *summa cum laude*, in political science from Dickinson College in 1999.

14.    Ms. Weaver is a member in good standing of the State Bar of California and the Bar of Washington, D.C. She is admitted to practice in the U.S. Supreme Court, the U.S. Court of Appeals for the First, Fourth, Sixth, Ninth, Tenth, and Eleventh Circuits; and the U.S. District Court for the District of Columbia, the District of Colorado, the Northern District of California, the Eastern District of California, the Central District of California, and the Northern District of Florida.

15.    Ms. Weaver has been an attorney with the ACLU PFRB since 2008. Previously, she served for three years as litigation counsel with Americans United for Separation of Church

and State, and prior to that, she was employed as an associate attorney at the San Francisco office of Quinn Emanuel Urquhart & Sullivan.  Through her work with the ACLU PFRB and Americans United, Ms. Weaver has developed a specialty in constitutional litigation pertaining to religious-freedom rights, including litigation involving claims for religious discrimination and for religious exemptions and accommodations. Religious-liberty cases that Ms. Weaver has litigated throughout her career include, among others:  *Marrero-Mendez v. Calixto-Rodriguez*, -- F.3d --, 2016 WL 3902635 (1st Cir. July 19, 2016); *ACLU of Massachusetts v. U.S. Conference of Catholic Bishop*s, 705 F.3d 44 (1st Cir. 2013); *Awad v. Ziriax*, 670 F.3d 1111 (10th Cir. 2012); *ACLU of Florida, Inc. v. Dixie County*, 690 F.3d 1244 (11th Cir. 2012); *Joyner v. Forsyth County*, 653 F.3d 341 (4th Cir. 2011), *cert. denied*, 132 S. Ct. 1097 (2012); *Green v. Haskell County*, 568 F.3d 784 (2009), *cert. denied*, 559 U.S. 970 (2010);  *Americans United for Separation of Church & State v. Prison Fellowship Ministries*, 509 F.3d 406 (8th Cir. 2007); *Allen v. English*, 3:16-cv-00712-CSC (M.D. Ala. 2016); *Martin v. Houston*, No. 2:14-CV-905-WKW, 2016 WL 1368109 (M.D. Ala. Apr. 6, 2016); *Fatihah v. Neal*, No.  6:16-cv-00058-JHP (E.D. OK 2016) (ongoing); *Singh v. McHugh*, 109 F.Supp.3d 72 (D.D.C. 2015); *Lane v. Sabine Parish Sch. Bd.*, No. 5:14-CV-001000-EEF-KHL (W.D. La. 2014) (settled); *Lund v. Rowan County, No*. 1:13-cv-207-JAB-JLW (M.D.N.C. 2013) *currently on appeal*, No. 15-1591 (4th Cir.); *Anderson v. Chesterfield County School District*, No. 4:11-cv-03300-RBH (D. S.C. 2011) (settled); *Does v. School Board for Santa Rosa County*, No. 3:08cv361/MCR/EMT, 2010 WL 1816799 (N.D. Fla. May 6, 2010); *Doe v. Tangipahoa Parish School Board*, 631 F.Supp.2d 823 (E.D. La. 2009) (settled); *Thompson v. Ricci,* No. 08-5926 (D.N.J.) (settled); *Does 1-7 v. Round Rock Independent School District*, 540 F. Supp. 2d 735 (W.D. Tex. 2007) (settled); *Selman v. Cobb County School District*, 1:02-CV-2325-CC (N.D. Ga.) (settled); *Sklar v. Board of Education of Harrison County*, No. 1:2006cv00103 (N.D. W.Va.) (settled); *Person v. Mayor and City Council of Baltimore*, 437 F. Supp. 2d 476  (D. Md. 2006); and *Hurst v. Newman*, No. 1:06-CV-00036-OWW-SMS (E.D. Cal) (settled).

