UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

CIVIL ACTION NO. 15-44-DLB

APRIL MILLER, et al.,                                                                                              PLAINTIFFS,

V.                       RECOMMENDED DISPOSITION
                           AND ORDER

KIM DAVIS, et al.,                                                                                           DEFENDANTS.

This matter is before the Court on the Plaintiffs' Motion for Attorney Fees. [R. 183]. Fully briefed, the matter is ripe for review.

FACTUAL BACKGROUND

On June 26, 2015, the United States Supreme Court decided <u>Obergefell v. Hodges</u>, 135 S.Ct. 2484 (2015), holding that states are constitutionally required to recognize same-sex marriage. Based upon her belief that Kentucky's marriage license form, as it then existed, served as her personal endorsement of same-sex marriage, Rowan county Clerk Kim Davis announced that the Rowan County Clerk's Office would no longer issue marriage licenses to any couples.

On July 2, 2015, the Plaintiffs, four same sex couples residing in Rowan County, Kentucky, filed a Civil Rights Complaint against Rowan County, Kentucky and Davis, in her individual and official capacities, alleging that her policy of refusing to issue marriage licenses to applicants who were otherwise legally permitted to marry violated their constitutional rights under the First and Fourteenth Amendments to the United States Constitution. [R. 1]. In their complaint, the plaintiffs sought certification of the matter as a class action; preliminary and permanent injunctive relief barring any future refusal to issue marriage licenses to qualified couples; a declaratory judgment finding that Davis' practice was facially unconstitutional under the First and Fourteenth

Amendments; trial by jury and damages, including punitive damages, as well as costs and any additional relief to which they might be entitled. [R. 1].

The Court convened hearings and ultimately issued a preliminary injunction, enjoining Davis, in her official capacity as the Rowan County Clerk from applying her "no marriage licenses" policy to future marriage license requests submitted by the Plaintiffs to this action. [R. 43]. Specifically, the Court reasoned that: first, the Plaintiffs had demonstrated a strong likelihood of success on the merits of their claims. The District Court recognized that the U.S. Supreme Court has identified the right to marry as a fundamental interest subject to Fourteenth Amendment protection in Loving v. Virginia, 388 U.S. 1, 12 (1967); and in Obergefell v. Hodges, 135 S.Ct. 2584, 2604-05 (2015), a right shared by same-sex couples. The Court then analyzed Davis' refusal to issue any marriage licenses under a heightened scrutiny analysis, as her policy significantly interfered with the exercise of a fundamental right, to consider whether that policy was supported by important state interests and was closely tailored to effectuate only those interests, under Zablocki v. Redhail, 434 U.S. 374, 388 (1978). In doing so, the Court found that her policy of refusing to issue marriage licenses likely infringed upon the Plaintiffs' rights without serving a compelling state interest. Second, the District Court found that because the Plaintiffs established that Davis' policy would result in a deprivation of a constitutional right, irreparable harm would follow. Third, the Court concluded that Davis was unlikely to suffer a violation of her free speech or free exercise rights if an injunction issued, and fourth, the public interest would be served by issuing an injunction, because Davis' policy likely infringed upon Plaintiffs' fundamental right to marry, and Davis herself was unlikely to suffer a violation of her own free speech or free exercise rights if an injunction is issued.

In issuing the injunction under this analysis, the Court considered the evidence offered at the hearings and determined that, because as county clerk she is subject to very little oversight by the Rowan County Fiscal Court, and the state of Kentucky has "absolute jurisdiction over the regulation of the institution of marriage" . . . "Davis likely acts for the State of Kentucky, and not as a final policymaker for Rowan County, when issuing marriage licenses." [R. 43]. In doing so, the District Judge reasoned that the Free Exercise Clause of the United States Constitution did not excuse Davis from issuing marriage licenses because of a religious objection to same-sex marriage. [R. 43].

Davis, however, continued to disregard the Court's ruling, directing her employees to deny marriage licenses to qualified applicants. The Court found her to be in civil contempt for failing to comply with the preliminary injunction, and remanded her to custody. However, her deputy clerks agreed to comply with the preliminary injunction and subsequently issued marriage licenses to qualified applicants. The Court later released Davis from custody, ordering that she not interfere with her deputy clerks in the performance of their duties issuing marriage licenses to qualified applicants. Davis sought a stay of that order, a request which was denied.

Although Davis appealed the ruling, the appeals and the claims asserted in this action were dismissed as moot and the injunction vacated, when it was apparent that Kentucky Senate Bill 216, which removed the name of the County clerk from marriage license forms, would take effect before the Sixth Circuit was scheduled to hear oral argument in the case. [R. 181]

Now before the Court is the Plaintiffs' Motion for Attorney Fees, in which they seek an award of attorney fees in the amount of $231,050.00, and costs of $2,008.08, for a total award of $233,058.08, for work performed in the action. [R. 183]. Having been fully briefed, the matter is ripe for review.

DISCUSSION

To resolve the pending motion requires the Court to consider first whether the Plaintiffs are prevailing parties within the meaning of 42 U.S.C. § 1988(b), which allows a reasonable attorney fee award to the prevailing party in any action brought to enforce a provision of § 1983. Specifically, the issue is whether the order granting the Plaintiffs preliminary injunctive relief alone is enough to confer upon them "prevailing party" status, although the injunction was vacated and the claims asserted in this case and in the appeal were dismissed as moot.