16.     Ms. Weaver and I have also both litigated religious-freedom matters in state court (*e.g.*, *Taxpayer for Public Education v. Douglas County School District*, 351 P.3d 461 (Colo. 2015) (*multiple certiorari petitions pending before U.S. Supreme Court*); *Duncan v. State of Nevada Office of the State Treasurer*, No. 70648 (Nev. 2016) (Nevada Supreme Court decision pending)).  And we both regularly participate as amicus counsel in religious-liberty cases at the U.S. Court of Appeals and Supreme Court stages, including, *e.g.*, *Trinity Lutheran Church v. Pauley*, 136 S. Ct. 891 (2016); *Zubik v. Burwell*, 136 S. Ct. 1557 (2016); *Town of Greece v. Galloway*, 134 S. Ct. 1811 (2014); *Burwell v. Hobby Lobby*, 134 S. Ct. 2751 (2014); *Christian Legal Society v. Martinez*, 561 U.S. 661 (2010).

17.     Ms. Weaver also frequently speaks publicly and writes about religious-freedom issues.

18.     I have reviewed the attorney time records of Ms. Weaver and have eliminated all non-productive and non-essential time, as well as all duplicative time.

## Hourly Rates

19.     I request a rate of $675 per hour for my legal services. This hourly rate is, in fact, lower than the hourly rate received by lawyers of my level of skill and experience, who practice civil rights law in Washington, DC, as established in the "*Laffey* Matrix"—an attorneys' fee schedule that "sets out a general guideline for awarding attorneys' fees based on experience" in fee-shifting civil rights cases involving complex litigation in the D.C. area. *Salazar ex rel. Salazar v. District of Columbia*, 809 F.3d 58, 62 (D.C. Cir. 2015).  In *Salazar*, the Court of Appeals agreed that the "Legal Services Index ("LSI") *Laffey* Matrix," an updated version of the *Laffey* Matrix that adjusts the hourly rate for attorneys based on inflation, was a proper basis on which to award attorneys' fees in a § 1983 class action. *Id.* at 63-66.  As the court explained, "the LSI-adjusted matrix is probably a conservative estimate of the actual cost of legal services in this area." *Id.* at

48 (internal quotation marks and citation omitted). *See also Makray v. Perez*, 159 F.Supp.3d 25 (D.D.C. 2016) (discussing at length the LSI *Laffey* Matrix, and awarding hourly rate in sex discrimination based on LSI *Laffey* Matrix); *Electronic Privacy Info. Ctr. v. Dep't of Homeland Sec.*, __ F.Supp.3d __, No. No. 13-260 (JEB), 2016 WL 3919810 (D.D.C. July 18, 2016) (noting that "[t]he parties agree that the LSI Laffey Matrix acts as a starting point"); *cf.* D.C. Code Ann. §§32-1308(b)(1) (providing that attorneys' fees in civil actions alleging violations of the Minimum Wage Revision Act, the Sick and Safe Leave Act, or the Living Wage Act, must be "computed pursuant to the matrix approved in *Salazar v. District of Columbia*, 123 F.Supp.2d 8 (D.D.C. 2000), and updated to account for the current market hourly rates for attorney's services. The court shall use the rates in effect at the time the determination is made.").

20. Under the LSI *Laffey* Matrix an attorney who is 20 or more years out of law school would be entitled to an hourly rate of $797 for work performed between June 1, 2015, and May 31, 2016, and an hourly rate of $826 for work performed after June 1, 2016. *Compare* (*Salazar*, 809 F.3d 58, Joint Appendix at 1248, *available online* at http://tpmlaw.com/global_pictures/Joint_Appendix__Volume_III_.PDF (LSI *Laffey* Matrix with setting hourly rate at $753 for work performed between June 1, 2012, and May 31, 2013, by attorneys with 20-plus years of experience), *with Adjustments to the 1988-1989* Laffey *Matrix Rates Using the Legal Services Index,* Terris, Prevlik & Millian, LLP, at 4, *available online* at http://tpmlaw.com/global_pictures/Laffey_Matrix_Updated_Using_Legal_Services_Index_(000 42285-5xC4E0D).PDF (showing most recent LSI *Laffey* Matrix update setting hourly rate for attorneys with 20-plus years of experience at $797 for work performed between June 1, 2015, and May 31, 2016, and $826 for work performed after June 1, 2016). My proposed hourly rate of $675 is also consistent with the hourly rate awarded earlier this year to my colleague, James Esseks in

7

*Bourke v. Beshear*, No. 3:13-CV-00750-CRS, 2016 WL 164626, at *5 (W.D. Ky. Jan. 13, 2016) (finding that $700 per hour is a reasonable rate for attorneys of his skill and experience in the relevant market and awarding $700 per hour for my work on *Bourke v. Beshear* and *Love v. Beshear*).