For guidance on this issue, the Court looks to McQueary v. Conway, 614 F.3d 91 (6th Cir. 2010). In McQueary, the plaintiff, a protestor challenging the validity of a Kentucky law placing limits on protests at military funerals, obtained a preliminary injunction from the United States District Court enjoining enforcement of the laws. Like the instant matter, an appeal followed, which was then dismissed as moot after the state repealed portions of the laws at issue. The plaintiff's motion for an award of attorney fees under 42 U.S.C. § 1988, was denied. After an appeal and remand for further consideration of the attorney fee issue, the Court again denied the request for fees.

McQueary provides instruction on the analysis employed in determining whether a party is a prevailing party within the meaning of 42 U.S.C. § 1988(b). The Court recognized that the preliminary nature of relief granted in a preliminary injunction does not by itself always justify denying an award of attorneys fees. Id. at 600. In doing so, the court recognized that in some cases attorneys fees may be in order, for example in circumstances in which a preliminary injunction does not merely induce a party to make a voluntary change, but rather compels action or inaction that resolves the matter by giving the plaintiffs all they asked for. See Young v. City of Chicago, 202

F.3d 1000, 1000 (7th Cir. 2000) (awarding fees to protestors who obtained a preliminary injunction to protest at the 1996 Democratic National Convention, which was the only relief sought); Watson v. County of Riverside, 300 F.3d 1092, 1095-96 (9th Cir. 2002) (preliminary injunction irrevocably excluded an unconstitutionally obtained report from an administrative hearing.); Thomas v. Nat'l Sci. Found., 330 f.3d 486, 493, 356 U.S. App. D.C. 222(D.C. Cir. 2003) (plaintiff sought to delay enforcement of a statute until a particular event occurred.).

However, the Court also instructed that other considerations may not support an award of fees where a preliminary injunction does not establish prevailing party status due to the injunction being "reversed, dissolved, or otherwise undone by the final decision in the same case." Id. at 600, citing Sole v. Wyner, 551 U.S. 74, 83 (2007). "When a case becomes moot, courts often vacate their earlier rulings on the theory that a ruling should not stand when the party opposing it is deprived of a chance to obtain a final ruling on the issue or to seek appellate review of it – due to events outside of the party's control, such as the defendant's voluntary cessation of conduct." Id. at 600, citing Alvarez v. Smith, 558 U.S. , 130 S.Ct. 576, 581, 175 L. "Ed. 2d 447 (2009); United States v. Munsingwear, Inc., 340 U.S. 36 (1950); cf. U.S. Philips Corp. V. KBC Bank N.V., 590 F.3d 1091, 1093-94(9th Cir. 2010). Thus, "when a claimant wins a preliminary injunction and nothing more, that usually will not suffice to obtain fees under § 1988". Id. at 604.

In this case, the Court must consider the instant motion for attorneys fees in light of the relief both sought and ultimately obtained by the Plaintiffs in this action. Consideration of these matters leads to the conclusion that the Plaintiffs are not "prevailing parties" within the meaning of § 1988, and are therefore not entitled to an award of attorneys' fees.

In this action, the Plaintiffs did not merely seek a preliminary injunction to allow all qualified

5

applicants to receive marriage licenses, and their claims for relief did not become moot because the preliminary injunction granted them all the relief they sought. In fact the Plaintiffs also sought permanent injunctive relief enjoining the Defendants from enforcing Davis' policy of denying the marriage licenses to all qualified applicants; certification of the matter as a class action; a declaratory judgment finding that Davis' practice was facially unconstitutional under the First and Fourteenth Amendments; trial by jury and damages, including punitive damages, as well as costs and any additional relief to which they might be entitled. [R. 1]. Clearly, the Court never granted the full and final relief they sought. This weighs in favor of finding that they were not prevailing parties in the action. In addition, the record is clear that the Plaintiffs' claims did not become moot merely because the Court granted preliminary relief or because they applied for and received marriage licenses. Rather, upon the enactment of Kentucky Senate Bill 216, which removed the name of the County Clerk from marriage license forms, [R. 181], all claims asserted in this action, including the pending appeals, were dismissed as moot, and the preliminary injunction, vacated. [R. 182]. This voluntary conduct by the state changing the marriage license forms so that the County Clerk, Kim Davis, was no longer required to sign the license, does not signal that the Plaintiffs prevailed in the action, and cannot serve as the basis for an award of attorney's fees. See Buckhannon Bd. & Car Home v. W.Va. Dep't of Health and Human Res., 532 U.S. 598, 600 (2001).

In summary, the Plaintiffs did not merely seek to obtain a marriage license, but to obtain a permanent injunction that would enjoin the Defendant from enforcing the challenged provisions as to all qualified applicants for marriage licenses. Rather, they sought other forms of relief, including damages, that were not granted. Therefore, the Plaintiffs' claim for relief did not become moot because the preliminary injunction granted all the relief they sought and there was nothing more this

6

Court could do for them. The Plaintiffs' sought permanent injunctive relief and damages, relief never granted to them. Finally, the Plaintiffs' claim for relief did not become moot when a particular event occurred such as the issuance of marriage licenses, but became moot due to a change of law. This voluntary conduct, however, cannot serve as the basis for an award of attorney's fees.

Therefore,

(1) IT IS ORDERED that the motion to strike [R. 195] is DENIED; and

(2) IT IS RECOMMENDED, that the Plaintiffs' motions for fees [R. 183] be DENIED.

Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749-750 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995).

Signed March 6, 2017.

Signed By:
Edward B. Atkins  *EBA*
United States Magistrate Judge