21. I request a rate of $500 per hour for the legal services of Ms. Weaver, who (as noted above) received her law degree in 2002. Under the LSI *Laffey* Matrix discussed above, this rate is, in fact, less than lawyers of her level of skill and experience, who practice civil rights law in Washington, DC, command. *See Adjustments to the 1988-1989 Laffey Matrix Rates Using the Legal Services Index*, Terris, Prevlik & Millian, LLP, at 4, available online at http://tpmlaw.com/global_pictures/Laffey_Matrix_Updated_Using_Legal_Services_Index_(00042285-5xC4E0D).PDF (showing most recent *Laffey* Matrix with Legal Services Index Update setting hourly rate for attorneys with 11-19 years' experience at $662 for work performed between June 1, 2015, and May 31, 2016, and $686 for work performed after June 1, 2016). This proposed hourly rate for Ms. Weaver, a senior staff attorney who has specialized in religious-freedom law for 11 years of her 13-year career, is also consistent with the rates recently awarded to ACLU attorneys in *Bourke* by the United States District Court for the Western District of Kentucky. 2016 WL 164626, at *5 (awarding $400 per hour for 2005 law graduate and $325 per hour for 2010 law graduate).

I hereby declare under penalty of perjury that the foregoing is true and correct.

/s/ Daniel Mach
Daniel Mach

Executed this 19th day of September, 2016

TIME RECORDS
Daniel Mach
*Miller v. Davis*

| Date | Time | Description |
|---|---|---|
| 8/3/15 | 0.4 | Correspondence re PI reply brief |
| 8/5/13 | 1.4 | Edited and revised PI reply brief; correspondence re same |
| 8/6/15 | 0.5 | Correspondence re PI reply brief |
| 8/12/15 | 0.7 | Reviewed and analyzed PI order; correspondence re same |
| 8/13/15 | 0.3 | Correspondence re briefing on stay pending appeal |
| 8/17/15 | 0.3 | Reviewed and analyzed order on stay pending appeal; correspondence re same |
| 8/19/15 | 0.3 | Correspondence re order on stay pending appeal |
| 8/20/15 | 0.2 | Review notice of appearance |
| 8/21/15 | 1.0 | Reviewed and analyzed motion to dismiss and correspondence re same |
| 8/21/15 | 0.2 | Reviewed and edited co-counsel agreement |
| 8/21/15 | 1.6 | Edited and revised stay opp |
| 8/21/15 | 0.2 | Correspondence re stay opp |
| 8/24/15 | 0.4 | Reviewed and analyzed amicus brief |
| 8/26/15 | 0.1 | Reviewed order denying stay |
| 8/29/15 | 0.4 | Edited and revised draft SCOTUS stay response; conferred w co-counsel re same |
| 8/31/15 | 0.1 | Reviewed SCOTUS stay order |
| 8/31/15 | 0.4 | Conferred w co-counsel re contempt and potential sanctions |
| 9/1/15 | 1.1 | Edited and revised draft contempt motion and conferred w co-counsel re same |
| 9/2/15 | 0.5 | Reviewed and analyzed opp to contempt motion and conferred w co-counsel re same |
| 9/3/15 | 0.3 | Conferred w co-counsel re contempt hearing |
| 9/4/15 | 0.5 | Conferred w co-counsel re altered marriage licenses |
| 9/7/15 | 0.3 | Reviewed status report and conferred w co-counsel re same |
| 9/7/15 | 0.5 | Reviewed and analyzed Davis contempt appeal |
| 9/8/15 | 0.5 | Conferred w co-counsel re status report |
| 9/8/15 | 0.6 | Edited and revised response to Davis contempt appeal |
| 9/11/15 | 0.2 | Reviewed and analyzed Davis stay motion |
| 9/14/15 | 1.0 | Conferred w co-counsel re altered marriage licenses |
| 9/14/15 | 0.7 | Edited and revised opp to stay motion and conferred w co-counsel re same |
| 9/15/15 | 1.1 | Conferred w co-counsel re next steps in litigation, injunction, civil contempt, stay opposition |
| 9/17/15 | 0.5 | Reviewed stay order and conferred w co-counsel re same |
| 9/18/15 | 0.4 | Edited and revised motion to expedite and conferred w co-counsel re same |

1

| Date | Hours | Description |
|---|---|---|
| 9/18/15 | 0.5 | Edited and revised opp to stay motion and conferred w co-counsel re same |
| 9/19/15 | 0.5 | Edited and revised motion to enforce/clarify and conferred w co-counsel re same |
| 9/21/15 | 1.2 | Conferred w co-counsel re motion to motion to enforce/clarify |
| 9/23/15 | 0.2 | Reviewed and analyzed order denying stay |
| 10/6/15 | 0.3 | Conferred w co-counsel re potential amicus briefs |
| 10/9/15 | 0.6 | Conferred w co-counsel re potential plaintiffs and amended complaint |
| 10/13/15 | 1.0 | Edited and revised opp to stay motion |
| 11/2/15 | 0.3 | Reviewed and analyzed Davis opening brief |
| 11/5/15 | 0.2 | Reviewed denial of stay motion |
| 11/9/15 | 1.0 | Conferred w co-counsel re expected changes to licenses |
| 11/13/15 | 0.3 | Reviewed and analyzed Beshear response to motion to enforce and conferred w co-counsel re same |
| 11/20/15 | 0.6 | Edited and revised reply on motion to enforce and conferred w co-counsel re same |
| 12/13/15 | 1.8 | Edited and revised 6th Cir. response brief |
| 12/28/15 | 0.2 | Reviewed executive order and correspondence re same |
| 1/19/16 | 0.3 | Reviewed and analyzed Davis reply brief |
| 2/9/16 | 0.1 | Reviewed order denying motion to enforce |
| 4/15/16 | 0.2 | Conferred w co-counsel re marriage licence bill |
| 6/14/16 | 0.2 | Conferred w co-counsel re motion to dismiss |
| 6/30/16 | 0.2 | Edited and revised response to motion to dismiss and conferred w co-counsel re same |

TOTAL 26.4

# HEATHER L. WEAVER ATTORNEY TIME RECORDS
## *Miller v. Davis*

| Date | Hours | Description |
|---|---|---|
| 8/31/2015 | 0.3 | Review Davis's emergency motion for stay & SCOTUS order |
| 8/31/2015 | 0.5 | Legal team phone call |
| 8/31/2015 | 0.5 | Phone call with clients |
| 8/31/2015 | 1 | Legal research re contempt sanctions & rel. objections |
| 9/1/2015 | 0.3 | Review and edit contempt motion |
| 9/1/2015 | 0.5 | Review and edit motio to clarify injunction |
| 9/1/2015 | 1.6 | Legal research re contempt sanctions |
| 9/2/2015 | 0.5 | Email correspondence recounting contempt research thus far |
| 9/2/2015 | 0.8 | Review and analyze Davis's motion for injunction pending appeal |
| 9/2/2015 | 0.2 | Review Davis's opposition to contempt motion |
| 9/2/2015 | 0.5 | Phone call with legal team re contempt hearing |
| 9/3/2015 | 0.3 | Call with Legal team re contempt hearing |
| 9/3/2015 | 0.6 | Email correspondence with co-counsel re contempt hearing |
| 9/4/2015 | 1.4 | Legal research regarding mootness and email correspondence re research |
| 9/4/2015 | 0.5 | Legal team call re altered marriage licenses |
| 9/4/2015 | 0.2 | Email correspondence regarding altered marriage licenses |
| 9/6/2015 | 2 | Legal research and email correspondence  re interlocutory appeals of contempt rulings |
| 9/7/2015 | 0.2 | Meeting with Dan Mach re status update filing |
| 9/7/2015 | 1 | Edit status update filing |
| 9/7/2015 | 0.2 | Email correspondence re status update filing |
| 9/7/2015 | 0.4 | Review and analyze Davis's emergency CTA6 contempt appeal |
| 9/8/2015 | 0.5 | Legal team call re status report |
| 9/8/2015 | 1 | Review and edit response to emergency CTA6 contempt appeal |
| 9/8/2015 | 0.2 | Review Beshear opposition to emergency CTA6 contempt appeal |
| 9/11/2015 | 0.3 | Review and analyze Davis second CTA6 motion to stay |
| 9/14/2015 | 1.5 | Edit opposition to CTA6 motion to stay; email correspondence re edits |
| 9/14/2015 | 1 | Legal team call re altered marriage licenses |
| 9/14/2015 | 2.6 | Legal research regarding class certification & Preliminary injunctions |
| 9/15/2015 | 1 | Call with legal team re next steps |
| 9/15/2015 | 2 | Legal research re class certification and preliminary injunction and email corr. Regarding |
| 9/16/2015 | 3.7 | Legal research re class certification and preliminary injunction and email corr. Regarding |
| 9/17/2015 | 2.1 | Legal research re class certification; email correspondence re motion |

| Date | Hours | Description |
|---|---|---|
| 9/18/2015 | 2.5 | Draft motion to expedite class certification and circulate to team via email |
| 9/18/2015 | 2.5 | Consultation with co-counsel re motion to expedite; revise motion; file |
| 9/18/2015 | 1 | Review and revise opposition to renewed CTA6 motion to stay injunction; email corr. Regarding |
| 9/19/2015 | 2.9 | Edit motion to enforce/clarify; circulate edits to legal team |
| 9/21/2015 | 1.2 | Legal team calls re motion to enforce/clarify |
| 9/21/2015 | 5.5 | Revise and edit motion to enforce/clarify; consult with team re draft; reconcile edits; file |
| 9/23/2015 | 0.2 | Review and analyze district court order denying motion to stay |
| 9/24/2015 | 0.1 | Email correspondence re plaintiffs and SCOTUS review |
| 10/9/2015 | 0.6 | Legal team call re potential plaintiffs and amended complaint |
| 10/13/2015 | 2.5 | Legal research for and revision of opposition to Davis's10-2 stay motion |
| 10/23/2015 | 1 | Review and edit motion to reopen class certification; email correspondence regardind |
| 11/5/2015 | 0.3 | Review CTA6 denial of motion to stay injunction |
| 11/13/2015 | 0.3 | Review and analyze Beshear's response ot motion to enforce & related correspondence |
| 11/20/2015 | 0.5 | Review draft reply in support of motion to enforce |
| 11/30/2015 | 1.6 | Review proposed CTA6 brief argument relating to contempt & RFRA; conduct legal research; consult with Dan Mach |
| 11/30/2015 | 0.1 | Email correspondence regarding request for oral argument |
| 12/1/2015 | 2.8 | Conduct legal research re RFRA & contempt & revise CTA6 argument section |
| 12/11/2015 | 1.3 | Review draft of CTA6 brief |
| 12/12/2015 | 3.5 | Review and edit 6th Circuit brief |
| 12/13/2015 | 3 | Review and edit 6th Circuit brief |
| 12/15/2015 | 1.5 | Review and edit next version of draft CTA6 brief |
| 12/16/2015 | 2.5 | Proofread brief, make final edits, finalize text |
| 12/28/2015 | 0.2 | Review executive order & email correspondence regarding |
| 1/12/2016 | 0.2 | Review response to notice of supplemental authority |
| 1/19/2016 | 0.3 | Review Davis's CTA6 reply brief |
| 2/9/2016 | 0.2 | Review denial of motion to enforce |
| 6/17/2016 | 0.2 | Review draft of 28j letter |
| 8/24/2016 | 2.5 | Legal research re vacatur, edit memo re vacatur in light of mootness |

**Total**       70.4